**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed March 14, 2005 |
| v. | ) | No. 00-169 L Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**OSAGE NATION'S STATEMENT IN SUPPORT OF ITS PROPOSED AMENDED SCHEDULING ORDER**

The Osage Nation respectfully submits the attached Proposed Amended Scheduling Order pursuant to the Court's Order of February 17, 2005, in which the Court directed the parties to file a proposal containing any necessary amendments to the discovery schedule set forth in the Court's July 22, 2004 Order. The Court further directed the parties to include in its proposal any necessary amendments to the description in the Court's July 22, 2004 Order of the first tranche of the case.

After careful consideration of the nature of this case, the current universe of documents, and the specific documents that Plaintiff has marked for production to date and the Federal Government has produced, Plaintiff proposes to amend the description of tranche 1 to include only the following two claims: (1) failure to timely deposit Plaintiff's trust funds into interest-bearing trust accounts, also referred to as "deposit lag time"; and (2) failure to collect royalties for crude oil in accordance with the oil and gas leases approved by the United States. Plaintiff also proposes that the scope of tranche 1 be limited to the time period January 1, 1972, through December 31, 1992.

Plaintiff believes that its proposed amendments to the description of tranche 1 are appropriate for several reasons. First, both of the claims included in the amended definition of tranche 1 were set forth in Plaintiff's complaint in this matter. Specifically, in paragraph 21 of its complaint, Plaintiffs detailed seven ways in which the Defendant had violated its duties to Plaintiff, including:

> c: Failure to obtain the price required to be paid to the Osage for royalty under the terms of said oil and gas leases;
>
> . . . .
>
> e. Failure to timely deposit oil and gas royalty revenue to the Osage tribal account upon receipt from producers/purchasers of minerals.

Second, Plaintiff's proposed amendments to the definition of tranche 1 are based in large part on the suggestions made by the Court during prior status conferences. In particular, in crafting its amended description, Plaintiff has focused on claims for which the exemplar documents have been identified and which constitute "low-hanging fruit." Based on the discovery to date, Plaintiff believes that both of these claims meet this test while the other claims detailed in paragraph 21 or other portions of the complaint are not as well developed by discovery to date.[1] In addition, each of the issues in trache 1 as now proposed is timely under the governing case law.[2] Thus, for these reasons, Plaintiff proposes that tranche 1 be limited accordingly.

Plaintiff also proposes that tranche 1 be limited to issues of liability on the two identified claims and that the question of damages be reserved for later proceedings. Plaintiff's proposal is

---

[1] Many of the documents necessary to these two claims have already been marked for production. As noted below, Plaintiff believes that the remaining fact discovery necessary to prepare these two claims for trial can be completed with the schedule set forth in Plaintiff's Proposed Amended Scheduling Order.

[2] *See Shoshone Indian Tribe v. United States*, 364 F.3d 1339 (Fed. Cir. 2004).

based on its belief that the liability issues involve many fewer potential factual disputes than the damage issues do. In addition, to a great extent, the calculation of damages is dependent first upon a finding of liability, and second upon the scope and definition of such liability. For these reasons, Plaintiff respectfully submits that including the question of damages in the liability phase of tranche 1, without first having a clear statement of liability, would serve no purpose and would be an inefficient use of the scarce resources of the Court and the parties.

Regarding the schedule for completion of discovery, by limiting tranche 1 to these two claims, Plaintiff's proposed amendments will significantly narrow the scope of any further fact discovery efforts and also allow Plaintiff to prioritize previously-reviewed boxes of documents for expedited production by Defendant. For these reasons, Plaintiff's redefinition of tranche 1 suggests completion of fact discovery by August 31, 2005. The remainder of the schedule proposed by Plaintiff closely tracks the time frames set forth in the Court's July 22, 2004 Order.

Dated this March 14, 2005

Respectfully submitted,

*s/Wilson K. Pipestem*

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202)419-3526
Fax: (202)659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, Plaintiff, | ) | Electronically Filed: March 14, 2005 |
| v. | ) | No. 00-169 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**OSAGE NATION'S PROPOSED AMENDED SCHEDULING ORDER**

In accordance with Rule 16(b) of the Rules of the United States Court of Federal Claims (RCFC), the Court held a telephonic status conference on the record with the parties on March 15, 2005, to review the parties' proposals to amend the schedule for discovery, and to address any outstanding issues with the parties. Further to the conference, the Court will decide this case in two tranches. The first tranche will encompass the Plaintiff's following claims for transactions from January 1, 1972 through December 31, 1992: (1) failure to timely deposit Plaintiff's trust funds into interest-bearing trust accounts, also referred to as "deposit lag time"; and (2) failure to collect royalties for crude oil in accordance with the oil and gas leases approved by the United States. In addition, the Court will bifurcate tranche one into a liability phase and a damages phase. Tranche two will encompass all outstanding issues for all other time periods.[3]

[3] The Court notes that the Federal Circuit recently decided the issue of the availability of remedies prior to 1984. *See Shoshone Indian Tribe v. United States*, 364 F.3d 1339 (Fed. Cir. 2004). The parties in that case are

The parties may conduct discovery on any issue, but shall complete discovery on the tranche one liability issues according to the following schedule:

1. Fact Discovery. All fact discovery for tranche one liability issues, including all fact depositions, shall conclude on or before August 31, 2005. In order to achieve this deadline, the parties shall make witnesses available at reasonably convenient locations and times. In addition, within 30 days after the issuance of this Order, Defendant shall serve Plaintiff with electronic copies of all non-privileged documents previously requested by Plaintiff as well as a final privilege log for any documents for which the Defendant claims privilege. In addition, within 30 days after any new request, the responding party shall provide electronic copies of any non-privileged documents as well as a complete privilege log with respect to any document for which the responding party claims privilege. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witness were then present and testifying." *See* RCFC 32(a).

2. Identification of Issues. On or before October 31, 2005, Plaintiff shall provide an identification of liability issues for tranche 1 to be resolved at trial. This statement shall include the legal authorities supporting Plaintiff's liability claims and time frames for which liability is sought to be imposed under each legal authority.

3. Dispositive Motions. On or before November 15, 2005, Defendant shall file a notice of intent to file any dispositive motions on liability, legal authorities

seeking further review of that decision in the United States Supreme Court. In the event further review occurs and affects the availability of remedies, the Court and the parties will revise this scheduling order accordingly.

supporting its position and time frames for which liability is sought to be defended under each legal authority. On or before December 15, 2005, Defendant shall file any dispositive motions.

4. Original Expert Discovery. The first round of expert discovery for tranche 1, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed on or before December 15, 2005. Plaintiff shall complete its expert reports on or before October 31, 2005. Defendant shall complete its expert reports on or before December 15, 2005.

5. Rebuttal Expert Discovery. All discovery of rebuttal experts, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed on or before January 31, 2006.

6. Expert Depositions. All depositions of experts shall be completed on or before February 28, 2006.

The scheduling of further proceedings will depend on whether dispositive motions are filed. The court will hold a telephonic status conference at 10:00 a.m. EDT on May 15, 2005.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy and inexpensive determination of this action. *See* RCFC 1.

IT IS SO ORDERED.

EMILY C. HEWITT
Judge