**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-169 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**(PROPOSED) AMENDED SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Rules of the United States Court of Federal Claims (RCFC), the Court held a status conference on the record with the parties on March 15, 2005, to review the parties' separate proposals to amend the Court's July 22, 2004 Order scheduling discovery, and to discuss any outstanding issues with the parties. This Order supersedes the July 22, 2004 Order.

The Court will decide this case in two tranches. The first tranche ("Tranche I") will consist of Plaintiff's trust fund mismanagement claims for trust fund account transactions from November 5, 1984[1] to September 30, 1995[2]. Tranche I will not include Plaintiff's 1873-1883 escrow claims, Plaintiff's Indian Claims Commission judgment claim in the 1950s, and any potential claims concerning Tribal IIM accounts. The second tranche ("Tranche II") of the case will encompass all outstanding issues for other time periods. Discovery with respect to Tranche II is not governed by this Order and shall be addressed separately by the parties and the Court after trial or settlement of Tranche I.

Defendant has stated its intention to provide Plaintiff with a statement and database of transactions by Thursday, June 16, 2005. Defendant has represented that it is compiling and providing data to Plaintiff about Plaintiff's account transactions, for the period from November 5, 1984, to September 30, 1995, and that it is doing so on a voluntary basis, to the extent feasible,

[1] This start date is six years prior to the date of enactment of the Act of Nov. 5, 1990, Pub. L. No. 101-512, Tit. I, 104 Stat. 1930 (the Department of the Interior and Related Agencies Appropriations Act of 1990). The Court notes that the Federal Circuit held that this Act and subsequent DOI appropriation Acts do not toll the statute of limitations on trust fund claims, and that they prevent trust fund claims from accruing until the claimant receives a "meaningful accounting." See Shoshone Indian Tribe v. United States, 364 F.3d 1339, 1348 (Fed. Cir. 2004). On November 24, 2004, and January 7, 2005, the parties in that case filed petitions for certiorari in the Supreme Court. In the event of no further judicial review, the Court and the parties may revise the schedule accordingly.

[2] Pursuant to 25 U.S.C. § 4044, the Secretary of the Interior has prepared a report for each tribal trust fund account that sets out a "balance reconciled as of September 30, 1995."

and for the purpose of focusing the scope of the litigation of Tranche I. Defendant has described its statement and account database as including historical transactions from the Arthur Andersen LLP Reconciliation Project and Department of the Interior ("DOI") accounting systems.[3]

The parties shall complete discovery on Tranche I issues according to the following schedule:

1. Initial Identification of Issues. In order to focus discovery efforts and to ensure that the Court has subject matter jurisdiction over Plaintiff's claims under applicable law, Plaintiff shall provide a written statement to Defendant and to the Court identifying claims and issues to be resolved at trial, on or before Thursday, April 14, 2005. The memorandum shall include the following for each trust fund mismanagement claim:

    a. A concise description of the claim;
    b. A concise factual description of specific actions or conduct supporting each claim, including a description of specific accounts and/or transactions;
    c. The date or time periods when the action or conduct occurred;
    d. A description of the nature and amount of the damages suffered;
    e. An identification of the books of account or other records the Plaintiff has relied upon, or intends to rely upon, to prove the actions or conduct; and
    f. The specific statutory and regulatory basis for each claim, including the existence of any money-mandating legal requirements.

    Plaintiff shall supplement or modify the information above in accordance with RCFC 26(e).

2. Fact Discovery. All fact discovery, including all fact depositions, shall conclude on or before Thursday, December 15, 2005. In order to achieve this deadline, the parties shall make witnesses available at reasonably convenient times and locations and times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witness were then present and testifying." See RCFC 32(a).

    a. Defendant's Document Production to Plaintiff. Document production shall proceed as follows:

        1. Plaintiff shall designate any and all boxes its desires to inspect, and make final requests for production of documents, on or before Thursday, April 14, 2005.

        2. Defendant shall start making the boxes responsive to subparagraph 2(a)(1)

[3] DOI utilized different accounting systems for different periods of time: the Arthur Andersen LLP Reconciliation statements, which were based on Interior's original ledger system (July 1, 1972 to September 30, 1993); the Trust Funds Management System (October 1, 1993-March 31, 1995); Omni Trust ES (April 1, 1995 to February 28, 1999); and the Trust Funds Accounting System (March 1, 1999 – present).

above, available to Plaintiff for its inspection, on a rolling basis, on or before Monday, May 16, 2005.

3. Plaintiff's inspection of the designated boxes and documents shall be completed, on or before Thursday, July 13, 2005.

4. Defendant shall produce the document images, designated during the May-July, 2005, inspection, to Plaintiff on a rolling basis, starting on or before Thursday, August 17, 2005, and concluding by December 15, 2005.

b. Plaintiff's Document Production to Defendant. Document production shall proceed as follows:

1. Defendant shall make final requests for production of documents on or before Thursday, April 14, 2005.

2. Plaintiff shall start making documents responsive to subparagraph 2(b)(1), available to Defendant for its inspection, on or before Monday, May 16, 2005.

3. Defendant's inspection of documents shall be completed, on or before Thursday, July 13, 2005.

4. Plaintiff shall produce the designated document images to Defendant on a rolling basis, starting on or before Thursday, August 17, 2005, unless the parties agree to an alternative arrangement whereby Defendant will image Plaintiff's responsive records.

c. Cost Sharing. The parties shall share costs for scanning and coding documents in accordance with the parties' written agreement. In the event the parties cannot agree on a cost-sharing arrangement, the parties shall inform the Court so that the Court can schedule a briefing on cost-sharing, if the Court deems it appropriate.

3. Dispositive Motions. The parties shall file any dispositive motions on or before Thursday, March 30, 2006.

4. Expert Discovery. The first round of expert discovery, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed according to the following schedule.

a. If the parties file dispositive motions, then they shall complete their expert discovery within 120 days after the Court rules on the dispositive motions. Plaintiff shall complete its expert reports within 60 days after the Court rules on the dispositive motions, and Defendant shall complete its expert reports within 120 days after the Court rules on the dispositive motions.

b. If the parties do not file dispositive motions, then they shall complete their expert discovery by Friday, July 28, 2006. Plaintiff shall complete its expert reports by Monday, May 29, 2006, and Defendant shall complete its expert report by Friday, July 28, 2006.

5. Expert Depositions. All depositions of experts shall be completed within 30 days after Defendant produces its expert reports to Plaintiff.

6. Post-Discovery Conference. A post-discovery conference will be conducted within 30 days after the conclusion of expert discovery to address the matters specified in RCFC Appendix A ¶ 11.