**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Electronically Filed<br>March 23, 2005<br><br>No. 00-169 L<br>Judge Emily C. Hewitt |

**OSAGE NATION'S STATEMENT IN SUPPORT OF ITS REVISED PROPOSED AMENDED SCHEDULING ORDER**

In accordance with the Court's Orders of March 16, 2005 and March 18, 2005, the Osage Nation respectfully submits the attached revised Proposed Amended Scheduling Order. This revised proposal reflects the suggestions and guidance that the Court gave the parties during the March 15, 2005 status hearing, as well as the requirements set forth in the Court's March 16, 2005 Order. As discussed below, the Osage Nation believes that its revised proposal permits the Court to have a trial next winter on all of the Nation's claims with respect to a representative sample of oil and gas leases and time periods.

## I. Background

On February 17, 2005, the Court issued an Order directing the parties to file a proposal containing any necessary amendments to the discovery schedule set forth in the Court's July 22, 2004 Order. The Court further directed the parties to include in their proposals any necessary amendments to the description in the Court's July 22, 2004 Order of the first tranche of the case.

On March 14, 2005, and pursuant to the February 17, 2005 Order, the parties filed separate proposed amendments to the July 22, 2004 Scheduling Order in this case. The Osage

Nation's March 14, 2005 proposal focused on resolving the two issues of deposit lag time and valuation of crude oil for the period 1972 through 1992. The Federal Government's March 14, 2005 proposal focused on resolving transactions in a single trust account for the period 1984 through 1995. Each proposal was discussed with the Court during a conference held on March 15, 2005.

During the conference, the Court expressed the view that the definition of tranche one in each proposal was probably too broad and too wide to get to trial next winter.[1] The Court also suggested that the parties attempt to come up with new proposals that would meet that timetable. In order to assist the parties in that task, the Court made a number of suggestions and observations. In particular, the Court suggested that tranche one should go from "soup to nuts to after-dinner peanuts to mints" with respect to one part of the case, however small.[2] The Court also encouraged the parties to develop a "perspective that uses a single evidence set once."[3] The Court further noted that the time frame for the revised proposal should be "very close to existing time frames, if not the existing time frame," particularly with respect to the Nation's statement of claims.[4]

As one possible example of a revised definition of tranche one, the Court discussed the possibility of looking at all the claims involving several oil and gas leases for a specified period of time. Counsel for the Government summarized that proposal in the following manner:

> Am I to understand that what you might be suggesting is perhaps take some leases in oil and follow that flow, and whatever

[1] Transcript of March 15, 2005 Hearing ("Tr.") at 9.
[2] *Id*. at 9, 11.
[3] *Id*. at 9.
[4] *Id*. 10-11.

> claims might come up in that flow should be in Tranche I for a limited period or a limited set of leases or resources?[5]

In response, the Court noted that the Government's description sounded like a "potentially coherent alternative that would have a potentially high training value for everyone that had anything to do with this case" and "would kick out one data set completely."[6]

Pursuant to the telephonic status conference, the Court issued its March 16, 2005 Order, which directed the parties to file a joint proposal of amendments to the description of the first tranche of the case and to the discovery schedule set out in the Court's Order of July 22, 2004, or separate proposals in the event the parties were unable to agree on a joint proposal. The March 16, 2005 Order further provided that any such proposals should provide a definition of tranche one that would allow the Court to resolve both the liability and damages portion of a definable segment of the case. Furthermore, the March 16, 2005 Order directed the parties to include revisions to the discovery schedule in their proposals that would allow, with respect to tranche one, the Nation's statement of legal bases on which it relied to be filed in the spring of 2005, the conclusion of discovery to occur in the spring or early summer of 2005, the filing of dispositive motions and the completion of all dispositive motion briefing in the summer of 2005, pretrial filings in the fall of 2005, and trial in the winter of 2005-2006.

Pursuant to an informal telephonic status conference, the Court then issued the March 18, 2005 Order, which amended the March 16, 2005 Order by giving the parties until March 23, 2005 to file their proposals.

---

[5] *Id*. at 16.
[6] *Id*.

## II. The Osage Nation's Revised Proposed Amended Scheduling Order

Based on the suggestions and guidance given at the March 15, 2005 conference, the Osage Nation has prepared a revised Proposed Amended Scheduling Order, which is attached. As revised, the Nation proposes that tranche one be limited to all claims involving a representative sample of five leases during the six months of January 1976, May 1979, November 1980, February 1986, July 1989, and October 1990.[7] Thus, this set of issues would include not only claims based on the Government's failure to collect amounts due under the existing provisions of those leases but also claims based on the Government's failure to invest these funds in a timely manner. In addition, this set of issues would include claims based on the Government's failure to invest these funds properly while they were held in trust or disburse these funds properly from the trust accounts to their rightful owners, including the Nation. Finally, under its revised amendments, the Nation proposes that the date for its statement of claims remain at May 12, 2005 as set forth in the July 22, 2004 Scheduling Order. The Nation's other proposed deadlines have been established so that the Court can hold a trial on the issues in tranche one next winter, *i.e.*, sometime in period from December 2005 to March 2006.

## III. Discussion

### A. The Osage Nation's Revised Proposed Amended Scheduling Order Fulfills the Requirements and Objectives of the Court's March 16, 2005 Order

The Osage Nation respectfully submits that its proposed revision to the definition of tranche one is fully consistent with the suggestions and guidance provided by the Court at the March 15, 2005 hearing and the requirements of the March 16, 2005 Order. First, the Nation's proposal allows the parties to identify a single evidence set, which consists of all documents

[7] The Osage Nation is and always has been willing to discuss with the Government the definition of an appropriate representative sample of leases and time periods for tranche one. The Government, however, has been unwilling to discuss this issue with the Nation.

relating to the specified leases for the specified months, and which constitutes a representative sample of oil and gas leases on the Osage Reservation during a representative time period. Then, under the Nation's proposal, the parties would take this single data set and apply a "soup to nuts to after-dinner peanuts to mints" approach that would encompass all claims stemming from this data set. As a result, the Court's analysis of this data set consisting of these leases for these time periods would be complete, and neither the Court nor the parties would need to revisit the data set again. Thus, the Nation's proposed definition allows the Court to complete a cognizable segment of the case and to eliminate this data set from future proceedings.

Second, Nation's proposed definition maximizes the learning curve of bringing tranche one to trial by increasing its value for later segments of the case and allowing the Court to make a determination on all important legal issues early in the proceeding. By including all legal claims pertaining to the specified leases for the relevant months, the proposed definition of tranche one would require the parties to identify all sources of legal obligations involved and to address any and all purely legal issues arising therefrom. This would allow the Court to efficiently decide all such issues at the same time and then apply those same determinations to later segments of the case.

Third, and also addressing the Court's concerns regarding the schedule for tranche one, Nation's proposed amendments will sufficiently narrow the scope of tranche one to allow the parties to maintain a schedule that is as similar as possible to the Court's July 22, 2004 Scheduling Order. Specifically, by focusing on a single, narrow data set, Nation's definition will allow the parties to focus their discovery efforts and complete fact discovery by early spring or summer. In addition, this narrow definition will allow the Nation to provide a complete statement of issues and the legal bases for each claim by the spring of 2005, which will in turn

allow for briefing on the question of whether the Nation's bases for relief are "money-mandating" by the end of the summer of 2005. Finally, the narrow definition contained in Nation's proposal will allow the Court to complete by the winter of 2005 a "soup to nuts to after-dinner peanuts to mints" trial on all issues in tranche one.

### B. The Government's Revised Proposed Amended to Scheduling Order Fails to Fulfill the Requirements and Objectives of the Court's May 16, 2005 Order

In contrast, the revised proposal that Federal Government has discussed with the Osage Nation fails to meet the requirements and goals of the Court's March 16, 2005 Order in several ways.[8] Under that proposal, Nation seeks to limit tranche one to a single trust account for a limited, unrepresentative time period. The Government also proposes to exclude from tranche one any claim that the Government failed to collect amounts due under existing oil and gas leases, one of the central claims in the Nation's complaint.[9]

The Court should reject the Government's proposal for a number of independent reasons. Most importantly, the Government's proposal ignores the requirement that tranche one contain a "soup to nuts to after-dinner peanuts to mints" treatment of at least one segment of this case. Rather than tracing the money from time it first enters the trust system until the time it finally leaves the trust system, the Government focuses on only some collections under existing oil and gas leases and then for only a portion of the time that those funds were held in trust. By so doing, the Government's proposal ignores several central issues in this case, including whether the Government collected the proper amount due under existing oil and gas leases and whether

[8] The Osage Nation has not seen the revised proposal that the Government will actually file with the Court. However, during the discussion over the proposal that the government did provide to the Nation, the Government informed the Nation on several occasions that it would not consider any material modifications to the Government's proposal.

[9] See the Osage Nation's Complaint at Paragraph 21(c). The parties have referred to this issue as the collections issue.

the Government properly invested funds it did collect when they were in other trust accounts before they were transferred to the one account the Government is willing to examine.[10] In short, the Government's proposal would start and stop with the "mints" and ignore the "soup," "nuts," and "after-dinner peanuts."

Second, the Government's proposal would require the parties to revisit the data set in tranche one on several more occasions. For example, once the collection issue is addressed, the Nation may be able to demonstrate that the one trust account the Government wishes to examine in tranche one should have had additional funds in it. In those circumstances, the Nation would then have the opportunity to argue that the Government's investment decisions were incorrect because they were based on the funds the Government *actually* collected rather than the funds the Government *should* have collected under existing oil and gas leases. In short, the Court and the parties would necessarily be forced to reexamine for a second time all of the investment decisions concerning the one trust account the Government is willing to put in tranche one. Once the other trust funds are addressed, the investments issues would have to be revisited for a third time.

Third, the Government's proposal does not set forth a representative sample of the issues raised in this case as a whole. Specifically, by limiting the time period to January 1, 1995 to February 28, 1999, the Government seeks to have the parties litigate the important legal issues based upon a time period that occurs after the adoption of the American Indian Trust Reform Management Act of 1994 and after the involvement of outside parties in the management of the Osage trust. Using this time frame as a template for the remaining issue in the case will not

[10] For example, based on the discovery to date, it appears that leases bonuses and rentals are deposited and held in a tribal IIM trust account for a period of time before they are transferred to the one trust account the Government is willing to examine. By ignoring these other trust accounts, the Government's proposal prevents the Court from reaching a final decision on any segment the Nation's investment claims.

reflect the complex legal and factual issues that are involved in earlier time periods and will not result in a template that can be applied to any other portions of this case. Thus, under the Government's proposal, tranche one would have very little learning value and would not result in an efficient use of the Court's or the parties' resources. In contrast, the Nation's proposal will address all of the significant legal issues that could arise from any given lease and will do so for a sampling of time that is much more representative of the case as a whole.

Finally, the Government's proposal is very misleading in one respect. According to the Government, there are only a limited number of transactions in its revised definition of tranche one, suggesting that the Court's time limits can be easily met. In reality, each "transaction" in the Government's proposal is a summary of hundreds if not thousands of other transactions involving the thousands of leases on the Osage Reservation. Given the discovery to date, the Nation cannot agree that those transactions can be examined within the time limits the Court requires. Thus, the Government's revised definition of tranche one is still too broad in at least one respect.

**C. Osage Nation's Response to Government's Purported Concerns with the Nation's Revised Proposed Amended Scheduling Order**

During recent discussions over the Nation's proposal and during the March 15, 2005 telephonic status conference, the Government raised several purported concerns with the Nation's proposal to include the collections issue in tranche one. According to the Government, those issues "really would belong" in another case that the Nation has pending in this Court.[11] Nation also apparently believes that the collection issue is time barred under the decision in *Shoshone Indian Tribe of the Wind River Reservation v. United States*, 364 F.3d 1339 (Fed. Cir.

[11] *Id*. at 32.

2004).[12] Finally, the Government apparently believes that inclusion of these issues will make tranche one too complex.

In the Nation's view, all of those objections are meritless. As noted above, it is simply impossible to have a complete resolution of any segment of this case unless the collection issue is included with respect to a representative sample of oil and gas leases for a representative time period. In addition, the Government's concern about what may happen in another case at some undefined point in the future seems somewhat disingenuous since the Government has made no effort to consolidate these cases and in fact successfully opposed the Nation's effort to consolidate these cases.

Second, the Government's analysis of *Shoshone* is faulty. The collection issue that Nation has proposed to include in tranche one only includes money the Government failed to collect under existing oil and gas leases, an issue that is clearly timely under the holding of *Shoshone*. Thus, Government's concern is baseless.

Finally, the Government's timing concerns are also meritless. The Nation believes that its revised definition of tranche one to include claims involving five representative leases during six months meets the Court's timing concerns. While it apparently disagrees, the Government repeatedly refused to discuss with the Nation an appropriate revision to that definition that would satisfy the Government's concerns. Thus, the Government's objections should be rejected.

For the foregoing reasons, the Court should adopt the Nation's Proposed Amended Scheduling Order.

Dated this March 23, 2005 Respectfully submitted,

[12] *Id*. at 30-31.

*s/Wilson K. Pipestem*

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202)419-3526
Fax: (202)659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed: March 23, 2005 |
| v. | ) | No. 00-169 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**OSAGE NATION'S PROPOSED AMENDED SCHEDULING ORDER**

In accordance with Rule 16(b) of the Rules of the United States Court of Federal Claims (RCFC), the Court held a telephonic status conference on the record with the parties on March 24, 2005, to review the parties' proposals to amend the schedule for discovery, and to address any outstanding issues with the parties. Further to the conference, the Court will decide this case in two tranches. The first tranche will encompass the Plaintiff's claims for a representative sample of five oil and gas leases for the following six months: January 1976, May 1979, November 1980, February 1986, July 1989, and October 1990. Tranche two will encompass all outstanding issues for all other time periods.[13]

The parties may conduct discovery on any issue, but shall complete discovery on the tranche one issues according to the following schedule:

[13] The Court notes that the Federal Circuit recently decided the issue of the availability of remedies prior to 1984. *See Shoshone Indian Tribe v. United States*, 364 F.3d 1339 (Fed. Cir. 2004). The parties in that case are seeking further review of that decision in the United States Supreme Court. In the event further review occurs and affects the availability of remedies, the Court and the parties will revise this scheduling order accordingly.

1. Fact Discovery. All fact discovery for tranche one issues, including all fact depositions, shall conclude on or before July 31, 2005. In order to achieve this deadline, the parties shall make witnesses available at reasonably convenient locations and times. In addition, within 30 days after the issuance of this Order, Defendant shall serve Plaintiff with electronic copies of all non-privileged documents previously requested by Plaintiff as well as a final privilege log for any documents for which the Defendant claims privilege. In addition, within 30 days after any new request, the responding party shall provide electronic copies of any non-privileged documents as well as a complete privilege log with respect to any document for which the responding party claims privilege. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witness were then present and testifying." *See* RCFC 32(a).

2. Identification of Issues. On or before May 12, 2005, Plaintiff shall provide an identification of issues for tranche 1 to be resolved at trial. This statement shall include the legal authorities supporting Plaintiff's claims and time frames for which liability is sought to be imposed under each legal authority.

3. Dispositive Motions. On or before May 27, 2005, Defendant shall file a notice of intent to file any dispositive motions on tranche 1 issues, legal authorities supporting its position and time frames for which claims are sought to be defended under each legal authority. On or before June 12, 2005, Defendant shall file any dispositive motions on tranche 1 issues.

4. Original Expert Discovery. The first round of expert discovery for tranche 1, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed on or before September 15, 2005. Plaintiff shall complete its expert reports on or before September 1, 2005. Defendant shall complete its expert reports on or before September 15, 2005.

5. Rebuttal Expert Discovery. All discovery of rebuttal experts, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed on or before November 1, 2005.

6. Expert Depositions. All depositions of experts shall be completed on or before November 30, 2005.

The scheduling of further proceedings will depend on whether dispositive motions are filed. The court will hold a telephonic status conference at 10:00 a.m. EDT on April 15, 2005.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy and inexpensive determination of this action. *See* RCFC 1.

IT IS SO ORDERED.

EMILY C. HEWITT
Judge