**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-169 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**<u>(SECOND PROPOSED) AMENDED SCHEDULING ORDER</u>**

Pursuant to Rule 16(b) of the Rules of the United States Court of Federal Claims (RCFC), the Court held a status conference on the record with the parties on March 24, 2005, to review the parties' separate proposals to amend the Court's July 22, 2004 Order scheduling discovery, and to discuss any outstanding issues with the parties. This Order supersedes the July 22, 2004 Order.

The Court will decide this case in two tranches. The first tranche ("Tranche I") will consist of all of Plaintiff's trust fund mismanagement claims related to the transactions in Account # PL7386706 and its predecessor Account # 7386, for the period January 1, 1995, to February 28, 1999. Tranche I will not include Plaintiff's claim that Defendant did not collect the proper royalty amount on oil or gas produced and sold from lands held in trust by the Defendant for the benefit of Plaintiff; Plaintiff's claims related to the amount of production or price obtained; Plaintiff's Indian Claims Commission judgment claim in the 1950s; any potential claims concerning Tribal IIM accounts; or any of Plaintiff's trust fund mismanagement claims related to transactions outside the delineated time-frame or account. The second tranche ("Tranche II") of the case will encompass all outstanding issues for other accounts and time periods. Discovery with respect to Tranche II is not governed by this Order and shall be addressed separately by the parties and the Court after trial or settlement of Tranche I.

The parties shall adhere to the following schedule for Tranche I:

1. <u>Initial Identification of Issues</u>. In order to focus discovery efforts and to address whether the Court has subject matter jurisdiction over Plaintiff's claims under applicable law, by April 14, 2005, Plaintiff shall provide a written statement to Defendant and to the Court identifying claims and issues to be resolved at trial. The memorandum shall include the following for each trust fund mismanagement claim:

a. A concise description of the claim;

b. The specific statutory and regulatory basis for each claim, including the existence of any money-mandating legal requirements.

2. Fact Discovery. By July 21, 2005, the parties shall complete all fact discovery, including all fact depositions. In order to achieve this deadline, the parties shall make witnesses available at reasonably convenient times and locations. The parties are reminded that the rules of the Court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witness were then present and testifying." See RCFC 32(a). The parties, by written agreement, may modify the interim document production and inspection deadlines below without further order of the Court. Any proposed modification to document production deadlines that could reasonably be anticipated to result in an extension of the July 21, 2005 deadline, shall be made only by further order of this Court and only if justice so requires.

a. Defendant's Document Production to Plaintiff. Document identification and production for Tranche I shall proceed as follows:

i. By April 1, 2005, Plaintiff shall identify the priority boxes related to the issues in Tranche I from those boxes that it has already inspected and from which it has not received images.

ii. By April 29, 2005, Defendant shall begin producing the document images that Plaintiff has previously identified for imaging in the priority boxes specified pursuant to subparagraph 2(a)(i) above. Production of the document images shall be complete by July 1, 2005.

iii. By April 1, 2005, Plaintiff shall designate any and all additional boxes for inspection, and make final requests for production of documents.

iv. By April 18, 2005, Defendant shall start making the boxes responsive to subparagraph 2(a)(iii) above, available to Plaintiff for its inspection, on a rolling basis.

v. By May 6, 2005, Plaintiff shall complete its inspection of the designated boxes and documents.

iv. By May 12, 2005, Defendant shall begin producing the document images, designated during Plaintiff's April-May, 2005, inspection. Production of the document images shall be complete by July 1, 2005.

b. Plaintiff's Document Production to Defendant. Document production shall proceed as follows:

i. By April 1, 2005, Defendant shall make final requests for production of documents.

ii. By April 18, 2005, Plaintiff shall start making documents responsive to subparagraph 2(b)(1), available to Defendant for its inspection

iii. By May 6, 2005, Defendant shall complete its inspection of documents.

iv. By May 12, 2005, Plaintiff shall begin producing the designated document images to Defendant. Production of the document images shall be complete by July 1, 2005. The parties may agree to an alternative arrangement whereby Defendant will image Plaintiff's responsive records.

c. Cost Sharing. The parties shall share costs for scanning and coding documents in accordance with the parties' written agreement. In the event the parties cannot agree on a cost-sharing arrangement, the parties shall inform the Court so that the Court can schedule a briefing on cost-sharing, if the Court deems it appropriate.

3. Additional delineation of Plaintiff's Claims. By August 1, 2005, Plaintiff shall provide a written statement to Defendant and to the Court further specifying its claims and issues to be resolved at trial. The memorandum shall include the following for each trust fund mismanagement claim:

a. A concise factual description of specific actions or conduct supporting each claim, including a description of specific transactions;
b. The date or time periods when the action or conduct occurred;
c. A description of the nature and amount of the damages suffered;
d. An identification of the books of account or other records the Plaintiff has relied upon, or intends to rely upon, to prove the actions or conduct; and
e. The specific statutory and regulatory basis for each claim, including the existence of any money-mandating legal requirements.

4. Expert Discovery. By September 1, 2005, the first round of expert discovery, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed. By August 1, 2005, Plaintiff shall complete its expert reports. By September 1, 2005, Defendant shall complete its expert reports.

5. Expert Depositions. By September 30, 2005, all depositions of experts shall be completed.

6. Dispositive Motions. By October 15, 2005, the parties shall file any dispositive motions.

7. Meeting of Counsel. The parties shall meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibits and witness lists, on or before Thursday, November 10, 2005.

8. Memorandum of Contentions of Fact and Law. In accordance with RCFC Appendix A ¶ , by November 24, 2005, Plaintiff shall file its Memorandum of Contention of Fact and Law. By December 22, 2005, Defendant shall file its responsive Memorandum. Each Memorandum shall

be accompanied by witness lists and exhibit lists and any motions contemplated by Appendix A ¶¶ 14-16. Any objection to a witness or exhibit not made in the Memorandum or a separate motion filed on the same date will, if the objection is of a type that could reasonably have been identified at the time of such filing, be deemed waive absent a showing of a compelling reasons for the failure. By December 22, 2005, Defendant will file its responses to any motions filed by Plaintiff with its Memorandum. By January 3, 2005, Plaintiff will file its responses to any motions filed by Defendant.

9. Pretrial Conference. The pretrial conference will be held on January 12, 2006 at 9:00 a.m. at the National Courts Building, 717 Madison Place, N.W., Washington, DC 20005. The parties shall bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding. The parties shall prepare and deliver at the pretrial conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules.

10. Trial. Trial will be held on Tuesday through Friday, January 31-February 3, 2006, and on Tuesday through Wednesday, February 7-8, 2006. Trial will begin at 9:00 a.m. on each day at a location to be determined by further order of the Court.