26. Defendant has breached its fiduciary duty to Plaintiff by failing to make demand on and collect from the purchasers of Osage oil for similar royalty underpayments as the MMS has collected for the United States under the same circumstances.

## SECOND CAUSE OF ACTION

**Breach of Fiduciary Duty in Failing to Market Osage Oil at Market Price to the Detriment of Plaintiff**

The Osage incorporate all factual allegations hereinabove stated, and hereby further state as follows:

27. Located at Cushing, Oklahoma, a short distance from the Osage mineral estate, is a public oil market readily accessible to the United States at which the United States could have marketed and or caused the oil produced from Osage Lands to be marketed to the credit of the Osage at a higher price than received.

28. The United States knew that federal regulations provided for storage of Osage oil at no cost, at or near the Cushing distribution center, to facilitate the marketing of said oil.

29. The United States knew that a higher price was available.

30. The United States breached their fiduciary duty to the Osage by failing to either market, facilitate the marketing or cause the Osage oil to be marketed at the highest price readily available and/or by failing to comply with its own regulations in the sale of Osage oil to the detriment of the Osage.

## THIRD CAUSE OF ACTION

**Breach of Fiduciary Duty by Failing to Pass Legislation and/or Promulgate Regulations which Would Maximize the Benefit of the Osage Mineral Estate to Plaintiff**

The Osage incorporate all factual allegations hereinabove stated, and further state as follows:

31. The United States has enacted legislation (supra) and the Secretary issued regulations (supra) governing the sale of Osage oil, but said legislation and regulations were not promulgated to maximize the value of the Osage mineral estate.

32. The United States breached its fiduciary duty to the Osage by failing to enact legislation and/or draft regulations governing the sale of Osage oil so that the Osage would receive the maximum benefit from the minerals produced from their lands.

## FOURTH CAUSE OF ACTION

**Breach of Fiduciary Duty by Failing to Promulgate Oil Lease Forms Which Would Maximize the Benefit of the Osage Mineral Estate to Plaintiff**

The Osage incorporate all factual allegations hereinabove stated, and further state as follows:

33. The United States has assumed responsibility for and made a mandatory form of oil lease which must be has been used by persons leasing Osage minerals.

34. The lease form promulgated by the United States to lease Osage minerals for oil exploration fails to contain safeguards to maximize the value of oil production to the Osage.

35. The failure of the United States to promulgate an oil lease form containing additional provisions to maximize the royalty revenue received by the Osage is a breach of its fiduciary duty to the Osage.

## FIFTH CAUSE OF ACTION

**Request for Declaratory Relief**

The Osage incorporate the factual allegations hereinabove stated, and further state as follows:

36. Pursuant to the applicable lease terms and federal laws, the Osage are entitled to be paid royalties (pursuant to the terms of oil and gas leases administered by the United States on its lands), based upon the highest value of the oil, not limited by a "posted price" designation.

37. The United States has failed to obtain said value for the Osage, despite their duty to do so under Federal law.

## SIXTH CAUSE OF ACTION

**Request for an Accounting**

The Osage hereby incorporate the above paragraphs herein, and further state as follows:

38. Based upon the treaties, statutes, regulations, and oil and gas leases cited herein, the Osage are entitled to an accounting for the royalty share of all proceeds of oil production from Osage land, as administered by the United States in its capacity as trustee and fiduciary for the Osage. That upon information and belief, the Osage hereby allege that the United States has failed to account to the Osage for its rightful share of revenues for oil production under the terms of various oil and gas leases and laws governing the drilling, development, and production of oil from Osage lands despite the duties assumed by and delegated to the United States to so account.

39. In fact, the United States has wholly failed to account to the Osage for the highest value of the oil produced, and has further failed to obtain and account to the Osage for amounts in excess of the "posted price", despite the United States' knowledge that the "posted price" was not

the actual highest value of the oil in and at the wellhead location of said production within Osage County.

40. The United States has failed to take any steps necessary in order to render such an accounting or account to the Osage for the proceeds of oil revenues produced from the Osage lands during the tenure of the United States' position as trustee and fiduciary over such matters.

## SEVENTH CAUSE OF ACTION

### Breach of the Constitutional Rights of the Osage

The Osage hereby incorporate the above referenced paragraphs, and further allege and state as follows:

41. The United States has undertaken, and in fact, effectively promulgated various regulations, otherwise known as the Code of Federal Regulations, which purport to govern the activities and interpretation of both the Statutes of the United States and various oil and gas leases affecting the mineral interest of the Osage.

42. Pursuant to said regulations, the United States has promulgated rules which are constitutionally infirm and constitute a taking of the Osage property and property rights without due process and/or equal protection, as guaranteed by the United States Constitution..

## EIGHTH CAUSE OF ACTION

### Request for Injunctive Relief

The Osage hereby incorporate the above referenced paragraphs, and further allege and state as follows:

43. The Osage, upon information and belief hereby allege that the United States has, within the scope of its assumed responsibility and obligations pursuant to the above cited statutes and regulations, the ability to take action, both now and in the future, to obtain, secure, and otherwise reduce to possession, the royalty for the Osage based upon the actual value of said oil, both for production in the past and in the future, based upon the geographic location of production and the time of said production, rather than a "posted price" nomination.

44. Based upon information and belief, the Osage allege that the United States has failed to take action necessary to recover the full value of oil royalties based upon said production from the Osage lands for the past, the present and for production in the future.

## NINTH CAUSE OF ACTION

**Breach of Fiduciary Duty by Preventing the Osage from Marketing Oil Production in Kind**

The Osage hereby incorporate the above referenced paragraphs, and further allege and state as follows:

45. The Osage have in the past pursued, planned and have attempted to take such action as the Osage deemed proper to market oil production "in kind" from the wells located on Osage lands in order to obtain a higher price for its royalty share.

46. The United States intended, attempted, and in fact did, impede the Osage in their attempts to lawfully obtain and sell royalty production in kind, under the terms of the various oil and gas leases covering oil producing wells on Osage lands. Such action by the United States, impeding the Osage attempts to market oil production in kind, caused damage to the Osage.

## TENTH CAUSE OF ACTION

### Rights to Documents and Information

The Osage hereby incorporate the above referenced paragraphs, and further allege and state as follows:

47. The United States is in possession of various records, receipts, revenue check stubs, and numerous other documents indicating the various locations, times, amounts, and type of production and revenue payments that relate to the proceeds of revenues from oil production from Osage lands. All of said documents, pursuant to the above cited statutes, regulations, and assumed duties of the United States, are obtained, held, and used strictly for the benefit of the Osage.

48. The Osage have ownership rights and are the legal owner of said documents above described. Despite the Osage interest in and request for said records, the United States has failed and refused to allow the Osage full access to said records, including to copy or inquire into the complete nature, scope, and organization of said records, except for a very limited number of documents acquired through a Freedom of Information Act request.

49. The United States has taken such action with the direct intent and effect of impeding the Osage in its pursuit to verify the United States' breach of its fiduciary duties, including the issues alleged in all causes of action stated herein, including but not limited to accounting and or valuation verification.

## ELEVENTH CAUSE OF ACTION

**Fraud and/or Constructive Fraud Committed by the United States**

The Osage hereby incorporate the above referenced paragraphs, and further allege and state as follows:

50. That based upon information and belief, the Osage allege that the United States has knowingly participated in a deception to the detriment of the Osage, i.e., that the "posted price" was the actual value and/or highest available price of the oil being produced from Osage lands. That the United States specifically had knowledge that the "posted price" was less than the true value of the oil, but failed to reveal this information to the Osage, or take any action thereon, resulting in damage to the Osage. These actions by the United States constitute fraudulent conduct.

51. That pursuant to the United States' fiduciary and trustee duties to the Osage, the above actions constitute constructive fraud, based upon such relationship between the Osage and the United States.

52. The United States knew or should have known that the Osage were not being paid the highest royalty proceeds available under the terms of its oil and gas leases according to the terms thereof, upon both the true volume and value of the oil, as produced at the wellhead.

(a) Despite such knowledge, the United States participated in deceiving the Osage and perpetuating the falsehood that the "posted price" was the highest available price or the true value of the oil at the wellhead. This deception has effectively resulted in a great disadvantage to the Osage, causing the Osage damages.

(b) The Osage further allege that the United States knowingly failed to report the full amount of royalty revenues, based upon both production volumes and value. That the United

States had a duty to fully report and account to the Osage for all production and corresponding royalty revenues. The United States represented that it had fully reported, when in fact it had not.

53. The above described fraudulent acts of the United States caused the Osage damages.

## TWELFTH CAUSE OF ACTION

### Repudiation of Trust Relationship

The Osage hereby incorporate the above referenced paragraphs, and further allege and state as follows:

54. Based upon the acts of the United States as alleged herein as may be proven at trial, the United States has failed and refused to perform its fiduciary or even ordinary duties to the Osage regarding the production and preservation of their mineral estate, including their duty to obtain the highest value for oil production from said mineral estate for the benefit of the Osage.

55. That the United States has, by its actions as herein alleged, repudiated the trust relationship by its careless and reckless disregard for the Osage in continuously failing to judiciously account for revenues for the volumes of oil production from Osage lands for an extended period of time, the exact length and or period of which is currently unknown to the Osage, but known to the United States.

56. That the United States' actions are of such nature as to call for the exercise of this Court's power and jurisdiction to find that the trust relationship between the Osage and the United States has been breached by the United States and that the Osage are entitled to relief by way of judicial decree and judgment in order to ensure that the mineral estate of the Osage Nation be preserved and protected from this point forward.

## PRAYER FOR RELIEF

**WHEREFORE,** in consideration of the above premises and each of them, the Osage hereby pray they recover judgment from the United States, including their costs and attorney's fees as may be allowed by law, and such relief as the Court may deem appropriate, compensable, just and equitable, including, but not limited to the following:

(a) **Compensatory damages** against the United States in an amount necessary to compensate the Osage for the actions/inactions of the United States as above alleged, in a sum in excess of $100,000,000.00, or as may be proven at trial;

(b) A **finding, order and judgment**, that the Osage are entitled to royalties on the production of oil under oil and gas leases covering mineral interests of the Osage Nation, based upon the highest value of said hydrocarbon production at the time and location of said production, as a continuing claim, without any limitation, including the limitation of a "posted price";

(c) **An accounting** by the United States to the Osage for the full percentage share of revenues due under the terms of its various oil and gas leases for the full volume of production of oil from Osage lands, inclusive of the highest value of oil production, based upon the time and location of the production at the well site, rather than the highest "posted price", as a continuing claim from the date to be established as the first failure of the United States to accurately account, including the accounting and payment for the full value of the oil produced, up to the present;

(d) **Order** the United States to pursue such action as may be necessary to obtain oil royalties for the Osage based upon full value of the oil produced at the wellhead, rather than the highest posted price for past, current and future production;

(e) **Order** the United States to promulgate legislation and regulations to maximize the benefit of the Osage mineral estate and oil production therefrom to the Osage;

(f) **Order** all provisions of the Code of Federal Regulations, as may be determined to limit the Osage in their ability to receive the proceeds of oil production based on the full value of the oil at the well site location, to be invalid, unconstitutional, void, and unenforceable. This request is inclusive of, but not limited to 25 C.F.R. Sections 226.11 and 226.15, et seq.;

(g) **An order, judgment and decree** determining the interest and ownership of the Osage in all documents and records of any nature that either address or pertain to oil revenues, oil production, oil leasing activities of any kind and/or other records of any kind relating to the past and present mineral estate of the Osage; **further,** that the Osage be allowed full, complete and unfettered access to said records at any time, and in such a manner as not to disturb the normal business activities of the United States;

(h) **Order** the United States to cease and desist all efforts and attempts to impede the Osage from marketing oil production in kind; and,

(i) **A determination, by judicial decree**, that the United States has breached its fiduciary duties as alleged herein and has done so in a continuing manner; **and to order** the United States to take any and all actions as may be necessary to prevent further breach of their duties, fiduciary and otherwise to the Osage, which actions, as may be determined by the Court herein, would include any and all direction necessary to protect the value of the Osage mineral estate and the rights of the Osage in and to said mineral estate. **Further**, that a finding be entered that the United States has in fact repudiated the trust relationship between the Osage and the United States by its actions as hereinabove alleged, and that this Court take such action as within its jurisdiction and power to modify and amend the powers and duties of the United States and their right to supervise, administer, oversee, and manage

the mineral estate of the Osage in order that the same may be preserved to the benefit of the Osage from this time forward, and for such other and further relief as the Court deems just.

Respectfully submitted,

**MAHAFFEY & GORE, P.C.**

By: ______________________

BRADLEY D. BRICKELL, OBA #1117
RICHARD J. GORE, OBA # 3479
R. BRUCE KERR, OBA # 4990
Two Leadership Square, Suite 1100
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 236-0478
Facsimile: (405) 236-1520
ATTORNEYS FOR PLAINTIFF