Passarelli

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, by and through THE DEPARTMENT AND THE SECRETARY OF THE INTERIOR and BUREAU OF INDIAN AFFAIRS,<br><br>Defendant, | No. 99-550 L<br>Judge John P. Wiese |
| and | |
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, by and through THE DEPARTMENT AND THE SECRETARY OF THE INTERIOR and BUREAU OF INDIAN AFFAIRS,<br><br>Defendant. | No. 00-169 L<br>Judge James T. Turner |

00 MAY -5 AM 9:34
DEPARTMENT OF JUSTICE
GENERAL LITIGATION
SECTION

**MOTION TO AMEND AND CONSOLIDATE**
**AND BRIEF IN SUPPORT**

COMES NOW the Plaintiff, pursuant to Rules 7 and 42(a) of the Rules of the United States Court of Federal Claims and moves the Court to consolidate Case No. 00-169 L, styled *The Osage Nation and/or Tribe of Indians of Oklahoma v. United States of America, by and through The Department and Secretary of the Interior and Bureau of Indian Affairs* and filed in this Court on March 31, 2000, with this case.

90-2-20-09634

**Defendant's Exhibit 2**

In support of said Motion, Plaintiff represents to the Court that:

1. Pending before this Court is Plaintiff's claim that the Defendant breached its fiduciary duty to Plaintiff and mismanaged Plaintiff's trust by not collecting the proper royalty amount on oil produced and sold from lands held in trust by the Defendant for the benefit of Plaintiff. This issue includes both the amount of production and price obtained. (*See* Complaint, Exhibit "A")

2. Case No. 00-169 L will combine herewith the claim(s) that the Defendant has, to the detriment of Plaintiff, further mismanaged Plaintiff's trust money assets, composed primarily of oil royalties, by not prudently and properly accounting for the money paid into the U.S. Treasury and investing the same (as required by federal law) for the benefit of Plaintiff. (*See* new Complaint, Exhibit "B")

3. As can be seen, the original Complaint directly relates to Defendant's failure to properly collect royalty for oil and Case No. 00-169 L relates to Defendant's mismanagement of the oil royalty money that was collected, as well as other assets of the Osage.

4. Consequently, the two cases are extremely interrelated and it would be highly efficient for one judge to hear both causes of action, to eliminate duplication of discovery, the possibility of inconsistent rulings, and judicial efficiency. *See* F.R.C.P. 18 and reasoning express in *Glendale Joint Venture v. U.S.*, 13 Cl.Ct. 325 (1987). The basis for consolidation stated by this Court in *Navajo Tribe v. United States*, 222 Cl.Ct. 584 (Opinion January 25, 1980), i.e., judicial economy, etc. applies, even though the request for consolidation was overruled therein on the basis that the two (2) cases were far apart in preparation time, i.e., one had been open for twenty-seven (27) years. In the instant proceeding, should the cases not be consolidated, there could be a potential for "double recovery" of overlapping claims in the two cases as argued in *Navajo*, at 588.

5. The consolidation of Case No. 00-169 L with this case will not prejudice the Defendant or its ability to defend on the merits since this new Complaint is filed close in time with the original action and is unquestionably intertwined with the original Complaint and the facts and circumstances alleging mispayment, underpayment and accounting for oil production, as set forth in the original Complaint. The consolidation, in fact, will conserve the legal resources of the Defendant.

6. Granting of the Motion to Consolidate will not cause undue delay because discovery is in the initial stages and neither case is set for trial.

7. Plaintiff has consulted with Defendant, who opposed amending the original Complaint to add the causes of action in Case No. 00-169 L. Defendant's counsel suggested a Motion to Consolidate would be more appropriate and the Plaintiff is complying with Defendant's request by the filing of this motion.

8. Plaintiff further states it will amend (in the newly consolidated Complaint if this relief is granted) to more specifically set forth facts and issues related to the failure to require royalty be paid pursuant to the oil and gas lease terms, as indicated to this Court in the initial scheduling conference, wherein this Court did grant Plaintiff such leave to amend.

WHEREFORE, Plaintiff requests this Court(s) to grant its Motion to Consolidate Case No. 00169L within the original and surviving Case No. 99-550L, before the Honorable John P. Wiese and for leave to file such amended, consolidated Complaint, in accordance with Judge Wiese's ruling at the scheduling conference relating to amended allegations on royalty pricing. For purposes of

ease of administration, this Motion has been filed in both cases and it is believed that either Judge has jurisdiction to grant the relief requested.

Respectfully submitted,

MAHAFFEY & GORE, P.C.

Bradley D. Brickell, OBA #1117
Richard J. Gore, OBA 3479
Two Leadership Square, Suite 1100
211 North Robinson
Oklahoma City, Oklahoma 73102
(405) 236-0478
(405) 236-1520 (facsimile)
and

Nancy Skancke
Grammar Kissel Robbins Skancke & Edwards
1225 Eye Street, N.W., Suite 1225
Washington, D.C. 20005
(202) 408-5400
(202) 408-5406 (facsimile)
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF MAILING**

This is to certify that on the 28th day of April, 2000, a true and correct copy of the above and foregoing document was mailed, postage prepaid, to the following:

Edward J. Passarelli
Environment and Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

Alan Woodcock
Office of the Field Solicitor
United States Department of the Interior
7906 E. 33rd Street, Suite 100
Tulsa, Oklahoma 74145

Stephen L. Simpson
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW, MS 6456-MIB
Washington, D.C. 20240

Bradley D. Brickell