Blanco, Caroline

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DEPT. OF JUSTICE - ENRD
ENVIRONMENT DIVISION
'05 FEB 11 P2:47

| | | |
|---|---|---|
| **THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,** | ) | |
| **Plaintiff,** | ) | **No. 99-550L** |
| **v.** | ) | **Judge Mary Ellen Coster Williams** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**AMENDED JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix G of the Rules of the United States Court of Federal Claims, the parties hereby submit the following Amended Joint Preliminary status Report:

**A. Does the Court have jurisdiction over the action?**

Plaintiff Osage Nation believes that this Court has jurisdiction over the Nation's claims for federal mismanagement of Osage tribal trust assets. In an ongoing case before Judge Emily C. Hewitt involving Osage claims for federal mismanagement of tribal trust funds (another Osage trust asset), the Court of Federal Claims denied similar contentions to those made by Defendant below.[1]

Defendant believes that this Court only has limited, if any, jurisdiction over this action. Defendant contends that Plaintiff has standing only to prosecute claims relating to damages for trust asset mismanagement that it has allegedly sustained, and not those allegedly sustained by its individual members or non-Indian headright owners. Defendant believes this Court has no jurisdiction over trust asset mismanagement claims brought by the Tribe on behalf of individual Osage headright owners who received "individual allotments" of the headrights, or on behalf of the Osage individual members or non-Indian owners of headrights who acquired those headrights

[1] *See Osage Nation v. United States*, 57 Fed.Cl. 392 (July 28, 2003).

Plea
#90-2-20-09634

Defendant's Exhibit 5

from individual Osage members; the Tribe has no standing to assert such claims on behalf of these individuals, as they are not parties to this litigation. The claim that the United States has not been achieving enough revenue because it calculates royalties in accordance with the applicable statutes and regulations is barred by the statute of limitations; those statutes and regulations were enacted and promulgated more than six years before the filing of this action. In addition, because the allegations are so vague, it does not appear that this Court has jurisdiction over Plaintiff's second cause of action, claiming that Defendant breached its trust duties to the Tribe with respect to managing leases covering the Osage surface and/or mineral estates other than oil and gas leases. Defendant also contends that this Court does not have jurisdiction over this matter because the statutes and regulations cited by Plaintiff cannot be fairly interpreted to mandate compensation to Plaintiff for alleged royalty mismanagement when such authorities dictate that the separate headright owners are the parties entitled to receive such royalties.

**B. Should the case be consolidated with any other case and the reason therefor?**

The parties are not aware of any other case with which this action should be consolidated.

**C. Should trial of liability and damages be bifurcated and the reasons therefor?**

Plaintiff believes that bifurcation of liability and damages is appropriate for this case. The interest of judicial economy dictates that the Court first determine the extent of Defendant's liability before examining the damages evidence and determining the amount of damages.

Defendant believes that it is premature to determine whether bifurcation is appropriate. Defendant believes that a ruling on its anticipated motion on the pleadings will leave very little, if anything, of the Complaint to be resolved; if a claim remains, it is likely to be isolated and narrow enough that bifurcation, while often appropriate, would not be in the interests of judicial economy.

**D. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?**

Plaintiff believes that this case should move expeditiously forward, with the next step being Defendant filing a dispositive motion on the issues it describes in Section A above, including the issue of statute of limitations. It should not be deferred pending the many cases on federal mismanagement of tribal trust assets that are pending.

Defendant believes that further proceedings in this case need not be deferred, however, the Court may wish to defer briefing on the statute of limitations issue until after the United States' petition for a *writ of certiorari*, in the matter of *United States v. Shoshone Indian Tribe of the Wind River Reservation*, No. 04-929 (filed in January of 2005), is resolved by the United States Supreme Court. The application of the relevant statute of limitations, 25 U.S.C. § 2501, to the government's alleged mismanagement of tribal trust assets is at issue in that matter as well.

**E. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

The parties agree that there is no reason to anticipate that a remand or suspension will be sought in this action.

**F. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

Plaintiff does not anticipate that additional parties will be joined. This case seeks redress from the federal government for its breach of trust duties.

Defendant anticipates that certain oil lessees may seek permissive joinder because any liability on the part of the United States will require the United States to seek contribution from

the oil lessees. Defendant also anticipates that gas lessees and the non-mineral asset lessees may eventually seek permissive joinder because the Osage Nation has now argued that the price calculated for royalties on those assets is incorrect. Until such time, however, as Plaintiff states how it believes royalties on those assets should be calculated, Defendant is unable to determine how likely it is that the gas and non-mineral asset lessees will seek permissive joinder.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

Plaintiff agrees that the next step is for Defendant to file a dispositive motion under Rule 12 but believes that 30 days is a more reasonable time period to file the motion, not 60 days. After the Court rules on Defendant's Rule 12 motion, Plaintiff may move for summary judgment on liability issues under Rule 56 after a reasonable amount of discovery.

Defendant intends to file a motion under RCFC 12 (b) and/or 12(c) within 60 days of the preliminary status conference addressing the jurisdictional issues mentioned above and the failure of Plaintiff to state a breach of trust claim for which relief can be granted. If any claims remain after a ruling on Defendant's anticipated motion, Defendant will then be better able to assess the timing of any appropriate motions for summary judgment. Defendant believes that discovery should be deferred until after a ruling on the dispositive issues presented by its Rule 12 motion.

**H. What are the relevant issues?**

Plaintiff believes the relevant issues are as follows:

1. To what extent has the United States, as trustee, damaged the Osage Nation by failing to collect payments under oil and gas mining leases that the United States issued for the benefit of the Osage Nation?

2. To what extent has the United States, as trustee, damaged the Osage Nation by failing to collect payments under other non-oil and gas mining leases that the United States issued for the benefit of the Osage Nation?

3. To what extent has the United States damaged the Osage Nation by causing the Nation to lose interest or other investment income on the funds the United States, as trustee, should have but failed to collect?

Defendant believes the relevant issues are as follows:

1. Does Plaintiff have standing to assert an asset mismanagement claim for money damages on behalf of over 2,000 individual headright owners, many of whom are neither Osage nor Indian?

2. Whether Plaintiff's claims are barred by the six-year statute of limitations?

3. Whether Plaintiff's claims for damages resulting from Defendant's alleged mismanagement of trust assets arising prior to 1946 are barred by the Indian Claims Commission Act?

4. Whether Plaintiff's claims for damages resulting from Defendant's alleged mismanagement of trust assets arising prior to 1946 are barred by the doctrine of *res judicata* because they were previously brought before and resolved by the Indian Claims Commission?

5. What is the nature of any fiduciary duties arising from federal statutes and regulations that could fairly be interpreted as mandating compensation to Plaintiff?

6. Does Defendant's compliance with validly enacted statutes and regulations constitute a breach of any fiduciary duties that could be fairly construed as mandating compensation to Plaintiff?

7. To what extent has Plaintiff had advance knowledge of, and consented to, the actions complained of?

**I. What is the likelihood of settlement?**

Plaintiff believes that settlement of this case is unlikely before the Court decides Defendant's dispositive motion under Rule 12.

Given the nature of the dispositive threshold defenses and the threshold merits defenses presented by Plaintiff's Complaint, Defendant believes that settlement is unlikely. Defendant is, however, open to consider any reasonable offer of settlement.

**J. Do the parties anticipate proceeding to trial? Does any party or do the parties jointly, request expedited trial scheduling, and, if so, the reasons why the case is appropriate therefor?**

Plaintiff agrees with Defendant that cross motions for summary judgment would likely resolve this action without a trial.

Defendant anticipates that this action will be resolved by its initial dispositive motion and that the matter will not proceed to trial. Assuming, *arguendo*, that any portion of the Complaint survives Defendant's anticipated Rule 12 motion, cross-motions for summary judgment would likely resolve this action without a trial. The scheduling of such cross-motions for summary judgment is, however, premature at this time given the nature of the dispositive issues that will likely dispose of the entire matter.

**K. Is there any other information of which the court should be aware at this time?**

At this time, the parties are not aware of any additional information that may assist this Court with regard to this matter.

Dated this 8th day of February, 2005.

Respectfully Submitted,

FOR CAROLINE M. BLANCO

CAROLINE M. BLANCO
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel.: (202) 305-0248
Fax: (202) 305-0267
E-mail: caroline.blanco@usdoj.gov

Of Counsel:

Alan Woodcock, Attorney
Office of the Field Solicitor
United States Department of the Interior
7906 East 33rd Street, Suite 100
Tulsa, OK 74145
(918) 669-7730, Ext. 225

Stephen L. Simpson, Attorney
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW, MS 6456-MIB
Washington, D.C. 20240
(202) 219-1659

Attorneys for Defendant

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Tel.: (202) 419-3526
Fax: (202) 659-4931
E-mail: wkpipestem@pipestemlaw.com

Attorney for Plaintiff

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **THE OSAGE TRIBE OF INDIANS OF OKLAHOMA,** | ) |
| **Plaintiff,** | ) **No. 99-550L** |
| **v.** | ) **Judge Mary Ellen Coster Williams** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February, 2005, a true and correct copy of the foregoing **AMENDED JOINT PRELIMINARY STATUS REPORT** was served, via first-class mail, postage prepaid, to the following counsel of record at the following address:

CAROLINE M. BLANCO
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0663

WILSON K. PIPESTEM