**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Electronically Filed<br>March 31, 2005<br><br>No. 00-169 L<br>Judge Emily C. Hewitt |

**THE OSAGE NATION'S OBJECTIONS TO DEFENDANT'S PRIVILEGE CLAIMS**

Pursuant to paragraph 1(a) of the Court's March 25, 2005 Order, Plaintiff Osage Nation respectfully submits its list of items from the Federal Government's four draft privilege logs relevant to tranche one claims as to which the Nation believes privilege does not exist and its legal bases for its belief as to each item. As discussed below, the Federal Government is attempting to relitigate in this case the validity of the fiduciary exception to the attorney-client privilege which this Court established in its Orders in *The Shoshone Indian Tribe of the Wind River Reservation, Wyo. v. United States*, Nos. 458a-79 L, 459a-79 L, and which is well-established in the jurisprudence of other federal courts. Under the Orders issued in *Shoshone*, this Court should reject the Federal Government's attempt to assert a blanket claim of attorney-client privilege for all communications between the Federal Government, as trustee of the Osage Nation, and its counsel concerning the administration of that trust. The Osage Nation has identified these documents in Exhibits E, F, G and H.

As also discussed below, with respect to a number of other documents, the United States has failed to meet its burden of establishing that the documents are protected from disclosure under the attorney-client privilege, attorney work product privilege, or deliberative privilege. As a

result, the Court may order the defendant to produce these documents, which are identified in Exhibits I, J, K and L. In the alternative, the Court may wish to conduct an in camera review of these documents to determine the validity of the Federal Government's privilege claims.

## I. DESCRIPTION OF THE FEDERAL GOVERNMENT'S FOUR DRAFT PRIVILEGE LOGS

To date, the Federal Government has provided the Osage Nation with four draft privilege logs. On April 9, 2004, the United States provided the Osage Nation with a Notice listing certain boxes for which Defendant had completed privilege reviews as required by this Court's March 26, 2004 Order. Attached to that Notice is a draft privilege log for documents in those boxes which Defendant titled "Central Office draft privilege log, dated December 1-5, 2003." As far as the Osage Nation can determine, that Notice and the attached privilege log have never been filed with the Court. Accordingly, a copy of this draft privilege log is attached to this pleading as Exhibit A.

On August 23, 2004, the United States provided the Osage Nation with draft privilege log titled "AIRR-Lenexa Records" and dated August 19, 2004.[1] As far as the Osage Nation can determine, a copy of this draft privilege log has never been filed with the Court. Accordingly, a copy of the draft log has been attached as Exhibit B.

On October 1, 2004, the United States provided the Osage Nation with two draft privilege logs titled "Osage Joint Review Privilege Log" and "Osage–Albuquerque Privilege Log (Non-Joint Review)." Both of these draft privilege logs are dated September 28, 2004. As far as the Osage Nation can determine, these draft privilege logs have never been filed with the Court. Accordingly, copies of these draft privilege logs have been attached to this pleading as Exhibits C and D, respectively.

---

[1] According to the Federal Government, this draft privilege log supersedes earlier versions of the log that were provided to the Osage Nation in May and June 2004.

With the exception of the draft privilege log titled "AIRR-Lenexa Records", the documents listed in the Federal Government's draft privilege logs are not numbered at all or have numbers that are not consecutive or unique. In order to avoid confusion and reduce the burden on the parties and the Court in resolving these privilege claims, the Osage Nation has given unique, consecutive numbers to the documents in Exhibits A through D. These unique numbers have been added with a felt-tipped pen so they can be easily identified as numbers added by the Osage Nation rather than numbers that are part of the Federal Government's original draft privilege logs.[2]

## II. LEGAL STANDARDS FOR ASSERTING PRIVILEGE CLAIMS

In the four draft privilege logs at issue, the Federal Government has made three different claims of privilege: (1) attorney-client privilege; (2) work-product privilege; and (3) deliberative-process privilege. It is well-established within the jurisprudence of this Court that "[t]he assertion of privileges is strictly construed because privileges impede full and free discovery of the truth." *Energy Capital Corp. v. United States*, 45 Fed. Cl. 481, 484 (2000) (citation omitted); *Cabot v. United States*, 35 Fed. Cl. 442, 444 (1996). Moreover, the burden of "establishing the elements of the privilege" rests with the party asserting the privilege, *First Fed. Sav. Bank of Hegewisch v. United States*, 55 Fed. Cl. 263, 266 (2003); *see also Energy Capital*, 45 Fed. Cl. at 484; *Cabot*, 35 Fed. Cl. at 444, and this burden "must be shown by competent evidence and cannot be 'discharged by mere conclusory or ipse dixit assertions,'" *Cobell v. Norton*, 212 F.R.D. 24, 27 (D.D.C. 2002) (quoting *Martin v. Valley Nat'l Bank of Ariz.*, 140 F.R.D. 291, 302 (S.D.N.Y. 1991) (internal citation omitted)).

[2] The Federal Government has informally notified the Osage Nation that the Federal Government will assert privilege claims with respect to some of the approximately 900 boxes of documents that were produced for inspection at the Osage Agency in Pawhuska, Oklahoma during February 2005. However, to date, the Federal Government has not provided the Osage Nation with a privilege log with respect to those documents.

## III. DEFENDANT HAS FAILED TO MEET THE APPLICABLE STANDARDS FOR ASSERTING PRIVILEGE FOR THE DOCUMENTS IN ITS DRAFT PRIVILEGE LOGS

### The Federal Government Has Improperly Made a Blanket Claim of Attorney-Client Privilege For All Communications Between the Federal Government, as Trustee, and its Counsel, Concerning Administration of the Osage Mineral Estate

In each of its four draft privilege logs, the Federal Government has made a blanket claim of attorney-client privilege for all communications between the Federal Government and its counsel. However, it is well-established in the jurisprudence of this Court, and in federal courts in general, that the attorney-client privilege "does not apply to prevent disclosure to beneficiaries of communications between a trustee and its counsel concerning management and administration of the trust." *The Shoshone Indian Tribe of the Wind River Reservation, Wyo. v. United States*, Nos. 458a-79 L, 459a-79 L, Order at 3 (J. Hewitt, May 16, 2002) (citing *In re Grand Jury Proceedings Grand Jury No. 97-11-8*, 162 F.3d 554, 556 (9th Cir. 1998); *Riggs Nat'l Bank of Washington, D.C. v. Zimmer*, 355 A.2d 709 (Del. Ch. 1976); *Comegys v. Glassell*, 839 F. Supp. 447, 448-49 (E.D. Tex. 1993)).

Other federal courts have described the fiduciary exception to the attorney-client privilege in essentially similar, if not identical, terms. For example, the United States District Court for the District of Columbia held that in the context of a trust relationship between the United States as a trustee and an individual Indian beneficiary, "communications between [the] trustee and its attorneys concerning the administration of the trust fall with the 'fiduciary exception'" to the attorney-client privilege. *Cobell*, 212 F.R.D. at 27. The *Cobell* court went on to note that "federal courts . . . have uniformly recognized the existence of a fiduciary exception," *id.* (citing *United States v. Mett*, 178 F.3d 1058, 1062 (9th Cir. 1999); *In re Long Island Lighting Co.*, 129 F.3d 268, 272 (2d Cir. 1997); *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 645 (5th Cir. 1992); *Garner v.*

*Wolfinbarger*, 430 F.2d 1093, 1103-04 (5th Cir. 1970); *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 4 (D.D.C. 1995); *Washington-Baltimore Newspaper Guild v. Washington Star Co.*, 543 F. Supp. 906, 909 (D.D.C. 1982); *Fischel v. Equitable Life Assurance*, 191 F.R.D. 606, 609 (N.D. Cal. 2000)), and that the United States had also conceded the existence of the fiduciary exception. *Cobell*, 212 F.R.D. at 27.

In determining the applicability of the fiduciary exception, "because privileges must be construed narrowly," courts require that "the trustee seeking to foreclose a beneficiary's inquiry into trust administration must bear the burden of showing that he or she acted in a capacity that rendered the privilege applicable." *Cobell*, 212 F.R.D. at 28 (citing *In re Long Island Lighting Co.*, 129 F.3d at 272; *Wildbur*, 974 F.2d at 645; *Petz v. Ethan Allen*, 113 F.R.D. 494, 497 (D. Conn. 1985); *Washington Star*, 543 F. Supp. at 908-10). To satisfy this burden, the party opposing application of the fiduciary exception must demonstrate that "the trustee was acting in a non-trustee capacity" and that the advice or communication "did *not* benefit the trust beneficiaries." *Id.* (citation omitted) (emphasis in original). In addition, a document falling within the fiduciary exception is not protected from disclosure even if it also satisfies the elements of some other privilege, such as the work-product privilege. *See Cobell*, 213 F.R.D. 1, 11-12 (D.D.C. 2003) (concluding that the "work product doctrine is inapplicable to documents prepared to assist a trustee in its fiduciary capacity").

Under this Court's rulings in *Shoshone*, the Federal Government's blanket claim of attorney-client privilege for all communications between the Federal Government, as trustee of the Osage Nation, and the Federal Government's counsel are improper. Under those rulings, the Federal Government has the burden of demonstrating that it was acting "in a capacity that rendered the [attorney-client] privilege applicable." *Cobell*, 212 F.R.D. at 28. In its four draft privilege logs, however, the Federal Government has not even attempted to fulfill that burden even

though it was ordered to prepare a final privilege log for these documents over one year ago by the Court's March 26, 2004 Order. For this reason alone, the Court could properly order the Federal Government to release all documents in its four draft privilege logs involving communications between the Federal Government, as trustee of the Osage Nation, and its counsel, where the communication benefited the Osage Nation. *See*, *e.g.*, *Cabot*, 35 Fed. Cl. at 446 (holding that where a party's "privilege logs are inadequate to show that any of the documents are subject to a claim of privilege," that party has "failed to meet their burden" and "cannot use privilege to shield the documents from discovery").

Nonetheless, the Osage Nation recognizes that, as set forth in paragraph 1(a) of its March 25, 2005 Order, the Court may wish to conduct an in camera review of these documents prior to deciding whether or not they should be released. Accordingly, for each of the Federal Government's four draft logs, the Osage Nation has prepared an exhibit listing documents relevant to tranche one claims where the Federal Government's own descriptions in its privilege logs indicate that the Federal Government was acting as a trustee and that the advice from or communication with the Federal Government's counsel benefited the Osage Nation as the trust beneficiary. In addition, based on the Federal Government's own description, the Government prepared none of these documents in connection with litigation between the Federal Government, as trustee, and the Osage Nation, as beneficiary, over the administration of the trust. These charts are attached as Exhibits E, F, G, and H, and correspond to the Federal Government's privilege claims in Exhibits A, B, C, and D, respectively.

**. With Respect to a Small Number of Documents, the Federal Government Has Failed to Describe the Document in Sufficient Particularity to Allow Plaintiff to Make a Reasoned Evaluation of Defendant's Privilege Assertion**

In the case of a small number of documents relevant to tranche one, the Federal Government's privilege logs do not contain enough information for the Osage Nation (or this

Court) to determine whether or not the Federal Government's privilege claim is valid. For example, in Exhibit K, the Federal Government has claimed attorney work product privilege for document 190, which is described in the Federal Government's draft log only as "[h]andwritten notes of legal advice provided to client regarding multiple transactions." That brief description does not permit the Osage Nation (or this Court) to determine whether the document was "prepared in anticipation of litigation for trial by a party or its representatives," which are the necessary elements for a work product privilege claim. *Energy Capital*, 45 Fed. Cl. at 485 (citing *Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947)); *see also Cabot*, 35 Fed. Cl. at 445. To cite another example, also in Exhibit K, the Federal Government has claimed attorney-client privilege for document 115, but the draft log provides no description for this document. Here, there is clearly insufficient information in the Federal Government's draft privilege log to allow the Osage Nation (or this Court) to determine whether this document meets the requirements for the attorney-client privilege.

Under the applicable law, the Federal Government's failure to carry its burden of demonstrating the validity of its privilege claims in its logs is adequate grounds for ordering the release of these documents. *See Cabot*, 35 Fed. Cl. at 446. Nonetheless, the Osage Nation recognizes that the Court may wish to conduct an in camera review of these documents prior to deciding the validity of the Federal Government's privilege claims. For that purpose, for each of the Federal Government's four draft logs, the Nation has compiled a chart listing the documents relevant to tranche one where the Federal Government's description is inadequate and providing a description of the missing information. These charts are attached as Exhibits I, J, K, and L, and correspond to the Federal Government's privilege claims in Exhibits A, B, C, and D, respectively.

## IV. CONCLUSION

For the foregoing reasons, the Court should reject the Federal Government's privilege claims for the documents identified in Exhibits E through L and direct that these documents be released immediately. In the alternative, the Court may wish to conduct an in camera review of the documents identified in those exhibits. In that event, the Court may wish to direct the Federal Government to identify the copies of those documents that the Federal Government will provide to the Court with the unique numbers that the Osage Nation has assigned to these documents.

Dated this March 31, 2005

Respectfully submitted,

*s/Wilson K. Pipestem*
WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation