**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, Plaintiff, | Electronically Filed April 7, 2005 |
| v. | No. 00-169 L Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, Defendant. | |

**THE OSAGE NATION'S SUGGESTIONS FOR AMENDMENTS TO THE COURT'S MARCH 25, 2005 ORDER**

In accordance with the Court's March 25, 2005 Order and the telephonic status conference that the Court held with the parties on March 24, 2005, the Osage Nation respectfully submits these suggestions for amendments to the discovery and pretrial schedule set forth in the Court's March 25, 2005 Order.

In order to correct what appears to be a typographical error in the definition of the six months in tranche one, the Osage Nation proposes that the second paragraph on page one of the March 25, 2005 Order be amended by striking the month of February 1989 and inserting the following two months: February 1986 and July 1989. The Osage Nation has no other suggestions for amendments to the schedule set forth in the Court's March 25, 2005 Order.

In accordance with the March 25, 2005 Order, the Osage Nation conferred with the Federal Government in an attempt to agree on joint suggestions for amendments. During these conversations, the Federal Government indicated that it would propose a 21 day extension to the Court's deadline for the Government to file a responsive brief to the Osage Nation's objections to the Government's privilege claims. The Government further indicated that it may propose

extensions to both of the Court's deadlines for the Government to produce documents relevant to tranche one claims on an expedited basis.

If the Government does propose these extensions, the Osage Nation will oppose such requests. With respect to any request for an extension of the Government's April 14, 2005 deadline, under this Court's March 26, 2004 Order, the Federal Government was directed to complete its privilege review of all documents located at the Office of Trust Records in Albuquerque, New Mexico by May 28, 2004, and to complete its privilege review of all documents located in the Federal Record Centers at Lee's Summit, Missouri, and Lenexa, Kansas by June 15, 2004. That Order further directed the Federal Government to complete privilege logs for any documents for which it wanted to claim privilege. Thus, the Government has had over nine months within which to finalize its privilege logs for these documents. Under these circumstances, the Federal Government has failed to provide any compelling reason for granting an extension of time to respond to the very limited number of challenges to the Government's privilege claims that the Osage Nation made in its March 31, 2005 pleading.

In addition, the Federal Government does not need to locate or review documents in order to respond to the objections in the Osage Nation's March 31, 2005 pleading. For the most part, the Osage Nation's objections center on the Federal Government's decision to attempt to relitigate in this case the Government's position that there is no fiduciary exception to the attorney-client privilege. As the Osage Nation demonstrated in its March 31, 2005 pleading, the fiduciary exception to the attorney-client privilege is well-established in the case law of this Court and federal courts generally. *See*, *e.g.*, *The Shoshone Indian Tribe of the Wind River Reservation, Wyo. v. United States*, Nos. 458a-79 L, 459a-79 L, Order at 3 (J. Hewitt, May 16, 2002) (citing *In re Grand Jury Proceedings Grand Jury No. 97-11-8*, 162 F.3d 554, 556 (9th Cir. 1998); *Riggs Nat'l Bank of Washington, D.C. v. Zimmer*, 355 A.2d 709 (Del. Ch. 1976); *Comegys v. Glassell*, 839 F.

Supp. 447, 448-49 (E.D. Tex. 1993)); *Cobell v. Norton*, 212 F.R.D. 24, 27 (D.D.C. 2002). Assuming it has the right to relitigate this issue here, the Government should, in any event, be able to file a brief setting forth its legal position on this issue by April 14, 2005, as required by the Court's March 25, 2005 Order, especially considering that the Government has previously briefed this issue in this Court in the *Shoshone* case.

Nor does the Federal Government need an extension to respond to the only other objection to its privilege claims that the Osage Nation raised in its March 31, 2005 pleading. As set forth in that pleading at pages 6-7, many of government's descriptions of the documents in its privilege logs are inadequate to sustain a claim of privilege. The government has not established any reason why it should be permitted a "second bite at the apple" with respect to these privilege claims, particularly since the Government failed to comply with the original time limits set forth in the Court's March 26, 2004 Order. Rather, the government has failed to carry its burden of sustaining its privilege claims and, under well-established law, the Court may order the release of these documents. *See Cabot v. United States*, 35 Fed. Cl. 442, 446 (1996). Alternatively, the Court may conduct an in camera review of these documents. In any event, the government has failed to establish any reason for delaying whichever of those remedies the Court finds appropriate under these circumstances.

More generally, the Federal Government's extension requests are also inconsistent with the basic goal underlying the Court's March 25, 2005 Order. That basic goal was to redefine tranche one claims in a way that made it possible to have a trial on those claims in the winter of 2005-2006. The Osage Nation's revised definition of tranche one was expressly limited in that manner and adopted by the Court in its March 25, 2005 Order. By suggesting possible extensions of its first three deadlines in that Order, the Federal Government seems to be saying that it is not possible for a trial to start this winter, regardless of how tranche one claims are redefined. While

no one can predict the future with certainty, the Osage Nation believes it is too soon to abandon the goal of expediting discovery and other pretrial proceedings on tranche one claims so that trial on those claims can begin this winter.

Dated this April 7, 2005 Respectfully submitted,

*s/Wilson K. Pipestem*
WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation