# In the United States Court of Federal Claims

No. 00-169 L

(E-Filed: April 15, 2005)

| | |
|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

ORDER

The court has before it plaintiff's Suggestions for Amendments to the Court's March 25, 2005 Order and defendant's Memorandum Pursuant to the Court's March 25, 2005 Order, both electronically filed April 7, 2005. Based on the proposals contained therein and pursuant to a telephonic status conference held April 13, 2005, the court hereby enters this order to REPLACE and SUPERSEDE its Order of March 25, 2005. Also before the court are plaintiff's Objections to Defendant's Privilege Claims (plaintiff's Privilege Objections), electronically filed March 31, 2005, and plaintiff's First Notice Identifying Tranche One Boxes for Expedited Discovery (plaintiff's Notice), electronically filed April 6, 2005.

Further to the conference and the parties' proposals, the court will decide this case in two tranches. The first tranche will encompass those of plaintiff's trust fund mismanagement claims falling within the parameters described in Shoshone Indian Tribe v. United States, 364 F.3d 1339, 1350-51 (Fed. Cir. 2004), for five oil and gas leases for the following six months: January 1976, May 1979, November 1980, February 1986, July 1989, and October 1990. The second tranche of the case will encompass all outstanding issues for all other time periods.[1]

[1]The court notes that the Federal Circuit recently decided the issue of the availability of remedies prior to 1984. See Shoshone Indian Tribe v. United States, 364 F.3d 1339 (Fed. Cir.
(continued...)

The parties may conduct discovery on any issue at any time, but they shall complete discovery on tranche one issues according to the following schedule:

1. Fact Discovery. All fact discovery for tranche one issues, including all fact depositions, shall conclude on or before Friday, July 1, 2005. In order to achieve this deadline, the parties shall observe the following interim deadlines:

   a. If defendant wishes to challenge any of the legal bases put forward by plaintiff in plaintiff's Privilege Objections, defendant shall file a responsive brief stating the legal bases for each of its assertions of privilege on or before Friday, May 6, 2005 and shall cause two copies of each document as to which privilege is claimed to be delivered to the court under seal for in camera review. Plaintiff shall reply to defendant's brief on or before Friday, May 13, 2005.

   b. The parties shall, through Mr. Parris on behalf of plaintiff and Mr. Dalton on behalf of defendant, coordinate an inspection for the purpose of identifying documents and/or files not already identified within the boxes prioritized by plaintiff for tranche one discovery in plaintiff's Notice. On or before Monday, April 25, 2005, plaintiff shall cause a list of the specific documents and/or files identified by such inspections to be delivered to defendant.

   c. On or before Friday, May 6, 2005, defendant shall produce the documents and/or files designated by plaintiff on or before April 25, 2005 from the boxes prioritized by plaintiff for tranche one discovery in plaintiff's Notice.

   d. On or before Monday, April 25, 2005, plaintiff shall make the documents and/or files designated by defendant on April 8, 2005 available to defendant for inspection. On or before Friday, May 13, 2005, defendant shall complete its inspection of such documents and/or files and cause a list of specific documents and/or files to be delivered to plaintiff. From Friday, May 13, 2005 through Friday, June 17, 2005, plaintiff shall coordinate with defendant to permit defendant to copy the listed documents and/or files.[2]

---

[1](...continued)
2004). The parties in that case are seeking further review in the United States Supreme Court. If further review occurs and affects the availability of remedies, the court will amend this order accordingly.

[2]The court anticipates that defendant will use its own facilities to copy any such documents.

e. On or before Friday, May 13, 2005, plaintiff shall identify to defendant any additional documents and/or files required to be produced to complete tranche one discovery.

f. On or before Friday, June 17, 2005 defendant shall produce the additional documents and/or files designated by plaintiff on or before Friday, May 13, 2005.

The parties shall make witnesses available at reasonably convenient locations and times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witness were then present and testifying." See RCFC 32(a).

2. Identification of Issues. Plaintiff shall file a statement identifying the issues to be resolved at trial on or before Thursday, May 12, 2005. This statement shall include the damages claimed, legal authorities supporting recovery, and time frames for which recovery is sought under each legal authority. Plaintiff shall attach to the statement copies of the five leases chosen for its tranche one claims.

3. Dispositive Motions. Defendant shall file any dispositive motions with respect to legal authorities supporting recovery and time frames for which recovery is sought under each legal authority on or before Monday, June 13, 2005. Plaintiff shall file its response to defendant's motion(s) on or before Monday, July 11, 2005. Defendant shall file it reply to plaintiff's response on or before Monday, July 25, 2005.

4. Expert Discovery. Plaintiff's expert report(s) shall be submitted on or before Thursday, July 14, 2005, and defendant's responsive expert report(s) shall be submitted on or before Thursday, August 18, 2005. Plaintiff's rebuttal expert report(s) shall be submitted on or before Thursday, September 8, 2005.

5. Expert Depositions. All depositions of experts shall be completed on or before Thursday, September 22, 2005.

6. Meeting of Counsel. The parties shall meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibit and witness lists, on or before Thursday, October 6, 2005.

7. Memorandum of Contentions of Fact and Law. In accordance with RCFC Appendix A ¶ 14, plaintiff shall file its Memorandum of Contentions of Fact and Law (Memorandum) on or before Thursday, October 20, 2005. Defendant shall file its responsive Memorandum on or before Thursday, November 10, 2005. Each Memorandum shall be accompanied by witness lists and exhibit lists and any motions contemplated by Appendix A ¶¶ 14, 15 and 16. Any objection to a

witness or exhibit not made in the Memorandum or a separate motion filed on the same date shall, if the objection is of a type that could reasonably have been identified at the time of such filing, be deemed waived unless justice shall otherwise require. Plaintiff shall file its responses to any motions filed by defendant on or before Thursday, November 17, 2005. Defendant shall file its responses to any motions filed by plaintiff with defendant's responsive Memorandum on or before Thursday, November 10, 2005.

8. Pretrial Conference. The pretrial conference will be held on Tuesday, November 29, 2005 at 9:00 a.m. in the National Courts Building, 717 Madison Place, N.W., Washington, DC 20005. The parties shall bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding. The parties shall prepare and deliver at the pretrial conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules, using the template attached.

9. Trial. Trial will be held on Monday, December 5, 2005 through Friday, December 9, 2005 and on Monday, December 12, 2005 through Friday, December 16, 2005. Trial will begin no later than 9:00 a.m. on each day. Trial will be held at the National Courts Building, 717 Madison Place N.W., Washington, DC 20005.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge