**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| | ) | Electronically Filed: |
| Plaintiff, | ) | May 6, 2005 |
| | ) | |
| v. | ) | No. 00-169 L |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**APPENDIX TO DEFENDANT'S EXHIBITS IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE OSAGE NATION'S OBJECTIONS TO DEFENDANT'S PRIVILEGE CLAIMS (DATED MAY 6, 2005)**

**Index to Defendant's Exhibits in Support of Defendant's Opposition to the Osage Nation's Objections to Defendant's Privilege Claims (Dated May 6, 2005)**

**Summary of Exhibits:**

Exhibit No. 1 (Pages 1-32)
Exhibit No. 2 (Pages 33-37)
Exhibit No. 3 (Pages 38-40)
Exhibit No. 4 (Pages 41-42)

| Exhibit No. | Description | Beginning Page Number in Appendix |
|---|---|---|
| 1 | Final Privilege Log | 1 |
| 2 | Letter from Sue Ellen Sloca, Office of the Secretary, FOIA Officer, to Lean D. Bear, Chairman, Skull Valley Band of Goshute Indians (July 14, 2003) | 33 |
| 3 | Letter from Diane Murth, Acting director, Office of Management and Administration, Interior to Richard Reich, Office of the Quinault Attorney, Quinault Indian Tribe (June 1, 2000) | 38 |
| 4 | Indian Tribal and Individual Mineral Owners Quick Reference | 41 |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 315 | 115 | Mark Anderson, Office of the Solicitor | Earl Barlow, BIA Area Director, Minneapolis Area Office | | Red Lake Mill | 06/26/1989 | 3, 4 | ACP, AWP | This memorandum from attorney to client relates to the Area Director's decision letter regarding the viability of the Red Lake Indian Mill. This memorandum contains legal advice from attorney to client; references a decision letter from client; discusses on-going litigation between the United States and the Red Lake Band; and includes the attorney's mental impressions, legal conclusions, and recommendations concerning next steps in the litigation. |
| 363 | 123 | Donna Erwin, Acting Director, OTRM | Mr. James E. Brookside, Deputy Chief, General Lit. Section, ENRD; DOJ | | Request for advisory assistance from Ms. Pamela West relating to the Bureau of Indian Affairs Tribal Trust Funds Reconciliation Project | 01/24/1995 | 1-a, 5 | ACP | This letter relates to the BIA Tribal Trust Funds Reconciliation Project and contains a confidential communication from client to attorney requesting legal advice from Ms. Pamela West, Department of Justice, about specific tasks related to the Reconciliation Project. |
| 372 | 155 | Commissioner of Indian Affairs | Associate Solicitor, Indian Affairs | Roland Miller, Chief, Financial Management | Navajo Tribe of Indians v. United States, Civil No. 356-69, United States Court of Claims | 05/11/1971 | 2, 4 | ACP, AWP | This memorandum from client to attorney provides requested information for pending litigation. The information relates to allotments made by BIA from Navajo accounts and balances in Navajo accounts. It is a confidential communication for the purposes of obtaining legal services (litigation support) and is prepared for pending litigation. |
| 404 | 166 | J.P. Sykes; Fiscal Plans & Management | Associate Solicitor of Indian Affairs | C. Hourigan, Chief, Division of Finance Management, Trust Unit | Cheyenne-Arapaho Tribes of Oklahoma | 08/28/1972 | 3, 4 | ACP, AWP | This memorandum from client to attorney responds to a memorandum from the attorney and relates to the deposit and distribution of receipts collected by the BIA on behalf of a tribe. The memorandum relates to on-going litigation with the Cheyenne-Arapaho Tribe; concerns a test case with the Hoopa Valley Tribe; and contains a list of exhibits compiled from the records of the Bureau and US Treasury regarding the above issue. |

EXHIBIT 1

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 424 | 261 | Deputy Solicitor | Special Trustee | | Personnel rules applicable to the Office of Special Trustee | 05/10/1996 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the applicability of 25 U.S.C. 472 (Indian Preferance Statute) to the Office of Trust Funds Management and contains a general discussion of the Indian Trust Fund Management Reform Act of 1994. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 428 | 262 | David Moran, SOL, Division of Indain Affairs | Rusty Farmer | | Proposed IIM regulations | 10/15/1993 | 1-b, 5 | ACP | This memorandum from attorney to client contains comments regarding proposed regulations for the management of IIM funds and contains legal advice from attorney to client and reflects the attorney's mental impressions, conclusions, and legal theories about the proposed regulations. |
| 430 | 267 | Tim Vollmann, Reg. Solicitor, Southwest Region | Area Director, Muskogee Area Office, BIA | BIA Field Superintendent, Okmulee Agency | BIA collection of overpayment from restricted funds of Lizzy Pinky then Hanson, Creek Indian, Roll No. M-338 | 03/04/1992 | 1-c, 4 | AWP, ACP | This memorandum from attorney to client relates to the BIA's discretion, under a recent Board of Indian Appeals' decision, to forego collection on an erroneous overpayment from funds held in an Individual Indian Money Account and the possible applicability of that decision to the BIA's claims for overpayment against Lizzy Pinky. This memorandum was prepared in anticipation of a collection action against Lizzy Pinky and contains legal advice from attorney to client and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 433 | 280 | Commissioner of Indian Affairs | Associate Solicitor | Charles Hourigan Acting Chief Division of Fin. Management | Navajo Tribe of Indians v United States, Civil No. 256-69, United States Court of Claims | 08/27/1971 | 3, 4 | AWP | This memorandum from client to attorney, in response to the attorney's memorandum/request, provides information and reports in response to plaintiff's requets in Navajo Tribe of Indians v. United States. The memo generally discusses investements from particular trust funds related to the case and was prepared for on-going litigation. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 446 | 35, 296 | John Chaffin, for the Field Solicitor - Richard K. Aldrich, Rock Mountain Region (Billings) | Area Director, Indian Affairs, Billings, Mon | | Application of 31 USC 3527 to provide funds for reimbursement of 3 IIM accounts | 10/29/1986 | 1-b, 4 | ACP | This memorandum from attorney to client relates to a proposal to transfer appropriated funds to and then disburse those funds from three IIM accounts under 31 USC 3527 at the Blackfeet Agency. During the probate of an estate at the Blackfeet Agency, lease revenue monies were mistaknely disbursed to three IIM accounts and the account holders subsequently spent the money. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 447 | 36, 295 | Vernon Peterson, Attorney, Office of the Regional Solicitor | Stanley Speaks, Portland Area Director, Bureau of Indian Affaris, Branch of Finance | | Harvey Philips Estate - Bureau policy regarding collection of erroneous payments | 04/10/1985 | 1-b, 4 | ACP | This memorandum from attorney to client relates to the distribution of assets from the Harvey Phillips Estate, the overpayment from the Estate to Ms. Slockish, and the subsequent collection of overpayments from Ms. Slockish by the BIA. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 448 | 37, 293 | Arthur V. Biggs, Asst. Regional Solicitor, Pacific Northwest Region | Asst. Area Dir., Bureau of Indian Affairs, Branch of Tribal Operations | | 1306-10 Individual Indian Monies (IIM) Accounts | 11/23/1982 | 1-b, 4 | ACP | This memorandum from attorney to client relates to the power of a tribal court to control IIM accounts, including the disbursement from IIM accounts, and contains a general discussion of the nature of IIM accounts This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 468 | 313 | Scott Keep, Asst. Solicitor, Branch of Tribal Government and Alaka | Chief, Branch of Trust Accounting | Director, BIA Juneau Affice; Alaska Liason, BIA | Aleutian and Pribilof Islands Restitution Fund | 03/27/1991 | 1-c, 4 | ACP | This memorandum from attorney to client relates to the Aleutian and Pribilof Islands Restitution Fund, including the investment of those funds. It contains legal advice from attorney to clien and reflects the attorney's mental impressions, conclusions, and legal theories. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| 470 | 314 | William Gershuny, Acting Associate Solicitor, Indian Affairs | Commissioner of Indian Affairs, Attn: Branch of Financial Management | | Navajo Tribe of Indians v. United States, Nos. 256-69 and 377-70, United States Court of Federal Claims | 08/11/1971 | 3, 4 | ACP, AWP | This memorandum from attorney to client relates to recording deposits in Navajo interest accounts and withdrawals from Navajo principal accounts. This memorandum refers to a memo from client to attorney; relates to on-going litigation between the United States and the Navajo Tribe of Indians; and includes the attorney's request for information. |
| 480 | 326 | Assistant Solicitor, Division Indian Affairs, Duane Barnes | Director, Office of Trust Responsibilities | | Authority under the Act of 10/19/73, 87 Stat. 466 | 10/31/1974 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the Secretary of the Interior's ability to delegate his or her authority under the Act of October 19, 1973, 87 Stat. 466 (statute concerns approval of plans for use and distribution of tribal judgment funds) to the Commissioner of the BIA. The memo contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 486 | 332 | Dean Dunsmora, Attorney, DOJ | William Gershuny, Acting Associate Solicitor, DOI | Robert Coulter, Esq. | Six Nations Confederacy v. Cecil Andrus et al., Civil No. 77-0515, U.S.D.C., D.C. | 05/19/1977 | 2, 4 | ACP, AWP | This memorandum from one government attorney to another government attorne relates to a preliminary injunction in the above-captioned case and when payment is considered to be made under 25 USC 70u for judgments awarded to the Six Nations. This memorandum discusses pending litigation; contains confidential communications from government attorney to government attorney, including a request for "relevant information"; and contains the author's mental impressions, conclusions, opinions, and legal theories. |
| 489 | 337 | Commissioner of Indian Affairs | Associate Solicitor, Indian Affairs | Chrony-440, Mailroom | Participants in Osage tribal elections and powers of the Osage Tribal Council | 08/19/1971 | 1-a | ACP | This memorandum from client to attorney relates to the extent of the Osage Tribal Council's authority under the Act of 1906. It is a confidential communication for the purposes of obtaining legal advice. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 512 | 352 | Arthur G. Barber, Acting Superintendent Olympic Penisula Agency | Through Portland Aread Director to Arthur Biggs, Assistant Regional Solicitor, Office of the Regional Solicitor | Dick DeClerk, BIA-PAO, BIA-PAO, PAO-Forestry, For-Hoq, Adm-Hoq | IMPL Escrow Account | 08/19/1985 | 1-a, 4 | ACP | This memorandum from client to attorney relates to the origination of monies in the IMPL Escrow Account at the Olympic Penisula Agency. It is a follow-up confidential communication for the purpose of receiving legal advice. |
| 521 | 367 | William G. Lavell, Associate Solicitor, Division of Indian Affairs | Assistant Secretary, Indian Affairs | | Contractibility of investment of tribal trust funds under Title I of Pub. L 93-638, the Indian Self-Determination Act | 03/23/1990 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the Bureau of Indian Affairs's ability to contract out, upon the request of a Tribe, the investment of tribal trust funds under Title I of Pub. L. 93-638, the Indian Self Determination Act. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 522 | 364 | Thomas Sansonetti, Associate Solicitor, Energy & Resources, Office of the Solicitor, DOI | land management agencies | | Takings implication assessment: R.S. 2477 Policy | 11/01/1988 | 1-c, 5 | ACP | This memorandum relates to Section 8 of R.S. 2477 (43 U.S.C. 932), which provides for a right-of-way construction of highways over public lands not reserved for public use. The memo discusses the policy for determing the existence of and processing such right-of-ways, including takings implications, and contains legal advice and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 525 | 369 | Acting Associate Solicitor, Indian Affairs | Commissioner, Bureau of Indian Affairs | | Statute of Limitations | 01/31/1977 | 1-c, 5 | AWP, ACP | This memorandum from attorney to client discusses the implications of 28 USC 2415, which imposes a statute of limitations on all claims brought by the United States on behalf of Indians for money damages. The memo sets out procedures for complying with 2415 and a proposed legislative alternative to 2415. This memorandum contains legal advice from attorney to client; refers to potential litigation (claims) by the United States on behalf of tribes; and includes the attorney's mental impressions, legal conclusions, and recommendations concerning next steps to ensure compliance with 2415. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
# Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 528 | 376 | Lawrence A. Ascheinbrennes, Acting Associate Solicitor, Indian Affairs | Commissioner of Indian Affairs | | Use of "Indian moneys, proceeds of labor" to fund or supplement funding of contracts and grants under Title I of PL 93-638 | 07/07/1976 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the proposed use of "indian moneys, proceeds of labor" (IMPL) in connection with contracts and grants under Title I of PL 93-638, and discusses the authority to use IMPL funds (and the extent of that authority) for such contracts and grants. This memo contains legal advice from attorney to client; summarizes a confidential communication from client to attorney for the purpose of obtaining a legal opinion; and includes the attorney's mental impressions and legal conclusions. |
| 529 | 377 | Morris Thompson, Commissioner of Indian Affairs | Associate Solicitor, Indian Affairs | Phoenix Area Director; Surname-Chron | Use of "Indian moneys, proceeds of labor" to fund or supplement funding of contracts and grants under Title I of P.L. 93-638 | 08/26/1976 | 1-a, 5 | ACP | This memorandum from client to attorney responds to a legal memo, dated 7/7/76, concerning the use of IMPL funds to supplement funding of contracts and grants under Title I of P.L. 93-638. This memo provides additional information/input regarding IMPL funds, including what funds are included within IMPL funds. It is a confidential communication for the purposes of obtaining legal advice about the granting of IMPL funds. |
| 530 | 380 | John Fritz, Deputy Assistant Sec'y, Indian Affairs | Associate Solicitor, Indian Affairs | Files, BIA, Daniels | IMPL Federal Trust Funds | 03/05/1982 | 1-a, 5 | ACP | This memorandum from client to attorney relates to the Bureau of Indian Affair's management and handling of IMPL Federal Trust Funds, including disposition, ownership and responsibility of said funds. It is a confidential communication for the purpose of obtaining legal advice about the management of IMPL Federal Trust Funds. |
| 531 | 381 | Lawrence Jensen, Associate Solicitor, Division of Indian Affairs | Deputy Assistant Sec., Indian Affairs (Program Operations) | | Implementation procedures for Escrow Accounts established by P.L. 97-257 modification to the Indian Monies, Proceeds of | 11/22/1982 | 1-b, 5 | ACP | This memorandum from attorney to client relates to proposed procedures for preliminary determination concerning entitlement to receive funds in escrow accounts derived from special deposits. This memorandum contains legal advice from attorney to client concerning the proposed procedures; summarizes confidential communications (a draft memorandum) from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, legal |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
# Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Labor (IMPL) Trust Fund | | | | theories, and recommendations concerning the proposed procedures. |
| 532 | 373 | Hans Walker, Acting Associate Solicitor, Division of Indian Affairs | Deputy Assistant Sec., Indian Affairs (Program Operations) | Don, Peggy | Draft regulations on IMPL Funds, Proposed 25 CFR 103 | 02/25/1980 | 1-b, 5 | ACP | This memorandum from attorney to client relates to draft regulations for IMPL Funds (Proposed 25 CFR 103), which set out procedures for the receipt, deposit, investment, and disbursement of IMPL funds. This memorandum contains legal advice from attorney to client concerning the proposed regulation; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, legal theories, and recommendations concerning the proposed regulations. |
| 534 | 378 | Lawrence A. Ascheinbrennes, Acting Associate Solicitor, Indian Affairs | Commissioner of Indian Affairs, Division of Finance Management | | Use of "Indian moneys, proceeds of labor" to fund or supplement funding of contracts and grants under Title I of P.L. 93-638 | 10/01/1976 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the use of "Indian moneys, proceeds of labor" to fund or supplement funding of contracts and grants under Title I of PL 93-638, and clarifies a previous legal opinion regarding the the extent of authority to use IMPL funds to fund contracts and grants. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 536 | 379 | Hans Walker, Acting Associate Solicitor, Division of Indian Affairs | Thomas Stangl, Assistant Director, Finance Management, BIA | Assistant Secretary, Indian Affairs, Mozelle Henry; Inspector General, Arnold Baron; Assitant Solicitor, Auditor and Inspection | Draft regulations governing IMPL Funds and special deposits: Proposed 25 CFR 103 | 06/09/1980 | 1-b, 5 | ACP | This memorandum from attorney to client relates to draft regulations governing IMPL funds and special deposits. (Proposed 25 CFR 103). The IMPL section deals primarily with the source and expenditure of IMPL funds while the special deposit section deals with the distribution of interest earned from from the investment of special deposits. This memorandum contains legal advice from attorney to client concerning the proposed regulation; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, legal theories, and recommendations |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | concerning the proposed regulations. |
| 561 | 395 | Assoc. Sol. For Indian Affairs | Acting Director, Office of Trust Responsibilities, Bureau of Indian Affaris | | United States v. Wald, 8th Cir, No. 76-160 | 09/01/1977 | 3, 4 | ACP, AWP | This memorandum from attorney to client relates to the application of 25 CFR 151.24, the regulation governing penalties for grazing trespass in light of United States ex rel. Chase v. Wald, which ruled that the regulation is unlawful. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 562 | 2, 391 | Commissioner of Indian Affairs | Associate Solicitor, Div. of Indian Affairs | | Proposed system for categorizing Individual Indian Money Accounts for distribution of interest | 10/13/1972 | 1-a, 5 | ACP | This memorandum relates to a proposed system to categorize all IIM accounts, which might result in different distributions and rates of returns for different categories. It contains confidential communications from client to attorney for the purpose of obtaining legal advice on the same subject. |
| 563 | 3, 393 | Asst. Solicitor, Indian Affairs | BIA, Investments | | Segregation of Individual Money Accounts for payment of interest | 04/19/1973 | 1-b, 5 | ACP | This memorandum from attorney to client relates to a proposal to segregate Individual Indian Money Accounts into restricted (minors and legal disability) and unrestricted (all other depositors) accounts for payment of Interest. This memorandum contains legal advice from attorney to client concerning the proposal, including a discussion of the significance of trust funds; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 564 | 4, 392 | Comm. of Indian Affairs | Assoc. Solicitor, Division of Indian Affairs | | Proposed system for categorizing Individual Indian Money Accounts for distribution of interest | 10/13/1972 | 1-a, 5 | ACP | This memorandum relates to a proposed system to categorize all IIM accounts, which might result in different distributions and rates of returns for different categories. It contains confidential communications from client to attorney for the purpose of obtaining legal advice on the same subject. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 565 | 5, 394 | Asst. Solicitor, Indian Affairs | BIA, Investments | | Segregation of Individual Indian Money Accounts for payment of interest | 04/19/1973 | 1-b, 5 | ACP | This memorandum from attorney to client relates to a proposal to segregate Individual Indian Money Accounts into restricted (minors and legal disability) and unrestricted (all other depositors) accounts for payment of Interest. This memorandum contains legal advice from attorney to client concerning the proposal, including a discussion of the significance of trust funds; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 566 | 15, 397 | Martin L. Seneca, Jr. Esq, Assoc. Solicitor, Indian Affairs | Director, Office of Trust Responsibilities, BIA | Chief, Branch of Investments & ISSDA, Albuquerque | Indian trust funds maintained as "Individual Indian Money" | 04/29/1975 | 1-b, 5 | ACP | This memorandum from attorney to client relates to Indian trust funds maintained as "Individual Indian Money". It contains the attorney's legal opinions and requests relevant advice from the Director of the Office of Trust Responsibility regarding the management of tribal trust funds. |
| 568 | 17, 398 | Robert N. Barone, InterGroup Financial Corp. | Shirley Smith, U.S. Attorney's Office, DOJ | | Southern Paiute Nation of Indians Trust Minors - #31-001177-0 | 07/05/1985 | 2, 4 | AWP | This memorandum appears to be from an expert consultant or witness to a U.S. attorney and prepared for litigation between the United States and the Southern Paiute Nation. The memo relates to yields of Southern Paiute Nation trust funds. |
| 570 | 7, 399 | Asst. Secretary of Indian Affairs | Assoc. Solicitor, Indian Affairs | | Request for Solicitor's Opinion | 00/00/0000 | 1-a, 4 | ACP | This memorandum from client to attorney relates to the Yakima Indian Nation's request for permission to move funds from a tribally controlled bank account to the Bureau of Indian Affairs' Treasury tribal trust account. It is a confidential communication for the purposes of obtaining a legal opinion regarding the Yakima Indian Nation's request and whether other types of Funds can be put into a Treasury trust account. |
| 571 | 18, 405 | Reid Payton Chambers, Assoc. Sol., Indian Affairs | Asst. to the Secretary for Indian Affairs | | Investment of Indian Power Project and Irrigation Project Operation and Maintenance Revenues | 10/10/1973 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the investment of Indian Power Project and Irrigation Project collections. It contains legal advice from attorney to client; confidential communication from client to attorney for the purpose of obtaining legal advice; and includes the attorney's mental impressions, and legal conclusions. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 572 | 19, 404 | William G. Lavell, Field Solicitor | Area Director, BIA Phoenix | From Area Director to All Super. Off. in Charge & Coord., Phoenix Area | Investment of Indian Tribal Trust Funds | 01/31/1973 | 1-b, 4 | ACP | This memorandum (attached to a cover letter from Area Director to all superintendents, Officers in Charge and Coordinators, Phoenix Area) from attorney to client relates to the required rate of return on investment of Tribal trust funds and the limitations on investing such funds. It contains legal advice from attorney to client; confidential communication from client to attorney for the purpose of obtaining legal advice; includes the attorney's mental impressions and legal conclusions; and appears to relate to a Tribe under the jurisdiction of the Phoenix Area Office. |
| 574 | 21, 402 | Assistant Secretary, Management & Budget, Department of the Interior | Assoc. Solicitor, Division of Indian Affairs | Secretary's File Copy, Commissioner's Reading File, LM Copy, 730, 700, LIA Mailroom, Bureau-DFM, JVale | Requests for Opinion regarding the Branch of Investments and ISSDA - with attached documents | 01/16/1973 | 1-a, 5 | ACP | Memorandum from client to attorney relating to (and enclosing) outstanding requests for opinions regarding the Branch of Investments and ISSDA.<br><br>The first enclosed memo, Purchase of Other Than Treasury Securities for ISSDA Investments Through a Broker Instead of Through the Treasury Department, is from the Commissioner of Indian Affairs, Dept. of the Interior, to the Associate Solicitor, Division of Indian Affairs. This memo contains confidential communications from client to attorney for the purpose of obtaining legal advice regarding the purchasing investments through a broker. Referenced and attached to this memo/confidential communication is a letter from W.J. Wilson, Jr., Senior Account Executive, Merril lynch, Pierce, Fenner & Smith, to Mr. John Vale, Bureau of Indian Affairs, relating to proposed procedures for Merril Lynch to hold securities for the BIA.<br><br>The second enclosed memo, Proposed System for Categorizing Individual Indian Money Account for Distribution of Interest, is from client, Commissioner of Indian Affairs, to Associate Solicitor, Division of Indeian Affairs, dated 10/13/92. This memorandum relates to a proposed system to categorize all IIM accounts, which might result in different distributions and rates of returns for different categories. It contains confidential communications from client to attorney for the purpose of obtaining legal advice. |

## Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 578 | 8, 408 | Edwin Winstead, Atty., Div. of Indian Affairs | Jim Parris, Chief, Branch of Trust fund Accounting, BIA | | Shii Shi Keyah Association v. Hodel, May 15, 1989, Court Deadline for Implementation of New Accounting System for Computation of Interest | 05/01/1989 | 2, 4 | AWP | This memorandum from attorney to client relates to the Court deadline in the above-captioned case for implementing a new accounting system to calculate interest. This memorandum discusses on-going litigation between the United States and the Shii Shi Keyah Association and includes the attorney's mental impressions, legal conclusions, and recommendations concerning the new accounting system and the timeline for implementing the new system. |
| 579 | 12, 411 | George Skibine, Staff Atty, Office of the Solicitor | Assistant Sol., General Indian Legal Activities | Arlene Brown, Office of ASIA, Ross Dembling, Division of Gen. Law | Questions and answers on Trust Funds RFP | 01/20/1988 | 1-b, 5 | ACP | This memorandum from government attorney to government attorney, responds to questions about a request for proposal for a third-party (private; non-government) to manage Tribal trust funds. It reflects the attorney's mental impressions and legal conclusions and reflects confidential communications, including questions, from a government attorney. |
| 582 | 23, 413 | Thomas Sansonetti, Associate Solicitor, Energy and Resources | Assoc. Dir. for Royalty Management, Minerals Management Service | | Interest payments on Indian oil and gas lease revenues under the Federal Oil and Gas Royalty Mangement Act of 1982 | 10/23/1987 | 1-b, 3, 5 | ACP, AWP | This memorandum from attorney to client relates to whether MMS must pay interest under the Federal Oil and Gas Royalty Management Act ("FOGRMA") on Indian oil and gas lease revenues when the revenues are earning investment interest. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; discusses pending litigation in New Mexico on the same subject; and reflects the attorney's mental impressions, conclusions, and legal theories about interest payments and the general collection and investment process of proceeds from indian lands. |
| 583 | 24, 412 | Tim Vollman, Assoc. Solicitor, Indian Affairs | Director, MMS | Skeep RF | Escrow of Funds of Lease Erroneously Conveyed to the State of Alaska | 07/16/1987 | 1-b, 4 | ACP | This memorandum from attorney to client relates to the MMS proposal to escrow receipts derived from oil and gas leases of mineral estate in Alaska (proposal resulted from a request from a native regional corporation). This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | conclusions, and legal theories. |
| 586 | 416 | Richard Aldrich, the Field Solicitor, Rocky Mountain Region (Billings) | Area Director, Indian Affairs, Billings - attn: 230 | handwritten initials | Application of 31 U.S.C. Section 3527 to provide funds for reimbursement of three IIM Accounts | 10/29/1986 | 1-b, 4 | ACP | This memorandum from attorney to client relates to a proposal to transfer appropriated funds to and then disburse those funds from three IIM accounts under 31 USC 3527 at the Blackfeet Agency. During the probate of an estate at the Blackfeet Agency, lease revenue monies were mistaknely disbursed to three IIM accounts and the account holders subsequently spent the money. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 588 | 418 | Duard R. Barnes, Asst. Solicitor, Branch of General Indian Legal Activities | Director, Office of Trust Funds Request - attn: Chief, Division of Trust Funds Management | | Eligibility of Krupp Government Income Trust for Investment of Indian Trust Funds under 25 USC 162a. | 11/21/1990 | 1-b, 5 | ACP | This memorandum from attorney to client discusses whether the Secretary can invest Indian trust funds in the Krupp Government Income Trust under 25 USC 162a. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 589 | 421 | Patrick A. Hayes, Deputy to the Asst. Secretary - Indian Affairs (Operations) | Associate Solicitor, Indian Affairs | | Eligibility of repurchase agreements and Government Agency Money Market Account (GAMMA) under 28 U.S.C. 162a | 10/13/1989 | 1-b, 5 | ACP | This memorandum from client to attorney relates to a request from the Security Pacific National Bank for authorization to invest in repurchase agreeements and a Government Agnecy Money Market Account (GAMMA) under 25 USC 162a. It is a confidential communication for the purposes of obtaining a legal advice on the same subject. |
| 591 | 420 | Dennis Daugherty, Assoc. Solicitor, Div. of Indian Affairs | Asst. Secretary – Indian Affairs | DIA Gskilbine, Docket, D. Barnes | Authority of the BIA to place the disbursing functions of the Indian trust funds with an eligible financial institution | 01/24/1989 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the authority of the Bureau of Indian Affairs to place the disbursing functions of various Indian trust funds, including tribal trust funds, with an eligible financial institution. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 592 | 419 | Nanette R. Everson Assoc. Solicitor, Div. of Gen Law | Asst. Secretary – Indian Affairs | Dennis Daugherty, Assoc. Solicitor, Div. Of Indian Affairs; A. Brown, Indian Affairs | Advisory consultants to the Financial Trust Services Evaluation Committee | 04/21/1988 | 1-b | ACP | This memorandum from attorney to client discusses a proposal for tribal members to serve as consultants to the Financial Trust Servies Evaluation Committee in light of the Federal Advisory Committee Act (FACA), which requires specific procedures for a committee that provides advice to the government. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 616 | 442 | Charles M. Soller, Asst. Sol., Indian Legal Activities | Frank Limpouch, BIA | | Returning Marine Midland Trust Co.'s correspondence regarding Repurchase Agreements | 10/14/1969 | 1-b | ACP | This note from attorney to client relates to a repurchase agreement with Marine Midland Trust and whether such an arrangement is within the authority of 25 USC 162a. This memorandum contains legal advice from attorney to client; refers to a confidential phone conversation for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 620 | 452 | Assoc. Sol., Indian Affairs | Assitant to the Secretary for Indian Affairs | Division of Financial Management, DOI | Investment of Indian Power Project and Irrigation Project Operation and Maintenance Revenues | 10/10/1973 | 1-b, 5 | ACP | This memorandum from client to attorney relates to whether revenue collected from Indian Power and Irrigation Projects may be invested under Section 162a, Title 25. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 621 | 451 | Secretary of the Interior | Assoc. Sol., DIA | | Purchase of small business administration guaranteed loans with Individual Indian Money Deposit Funds | 05/01/1973 | 1-a, 5 | ACP | This memorandum from client to attorney discusses purchasing Small Business Adminstration (SBA) Loans with IIM funds. It is a confidential communication for the purposes of obtaining a legal review of the SBA program and associated documents. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
# Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 624 | 456 | Comm. Indian Affairs Through: AS- Public Land Mgmt. | Assoc. Sol., DIA | DFM-Bureau; Commissioner's Reading File; Asst. Secretary, Public Land Management; LIA Mailroom; JVale | Purchase of other than Treasury Securities for ISSDA investments through a broker instead of through the Treasury Department | 10/27/1972 | 1-a, 5 | ACP | The memornadum is from the Commissioner of Indian Affairs, Dept. of the Interior (client), to the Associate Solicitor, Division of Indian Affairs (attorney). This memo contains confidential communications from client to attorney for the purpose of obtaining legal advice regarding purchasing investments through a broker. |
| 629 | 459 | Dir., Ofc. Of Trust Responsibility | Solicitor | John Vale, 220-3, Wash Corres, Chrony | Pledging of collateral under Treasury Circular 176 for non-trust tribal funds | 02/24/1976 | 1-a, 5 | ACP | This memorandum from client to attorney relates to the pledging of collateral under Treasury Circular 176 for Non-trust Tribal Funds. It is a confidential communication for the purposes of obtaining a legal advice regarding the same subject and expresses the client's opinion. |
| 631 | 457 | Dir., Office of Trust Responsibility | Solicitor | John Vale, 220-3, Wash Corres, Chrony | Pledging of collateral under Treasury Circular 176 for non-trust tribal funds | 02/24/1976 | 1-a, 5 | ACP | This memorandum from client to attorney relates to the pledging of collateral under Treasury Circular 176 for Non-trust Tribal Funds. It is a confidential communication for the purposes of obtaining a legal advice regarding the same subject and expresses the client's opinions. |
| 632 | 458 | Comm. of Indian Affairs Through: AS- Public Land Mgmt. | Assoc. Sol., DIA | | Proposed system for categorizing Individual Indian Money Accounts for distribution of interest | 10/13/1972 | 1-a, 5 | ACP | This memorandum relates to a proposed system to categorize all IIM accounts, which might result in different distributions and rates of returns for different categories. It contains confidential communications from client to attorney for the purpose of obtaining legal advice on the same subject. |
| 633 | 463 | Asst. Sol., Indian Affairs | BIA - Attention: Investments | | Segregation of Individual Indian Money Accounts for payment of interest | 04/19/1973 | 1-b, 5 | ACP | This memorandum from attorney to client relates to a proposal to segregate Individual Indian Money Accounts into restricted (minors and legal disability) and unrestricted (all other depositors) accounts for payment of Interest. This memorandum contains legal advice from attorney to client concerning the proposal, including a discussion of the significance of trust funds; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
# Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | attorney's mental impressions, conclusions, and legal theories. |
| 634 | 464 | Martin E. Seneca, Jr., Director, Ofc. Of Trust Responsibility | Assoc. Sol., Indian Affair | Chief, Br. of Investments & ISSDA, ABQ, Commissioner's Reading File, Mailroom | Indian trust funds maintained as "Individual Indian Money" | 04/29/1975 | 1-b, 5 | ACP | This memorandum from attorney to client relates to Indian trust funds maintained as "Individual Indian Money". It contains the attorney's legal opinions and requests relevant advice from the Director of the Office of Trust Responsibility regarding the management of tribal trust funds. |
| 646 | 473 | Reinholt Brust, Assistant Area Director | Field solicitor | Superintendent, Fort Peck agency - attn: Real Property Mgt. and Land Operations | Restoration, abandonment, or transfer of public use areas | 03/21/1967 | 1-a, 4 | ACP | This memorandum from client to attorney relates to the restoration or abandonment of pulic use areas within townsites on the Fort Peck Reservation in connection with a proposed transfer of such areas to tribal ownership. It is a confidential communication for the purposes of obtaining legal advice on the same subject. |
| 732 | 502 | A. Scott Loveless, Attorney-Advisor; Regional Solicitor, Intermountain Region; Office of Solicitor | Superintendent, Uintah and Ouray Agency, Bureau of Indian Affairs | | Reversionary Status of Allotted Property | 11/21/1991 | 1-b, 4 | ACP | This memorandum from attorney to client relates to the date the Ute Indian Tribe becomes the beneficial owner of a particular tract of land to determine ownership of the mineral estate. This memorandum referes to prior legal opinions and contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 734 | 503 | Mary Dearborn, Paralegal Specialist, on behalf of Philip N. Hogen, U.S. Attorney, Dept. of Justice | Mark Anderson, Office of the Field Solicitor | | Ducheneanx, et al v. United States | 09/09/1991 | 1-b, 2, 4 | ACP, AWP | This letter from attorney to attorney addresses the issue of BIA procedures for litigation settlement reimbursements in the context of the above-captioned case. This memo contains legal advice from attorney to attorney; summarizes confidential communication from attorney to attorney; reflects the author's mental impressions, conclusions; and references specific litigation. |
| 752 | 202, 522 | Thomas W. Fredricks, Associate Solicitor, Division of Indian Affairs; Dave Moran, DC Solicitor | Assistant Secretary Indian Affairs | | New departmental regulations on rulemaking | 10/31/1978 | 1-c, 3 | ACP, AWP | This memorandum from attorney to client discusses/highlights new regulations for rule-making, particularly for significant rules and significant amendments. It contains legal advice from attorney to client and includes the attorney's mental impressions and recommendations related to litigation (Norman Red Bear v. Andrus, No. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
# Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 78-3036, U.S.D.C. S.D.). |
| 772.02 | 222, 542 | OST | File | | Solicitors Opinions FY 1990 - 1997 | 09/18/1997 | 1-a | ACP | This 4-page chart from OTFM, contains a list of the status of Solicitors Opinions in response to OTFM requests (primarily dealing with management of trust funds for various Tribes), related correspondence (requests), attorney sent, and status of opinions. This memorandum summarizes confidential communications for the purpose of obtaining legal advice and the status of the opinions. |
| 772.03 | 222, 542 | Director, OTFM | Special Assistant to the Associate Solicitor | Karen Foster, OTFM | OTFM investment of indian monies in "agency"/government sponsored entities (GSE) debt securities | 04/20/1999 | 1-a, 5 | ACP | This 2-page memorandum from Director OTFM, to Associate Solicitor DOI, concerns a request for a solicitor's opinion regarding OTFM investment of Indian monies in "Agency"/GSE Debt Securities under U.S.C. 162(a). This memorandum is a communication made for the purpose of obtaining legal advice and direction in carrying out the provisions of 25 U.S.C. 162(a); refers to legal issues of prior solicitor opinions; and includes solicitors' opinions. |
| 772.04 | 222, 542 | | | | Solicitors Opinions FY 1990 - 1996 | 09/16/1996 | 1-a | ACP | This chart from OTFM, contains a list of the status of Solicitors Opinions in response to OTFM requests (primarily dealing with management of trust funds for various Tribes), related correspondence (requests), attorney sent, and status of opinions. This memorandum summarizes confidential communications for the purpose of obtaining legal advice and the status of the opinions. |
| 772.06 | 222, 542 | Tonianne Baca, Attorney-Advisor Office of the Southwest Regional Solicitor | Director, Office of Trust Fund Management | | Suitability of certain investments under 25 U.S.C. 162a | 09/16/1996 | 1-b, 5 | ACP | This 3-page memorandum to Director OTFM, from Office of the SW Regional Solicitor, responds to Director's 1/22/96 request for advice regarding the suitability of certain investments, including Government Sponsored Enterprises under 25 U.S.C. 162(a). This memorandum contains legal advice from attorney to client concerning 25 U.S.C. 162(a); summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 772.08 | 222, 542 | Chief, Division of Trust Funds Services | Special Assistant to the Associate Solicitor | | Suitability of certain investments under 25 U.S.C. 162a | 00/00/0000 | 1-a, 5 | ACP | This 2-page memorandum (plus 1 attachment) to Special Assistant to the Associate Solicitor, from Chief Division of Trust Funds Services, concerns the suitability of certain investments, including GSEs under 25 U.S.C. 162(a). This memorandum is a confidential communication between client and attorney made for the purposes of keeping the attorney informed, and discusses legal interpretation of 25 U.S.C. 162(a). |
| 772.09 | 222, 542 | Director, Office of Trust Fund Management | Special Assistant to the Associate Solicitor, DOI | | Wampanoag request for land purchase | 01/14/1999 | 1-a, 4 | ACP | This 2-page memorandum to the Special Assistant to the Associate Solicitor, from Director OTFM, concerns the Wampanoag request for land purchase utilizing tribe settlement funds. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice and for the purpose of keeping the attorney informed. |
| 772.10 | 222, 542 | Chief, Division of Trust Funds Services (OTFM) | Special Assistant to the Associate Solicitor, DOI | 540 Surname; RLUpton | Fax cover sheet with attached memorandum entitled Disposition of interest on per capita awards | 01/21/1999 | 1-a, 4, 5 | ACP | This 2-page memorandum (plus fax cover sheet) to the Special Assistant to the Associate Solicitor, from Chief, Division of Trust Funds Services OTFM, concerns the disposition of interest on per capita awards to Red Lake Band of Chippewas, and requests legal clarification/interpretation for other tribes in the future. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice and keeping the attorney informed. |
| 772.11 | 222, 542 | David Moran, Attorney, Office of the Solicitor | Donna Erwin, Director, Office of Trust Fund Management | | Northern Cheyenne request to withdraw Northern Cheyenne trust funds established under P.L. 102-374, Northern Cheyenne Indian Reserved Water Rights | 10/11/1997 | 1-b, 4 | ACP | This 1-page memorandum (plus 1 attachment) to Director of OTFM, from the Office of the Solicitor, concerns the Northern Cheyenne request to withdraw trust funds established under P.L. 102-374. This memorandum contains the attorney's legal opinion o the proposal;attaches confidential communications from client to attorney; and is made for the purpose of providing and obtaining legal advice. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Settlement Act | | | | |
| 772.12 | 222, 542 | Douglas Lords, Director OTFM | Dave Moran, Office of the Solicitor | | Second request regaining withdrawal by tribe of Northern Cheyenne trust funds established under P.I. 102-374, the Northern Cheyenne Indian Reserved Water Rights Settlement Act of 1992 | 11/21/1997 | 1-a, 4 | ACP | This 2-page memorandum to Office of the Solicitor from Director, OTFM, concerns the Northern Cheyenne request to withdraw trust funds established under P.L. 102-374. This memorandum contains confidential communications from client to attorney and is made for the purpose of obtaining legal advice The memo also includes the attorney's final legal opinion on the same subject. |
| 772.13 | 222, 542 | David Moran, Office of the Solicitor | Donna Erwin, OTFM | Joe Weller, Bob Upton, Pat G. | Fax cover sheet attaching confirmation on OTFM | 01/15/1998 | 1-b, 4 | ACP | This 1-page fax cover sheet to the Director of OTFM, Donna Erwin, from the Associate Solicitor, concerns the Three Affiliated Tribes' request to withdraw docket 350G Funds. This fax provides the attorney's legal opinion. |
| 772.14 | 222, 542 | Director, Office of Trust Funds Management (OTFM) | Special Assistant to the Associate Solicitor | | Three Affiliated Tribes request to withdraw docket 350G funds | 08/28/1997 | 1-a, 4 | ACP | This 1-page memorandum to the Special Assistant to the Associate Solicitor, from the Director OTFM, concerns the Three Affiliated Tribes' request to withdraw docket 350G Funds. This memorandum is a confidential communication from client to attorney, made for the purpose of obtaining legal advice and keeping the attorney informed. |
| 772.15 | 222, 542 | David Moran, Attorney, Office of the Solicitor | Donna Erwin, Director, Office of Trust Fund Management | | Three Affiliated Tribes request to withdraw docket 350G funds | 08/19/1997 | 1-b, 4 | ACP | This 2-page memorandum to Director OTFM, from Office of the Solicitor, concerns the Three Affiliated Tribes' request to withdraw docket 350G Funds. This memorandum is a confidential communication from attorney to client, made for the purpose of obtaining legal advice and keeping the attorney informed. |
| 772.28 | 222, 542 | Doug Lords, Acting Director (OTFM) | Special Assistant to the Associate Solicitor | Gary Roger, Chief Division of Field Operations; | Request for Solicitor's opinion on releasing funds | 07/07/1997 | 1-a, 4 | ACP | This 2-page memorandum (plus 4 attachments) to the Special Assistant to the Associate Solicitor, from the Acting Director OTFM, concerns a request for the Solicitor's Opinion on releasing funds under |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Gary King, Customer Relations Specialist, OTFM | under provisions of 25 U.S.C. Section 1724 | | | | provisions of 25 U.S.C. 1724 based on a a request from the Pleasant Point Reservation of the Passam This letter contains confidential communications from client to attorney for the purpose of obtaining and providing legal advice, and is a communication made for the purpose of keeping the attorney informed. |
| 772.29 | 222, 542 | Richard Doyle, Governor, Pleasant Point Reservation | Gary Rogers, Division Chief, Field Operations | Dorothy Clement; George W. Sample, Esq.; Jonathan Musher | Enclosing Resolution of the Passamaquoddy Joint Tribal Council to request that the Secretay transfer current balance of portion of Maine Indian Claims Land Acquisition Fund | 06/17/1997 | 1-a, 4 | ACP | This 2-page letter (1 of 4 attachments) to Division Chief Field Operations, from the Governor of Pleasant Point Reservation, concerns the Passamaquoddy Tribe's request that the Secretary transfer their balance of the Maine Indian Claims Land Acquisition Fund to Smith Barney. This letter on its own is not privileged, but is an attachment to a letter which contains confidential communications from an agency to its counsel, made for the purpose of obtaining and providing legal advice, and made for the purpose of keeping the attorney informed. See Yankee Atomic Electric Co. v. U.S., 54 Fed. Cl. 306, 314 (2002). |
| 772.30 | 222, 542 | Clerk, Joint Tribal Council | | | Resolution of the Joint Tribal Council of the Passamaquoddy Tribe, adopted at a meeting held at Indian Township Reservation on June 11, 1997 | 06/11/1997 | 1-a, 4 | ACP | This 2-page document (2 of 4 attachments), concerns the Resolution of the Joint Tribal Council of the Passamaquoddy Tribe adopted on June 11, 1997. This resolution on its own is not privileged, but is an attachment to a letter which contains confidential communications from an agency to its counsel, made for the purpose of obtaining and providing legal advice, and made for the purpose of keeping the attorney informed. See Yankee Atomic Electric Co. v. U.S., 54 Fed. Cl. 306, 314 (2002). |
| 772.31 | 222, 542 | Richard Doyle, Governor, Pleasant Point Reservation | Jonathan Musher | Gary Rogers, Doi; Gregory W. Sample, Esq.; Dorothy Clement | Account of the Passamaquoddy Tribe | 06/17/1997 | 1-a, 4 | ACP | This 2-page letter (3 of 4 attachments), to Smith Barney, from Governor of the Passamaquoddy tribe, concerns the tribes' account. This letter on its own is not privileged, but is an attachment to a letter which contains confidential communications from an agency to its counsel, made for the purpose of obtaining and providing legal advice, and made for the purpose of keeping the attorney informed. see Yankee Atomic Electric Co. v. U.S., 54 Fed. Cl. 306, 314 (2002). |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 772.32 | 222, 542 | | | | Title 25--Indians Section 1724 | 00/00/0000 | 1-a, 4 | ACP | This 4-page excerpt (4 of 4 attachments) of the US Code, concerns 25 U.S.C. 1724, the Maine Indian Claims Settlement and Land Acquisition Funds in the US Treasury. This excerpt on its own is not privileged, but is an attachment to a letter which contains confidential communications from an agency to its counsel, made for the purpose of obtaining and providing legal advice, and made for the purpose of keeping the attorney informed See Yankee Atomic Electric Co. v. U.S., 54 Fed. Cl. 306, 314 (2002). |
| 772.34 | 222, 542 | Director, OTFM | Dave Moran, Office of the Solicitor | | Documenting for the record recent discussion held regarding authority for withdrawal of judgment funds in Docket 22-H for the White Mountain Apache Tribe of Arizona | 05/22/1997 | 1-a, 4 | ACP, AWP | This 2-page memorandum to the Office of the Solicitor, from the Director OTFM, concerns the recent discussions held regarding the authority for withdrawal of judgment funds in Docket 22-H for the White Mountain Apache Tribe of AZ (pending litigation). This document is a confidential communication from a client to its agency counsel, made for the purpose of keeping the attorney informed, and contains the mental impressions of agency enforcement staff. |
| 772.35 | 222, 542 | Director, OTFM | Regional Solicitor, Sw Region, Usdoi | Handwritten initials (file copy) | Non-federally recognized tribes with funds held by OTFM | 04/22/1997 | 1-a, 4 | ACP | This 1-page memorandum to Regional Solicitor SW Region, from Director OTFM, concerns 7 non-federally recognized tribes (not Osage) with funds held by OTFM. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice. |
| 772.36 | 222, 542 | Robert L. Upton, Acting Director OTFM | Special Assistant to the Associate Solicitor | | Request for Solicitor's Opinion on removal of funds under provisions of Public Law 103-444 (108 STAT.4632), Crow Boundary Settlement Act of 1994, and | 04/14/1997 | 1-a, 4 | ACP | This 1-page memorandum to the Special Assistant to the Associate Solicitor, from the Acting Director OTFM, concerns a request for Solicitor's Opinion on removal of funds under P.L. 103-444, Crow Boundary Settlement Act of 1994, P.L. 103-412, and AITFMRA of 1994. This memorandum contains confidential communications from client to agency counsel for the purpose of obtaining legal advice. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Public Law 103-412 (108 STAT. 4239), The American Indian Trust Fund Management Reform Act of 1994 | | | | |
| 772.37 | 222, 542 | Robert L. Upton, Acting Director OTFM | Dave Moran, Office of the Solicitor | | Request for Solicitor's Opinion on releasing funds under provisions of 25 U.S.C. Section 1724 | 03/28/1997 | 1-a, 4 | ACP | This 1-page memorandum to the Office of the Solicitor, from the Acting Director OTFM, concerns a request for the solicitor's opinion on releasing and investing funds under provision of 25 U.S.C. 1724 (the funds belong to the Pleasant Point Reservation of the Passamaquoddy Tribe). This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice. |
| 772.38 | 222, 542 | Director, OTFM | Area Director, Albuquerque Area Office; Dave Muran, Office of the Solicitor | | Repayment of tribal trust funds from private foundations | 02/26/1997 | 1-b, 4 | ACP | This 1-page memorandum to Area Director, Albuquerque Area Office, from Director OTFM, concerns the repayment of tribal trust funds (Taos Pueblo) from private foundations. This memorandum contains confidential communications between agencies; contains agency counsel's opinions and recommendations; and is a confidential communication made for the purpose of relaying legal advice. |
| 772.40 | 222, 542 | Director, Office of Trust Funds Management | Special Assistant to the Associate Solicitor | | Policy on closing small and inactive tribal accounts | 01/23/1997 | 1-a | ACP | This 1-page memorandum to the Special Assistant to the Associate Solicitor, from the Director OTFM, concerns OTFM's new policy on closing small and inactive tribal accounts. It is a confidential communication from client to attorney for the purpose of obtaining legal advice concerning the new policy. |
| 772.41 | 222, 542 | Douglas A Lords, Acting Director, OTFM | Special Assistant to the Associate Solicitor | Juneau Area Director; Contracting Officer, Junea Area Office; Roger Judson, Attorney; | Aleutian/Pribilof Islands Association Inc (A/PIA) claim for attorney and administrative expenses | 09/23/1996 | 1-a, 4 | ACP | This 1-page memorandum to the Special Assistant to the Associate Solicitor, from the Acting Director OTFM, concerns the Aleutian/Pribilof Islands Association Inc. (A/PIA) claim for attorney and administrative expenses under P.L. 100-383 sec. 205(d). This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice on the payment or |

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Margaret Williams, Trust Funds Accounting | | | | | non-payment of the claim. |
| 772.44 | 222, 542 | Tonianne Baca, Attorney-Advisor For Southwest Regional Solicitor's Office | Director, OTFM | | Suitability of certain investments under 25 U.S.C. 162a | 09/16/1996 | 1-b, 5 | ACP | This 3-page memorandum to Director OTFM, from Office of the SW Regional Solicitor, concerns OTFM's request for advice regarding the suitability of certain investments, including Government-Sponsored Enterprises under 25 U.S.C. 162a. This memorandum contains confidential communications between agency and counsel and is made for the purpose of providing legal advice and keeping counsel informed. This document includes the attorney's mental impressions and legal conclusions. |
| 772.48 | 222, 542 | Office of the Southwest Regional Solicitor | Director, OTFM | | Suitability of certain investments under 25 U.S.C. 162a | 09/16/1996 | 1-b, 5 | ACP | This 1-page excerpt of a memorandum to Director OTFM, from Office of the SW Regional Solicitor, concerns OTFM's request for advice regarding the suitability of certain investments, including Government-Sponsored-Enterprises under 25 USC 162a. This memorandum contains confidential communications from attorney to the agency, is a communication made for the purpose of providing legal advice, , and contains the attorney's mental impressions, opinions, and conclusions. |
| 772.51 | 222, 542 | Director, OTFM | Special Assistant to the Associate Solicitor | | Restoration to indian tribes of unclaimed per capita and other individual payments of tribal trust funds | 07/24/1996 | 1-a, 4 | ACP | This 1-page memorandum (plus 2 attachments) to the Special Assistant to the Associate Solicitor, from the Director OTFM, concerns a reqeust from the Cherokee Shawnee Business Committe in Oklahoma for the retun of unclaimed monies. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice. |
| 772.53 | 222, 542 | Actingdirector, OTFM | Special Assistant to the Associate Solicitor | Paul Homan, Special Trustee For American Indians | Voluntary deposit of funds generated from tribal activities outside of trust | 04/03/1996 | 1-a, 4 | ACP | This 1-page memorandum to the Special Assistant to the Associate Solicitor, from the Acting Director OTFM, concerns the voluntary deposit of funds generated from tribal activities (Yavapai-Apache Nation and Taos Pueblo) outside of trust. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice, and keeping the attorney informed. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 772.54 | 222, 542 | Douglas Lords, Acting Director OTFM | Southwest Regional Solicitor, Albuquerque, New Mexico | | Suitability of certain investments under 25 U.S.C. 162a | 01/22/1996 | 1-a, 5 | ACP | This 2-page memorandum to SW Regional Solicitor from the Acting Director OTFM, concerns the suitability of certain investments, including Government-Sponsored Entitities, under 25 USC 162a. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice regarding OTFM's investment responsibility. |
| 772.55 | 222, 542 | Director, OTFM | Dave Moran, Special Assistant to the Associate Solicitor | | Request for opinion regarding lost earnings of Hoopa Valley Tribe | 02/03/1995 | 1-a, 4 | ACP | This 1-page excerpt of a memorandum to the Special Assistant to the Associate Soclicitor, from Director OTFM, concerns a request for a solicitor's opinion regarding lost earnings of Hoopa Valley Tribe. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice as to how and when to credit lost earnings to the Tribe's account. |
| 772.56 | 222, 542 | Robert Upton, Acting Director OTFM | Dave Moran, Esq., Special Assistant to the Associate Solicitor | | Request for Opinion regarding lost earnings of Hoopa Valley Tribe | 11/30/1994 | 1-a, 4 | ACP | This 1-page memorandum to the Special Assistant to the Associate Solicitor, from the Acting Director OTFM, concerns a request for opinion regarding lost earnings of Hoopa Valley Tribe. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice, and is a communication containing the mental impressions, conclusions, and legal theories of prior opinions of the solicitor. |
| 772.57 | 222, 542 | Robert L. Upton, Acting Director OTFM | Dave Moran, Esq. Special Assistant to the Associate Solicitor | Area Director, Aberdeen Office; Supt. Fort Berthold Agency | Request for Opinion regarding Three Affiliated Tribes/Fort Berthold Indian Reservation Mini-Fund Proposal (Proposal) relative to P.L. 102-575 | 11/30/1994 | 1-a, 4 | ACP | This 1-page memorandum to the Special Assistant to the Associate Solicitor, from the Acting Director OTFM, concerns a request for opinion regarding Three Affiliated Tribes/Fort Berthold Indian Reservation Mini-Fund Proposal relative to P.L. 102-575. This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice regarding the proposal, including the transfer of the Tribe's funds. |
| 772.59 | 222, 542 | Director, OTFM | David Moran, Office of the Solicitor | | P.L. 102-358 and the Settlement Agreement | 08/29/1994 | 1-a, 4 | ACP | This 1-page memorandum to the Office of the Solicitor, from Director OTFM, concerns a request for a solicitor's opinion as to P.L. 102-358 and the settlement agreement approved by said statute set |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | approved by said statute set forth in the report of the COE entitled, "Report on Investigation Wet Field Solution" dated July 24, 1990 and, more specifically, involving funds to be held "in Trust" for benefit of the Pueblo de Cochiti | | | | forth in the report of the COE (involving the Pueblo de Cochiti). This memorandum contains confidential communications from client to attorney for the purpose of obtaining legal advice as to the proper classification and investment of these funds. |
| 774 | 223, 543 | Edwin Winstead, Acting Director, Office of Trust Funds Management | Regional Solicitor | | Request for opinion regarding application of Uniform Principal and Income Act to Indian Trust Funds | 00/00/0000 | 1-a, 5 | ACP | This memorandum from client to attorney concerns whether the Uniform Principal and Income Act, including its accounting principals, has any possible application to managment of Indian trus funds. It is a confidential communication for the purpose of obtaining a legal advice and sets out several questions about the proposed accounting policy in the context of Indian trusts. |
| 776 | 229, 549 | Tim Volmann, Associate Solicitor – Division of Indian Affairs | Deputy to the Assistant Secretary – Indian Affairs (Trust and Economic Development) | | Investment of Indian trust funds | 07/26/1989 | 1-b, 3, 5 | ACP | This memorandum from attorney to client relates to the investment of tribal trust funds and individual indian monies (IIM funds), the standard of care applicable to the BIA for managing investments, and the scope of insurance coverage when particular financial institutions fail. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. In addition, the document evaluates the agency's potential liability. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
# Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 778 | 226, 546 | Tim Vollmann, Associate Solicitor, Indian Affairs | Deputy Asst. Secretary – Indian Affairs | | Investment of Indian trust funds | 05/13/1985 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the investment or deposit of indian trust funds and the extent to which the Secretary of the Interior can contract with outside vendors, including banks, to manage various aspects of investment and disbursement of indian trust funds. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 780 | 230, 550 | Deputy to the Assistant Secretary Indian Affairs | Associate Solicitor, Indian Affairs | Surname 100, 200, 710, 700, F Kellerup, 710 – Abrown, 101A, A. Brown | Eligibility of repurchase agreements and Government Agency Money Market Account (GAMMA) under 25 U.S.C. 162a | 09/18/1989 | 1-b, 5 | ACP | This memorandum from client to attorney relates to a request from the Security Pacific National Bank for authorization to invest in repurchase agreeements and a Government Agnecy Money Market Account (GAMMA) under 25 USC 162a. It is a confidential communication for the purposes of obtaining a legal advice on the same subject. |
| 781 | 233, 553 | Thomas O'Hare, Field Solicitor, Alb. | Associate Solicitor, IA | R/SOL., SW Region; Solicitors' Reading File | Classification of Indian trust funds pursuant to the Monetary Control Act of 1980 | 01/07/1981 | 1-b, 5 | ACP | This memorandum from one government attorney to another government attorney, concerns the classification of Indian trust fund accounts (personal, non-personal, transaction) at various financial institutions pursuant to the Monetary Control Act of 1980. The type of classification can impact whether the financial intstitutions have to maintain a reserve percentage. The memo contains legal advice from attorney to attorney; summarizes confidential communication from attorney to attorney; and reflects the author's mental impressions, conclusions, opinions, and legal theories. |
| 784 | 231, 551 | Tim Vollmann, Assoc. Solicitor, Div. of Indian Affairs | Dep'y to Asst. Secretary Indian Affairs (Trust and Economic Development) | | Investment of Indian trust funds | 08/04/1986 | 1-b, 5 | ACP | This memorandum from attorney to client relates to a request from Security Pacific National Bank that the BIA consider whether 14 specific agency securities are eligible for investment of Indian trust funds under 25 USC 162a. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 787 | 235, 555 | Paul T. Baird, Assoc. Solicitor, Div. of Indian Affairs | Director, Office of Trust Responsibilities | Docket; DIA; R.R.Barnes; P.Squire; Solicitor's RF | Investing Indian funds in Savings and Loan Certificates of Deposit in denominations above that insured by the Federal Savings and Loan Insurance Corporation | 01/16/1984 | 1-b, 5 | ACP | This memorandum from attorney to client relates to whether under 25 USC 162a the Investments Branch can invest Indian funds in savings and loan certificates of deposit in denomincations above that insured by the Federal Savings and Loan Corporation. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 793 | 236, 556 | Tim Vollmann, Assoc. Solicitor, Div. Of Indian | Dep. Asst. Secretary, Indian Affairs | | Investment of Indian trust funds | 05/13/1985 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the investment or deposit of indian trust funds and the extent to which the Secretary of the Interior can contract with outside vendors, including banks, to manage various aspects of investment and disbursement of indian trust funds. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 794 | 245, 565 | Acting Associate Solicitor, Indian Affairs Robert T. Anderson | Director, MMS | Deputy Commissioner BIA | Contracts for accounting functions and access to confidential financial data regarding Indian allotted leases | 04/11/1995 | 1-b, 5 | ACP | This memorandum from attorney to client discusses whether Indian Tribes can contract to perform royalty accounting functions for allotees under the Indian Self-Determination Act. This memorandum contains a general discussion on the restrictions of certain functions, beyond accounting, to disbursing officers; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 795 | 244, 564 | Associate Solicitor DIA – William Lavell | Deputy to the Assistant Secretary – Indian Affairs (operations) | | Contractability of executive direction (Element 71) administrative services (Element 72) and education | 10/01/1990 | 1-b, 5 | ACP | This memorandum from attorney to client discusses whether the following items may be contracted out to tribal organizations under the Indian Self Determination Act: executive direction (element 71), adminstrative services (Element 72), and education and training (element 10). This memorandum contains legal advice from attorney to client; summarizes confidential communications from client |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | and training - general (Element 10) under Pub. L. 93-638 | | | | to attorney for the purpose of obtaining legal advice and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 798 | 249, 569 | David A. Longold, Chief Counsel, Department of Treasury | Dr. Eddie F. Brown, Assistant Secretary - Indian Affairs, DOI | | | 01/04/1991 | 1-b, 5 | ACP | This letter from attorney to client relates to the disposition of proceeds of Treasury checks authorized to be issued by the Bureau of Indian Affaris and cancelled pursuant to 31 USC 3334 (b) (statute relates to the cancellation and proceeds distribution of Treasury checks). The memo discusses how proceeds from cancelled checks shall be distributed in the context of public and non-public (tribal trust funds) funds. This memorandum contains legal advice from attorney to client concerning the terms of the agreement; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 799 | 248, 568 | Dennis Daugherty, Associate Solicitor, Division of Indian Affairs | Assistant Secretary, Indian Affairs | Division of Indian Affairs, G Skibine, Docket, D Barnes | Authority of the BIA to place the disbursing functions of Indian trust funds with an eligible financial institution | 01/24/1989 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the authority of the Bureau of Indian Affairs to place the disbursing functions of various Indian trust funds, including tribal trust funds, with an eligible financial institution. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 808.28 | 258, 578 | | | | Issue One | 00/00/0000 | 1-a, 4 | ACP | This document discusses legal issues involving the Monominee Tribe of Wisconsin related to its Indian and Non-Indian status. The document is related to document number 808.036, which plainly constitutes a request for legal advice from the Solicitor's Office. |
| 808.29 | 258, 578 | Tammie Poitra | Dave Moran, Solicitor's Office | Doug Lords | Menominee Tribe of Wisconsin | 03/05/1998 | 1-a, 4 | ACP | This email to agency counsel, from agency personnel, concerns the Menominee Tribe of Wisconsin's status of tribal recognition from 1961 1973 and that status of particular accounts. This is a communication to an attorney from the agency, made for the purpose of obtaining legal advice. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 808.30 | 258, 578 | | | | Issue Two | 00/00/0000 | 1-a, 4 | ACP | This document concerns legal questions related a single mother in the Klamath Tribe. The document is related to document number 808.036, which plainly constitutes a request for legal advice from the Solicitor's Office. |
| 808.31 | 258, 578 | Director, Office of Trust Funds Management | Tim Vollman, Regional Solicitor | | Treatment of per capita payments for individuals who's whereabouts are unknown | 10/10/1997 | 1-a | ACP | This memorandum plus attachments to the Regional Solicitor, from the Director OTFM, concerns the treatment of per capita payments for individuals who's whereabouts are unknown, and the 7/31/97 OTFM issued policy memo POL97-005. This is a document between agency and counsel that contains confidential communications made for the purpose of obtaining legal advice. |
| 808.32 | 258, 578 | Arthur V. Biggs, Assistant Regional Solicitor, Offce of the Regional Solicitor | Ronald A. Brown, Assistant Area Director (Adminstration) - Branch of Finance | | Internal revenue service levy on funds in IIM account | 05/13/1985 | 1-b, 4 | ACP | This memorandum to Assistant Area Director, from Asisstant Regional Solicitor, concerns an IRS levy on funds in IIM accounts at the Yakima Agency for payment of child support. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 808.33 | 258, 578 | Arthur V. Biggs, Assistant Regional Solicitor, Portland | Ronald A. Brown, Assistant Area Director | Tim Vollman, Associate Solicitor, Indian Affairs; Anita Vogt | Internal revenue service levy on funds on IIM account | 05/14/1985 | 1-b, 4 | ACP | This memorandum to the agency, from a Solicitor concerns the relevance of 25 U.S.C. 410 (an amendment to the General Allotment Act) to attempted collection and levy by the IRS. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 808.34 | 258, 578 | | Jim Stephens - File | | | 10/10/1997 | 1-b, 4 | ACP | This 1-page document discusses IRS collection and trust assets and may contain an attorney's handwritten notes that comment on the document and provide legal conclusions. The document also refers to a prior DOI/SOL opinion, regarding OTFM funds in IIM accounts and whether those funds should be paid to the IRS. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 808.35 | 258, 578 | | File | | Regarding Pima Agency and per capita payment | 00/00/0000 | 1-a, 4 | ACP | This document concerns the Pima Agency's issue of per capita payments to individuals on a certified roll. The document is related to document number 808.036, which plainly constitutes a request for legal advice from the Solicitor's Office. |
| 808.36 | 258, 578 | | File | | Issues for the Solicitor | 00/00/0000 | 1-a | ACP | This 2-page document sets out several legal issues for the Solicitor on various accounts (including status on accounts of Monesmines descendants; managment of IIM accounts; disbursements; undeliverable per capita checks). This document contains confidential communications to an attorney made for the purpose of obtaining legal advice. |
| 808.38 | 258, 578 | | | | Can a tribe proceed with reversionary process of reverting unclaimed per capita funds back to tribe? | 00/00/0000 | 1-b, 5 | ACP | This page of handwritten and typed notes concerns whether a tribe can proceed with the reversionary process of reverting unclaimed per capita funds back to the the tribe and IRS levies on IIM accounts. This document contains confidential communications from attorney to the file, made for the purpose of obtaining legal advice. The document is related to document number 808.036, which plainly constitutes a request for legal advice from the Solicitor's Office. |
| 808.40 | 258, 578 | Attorney | File | | Issue 5<br><br>What are parameters for whether OTFM Area Trust accounts honors IRS levies on IIM accounts? | 00/00/0000 | 1-a, 5 | ACP | This document by the attorney to the file concerns a solicitor's opinion on whether OTFM Area Trust accounts honors IRS levies on IIM accounts, and if so, what the parameters should be. This document contains the mental impressions, opinions, conclusions, and legal theories of an attorney. The document is related to document number 808.036, which plainly constitutes a request for legal advice from the Solicitor's Office. |
| 808.41 | 258, 578 | Margaret Williams | Sarah Yepa | Doug Lords | IRS Levies | 00/00/0000 | 1-b | ACP | This email from Margaret Williams to Sarah Yepa concerns the question as to whether OTFM Area Trust accounts should honor IRS levies on IIM accounts. The document reflects advice that was provided by the Solictor's Office. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 808.43 | 258, 578 | Attorney | File | | Issue Six<br><br>Performance bonds for Tribal and IIM allottees. | 00/00/0000 | 1-a | ACP | This document concerns issues surrounding performance bonds for Tribal and IIM allottees, whether joint IIM/Tribal performance bonds in the IIM system can be moved to OmniTrust, and if moved what legal ramifications IIM rates v. Omnitrust rates might occur. The document is related to document number 808.036, which plainly constitutes a request for legal advice from the Solicitor's Office. |
| 808.45 | 258, 578 | Deborah Ross | Margaret Williams | Freda Wabnum | Pima Per Capita | 02/20/1998 | 1-a, 4 | ACP | This email from Deborah Ross to Margaret Williams documents conversations held with Francis Joe, Pima Agency Tribal Operations, regarding errors to the certified roll and accounts placed on hold. The hand written notes in the document indicate that the issue addressed in the e-mail would be referred to Dave Moran of the Solicitor's Office. |
| 808.48 | 258, 578 | Margaret Williams | | | Solicitor's Status Report | 04/27/1998 | 1-a | ACP | This document is a chart of the Solicitor's Status Report and concerns opinion number, description of issue, author, OST status, file and due date. It reflects requests for legal advice made on the Solcitor's Office by the Office of Trust Funds Management. |
| 812 | 273, 583 | William G. Lavell, Assoc. Solicitor, Indian Affairs | Dep. to the Asst. Secretary, Indian Affairs (operations) | | Request for opinion regarding trust fund losses | 02/13/1990 | 1-b, 5 | ACP | This memorandum from attorney to client relates to trust fund losses due to investments and the source of funds for possible reimbursement of those losses. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| 813 | 274, 584 | William G. Lavell, Assoc. Solicitor, Indian Affairs | Asst. Secretary, Indian Affairs | | Contractability of investment of tribal trust funds under title I of Public Law 93-638, the Indian Self-Determination Act | 03/21/1990 | 1-b, 5 | ACP | This memorandum from attorney to client relates to the Bureau of Indian Affairs's ability to contract out, upon the request of a Tribe, the investment of tribal trust funds under Title I of Pub. L. 93-638, the Indian Self Determination Act. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| 814 | 272, 582 | William G. Lavell, Associate Solicitor, Indian Affairs | Deputy to the Asst. Secretary, Indian Affairs (operations) | | Request for Opinion Regarding Trust Fund Losses | 02/13/1990 | 1-b, 5 | ACP | This memorandum from attorney to client relates to trust fund losses due to investments and the source of funds for possible reimbursement of those losses. This memorandum contains legal advice from attorney to client; summarizes confidential communications from client to attorney for the purpose of obtaining legal advice; and reflects the attorney's mental impressions, conclusions, and legal theories. |
| P65 | 65 | William A. Gershuny, Associate Solicitor, Div. of Indian Affairs | Commissioner of Indian Affairs, All Regional & Field Solicitors, Area Directors & Superintendents | N/A | Statute of limitations; effect of public law 92-485 on 28 U.S.C. Section 2415 | 10/31/1972 | 1-c, 3, 5 | AWP, ACP | This memorandum from government attorney to client and other government attorneys relates to the effect of Public Law 92-485 on the statute of limitations for instituting litigation on behalf Indian tribes, bands, or groups, including for historical claims. This memorandum was prepared for on-going and anticipated litigation by the United States on behalf of Tribes and includes legal advice from attorney to client other attorneys, and the attorney's mental impressions, conclusions, and legal theories. |
| P71 | 71 | Field Solicitor, Pawhuska | Associate Solicitor, Indian Affairs, Tim Vollman | | Damage claim of Osage Tribe subject to 28 U.S.C. Section 2415 | 06/07/1979 | 2 | ACP, AWP | This memorandum from government attorney to government attorney relates to the Osage Tribe's request for the Department of the Interior to bring action against the State of Kansas to quiet title to certain riverbeds and to recover damages for removal of assets from those riverbeds. It contains legal advice; refers to confidential communications from client to attorney for the purose or obtaining legal advice; and contains the author's mental impressions, conclusions, and legal theories. |
| P74 | 74 | Field Solicitor, Pawhuska, John M Slater | Superintendent, Osage Agency | N/A | Comments concerning "A Study of Administrative Procedure and Functions at the Osage Agency, March 1962" | 03/06/1964 | 1-b | ACP | This memorandum from attorney to client provides comments regarding sections of a study by the Stanford Research Institute of the administrative procedures and functions at the Osage Agency that discuss the Solicitor's Office. The study discusses the role, duties, procedures, and effectiveness of the Solicitor's Office and makes recommendations on these same topics. The memo contains legal advice from attorney to client; confidential communications from client to attorney; and includes the attorney's mental impressions and conclusions. |

# Osage Nation and/or Tribe v. United States, Ct. Cl. No. 00-169L
## Final Privilege Log, May 6, 2005

| DOC ID | PL NUM | AUTHOR | ADDRESSEE | COPYEE | DOC_TITLE | DOC DATE | PRIV CAT | PRIV CALL | PRIVLOG NOTE |
|---|---|---|---|---|---|---|---|---|---|
| P81 | 81 | Gordon Jackson, Osage Agency Superintendent | Sharon Blackwell, Field Solicitor, Tulsa Region | | Request for review of Osage law and order code | 12/23/1994 | 1-a | ACP | This memorandum from client to attorney relates to a proposed Osage Law and Order Code passed by the Osage National Council for courts, court procedures, criminal offenses and police services. It is a confidential communication for the purposes of obtaining a legal review of the code from the attorney and discusses several questions as to the legality of a number of the code's provisions. |

United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

July 14, 2003

Mr. Leon D. Bear, Chairman
Skull Valley Band of Goshute Indians
Skull Valley Reservation, #808
3359 South Main Street
Salt Lake City, Utah 84115

Dear Mr. Bear:

On May 5, 2003, you filed Freedom of Information Act (FOIA) request OS-2003-00687, addressed to Secretary Gale Norton, asking for copies of the following records:

"A. To disclose all records of communications since January 1, 2001 (including formal and informal correspondence, unsigned briefings, e-mail communications, and notes of telephone conversations) with officials and employees of the Office of the Secretary, Office of the Deputy Secretary, Office of the Assistant Secretary for Indian Affairs, Office of the Assistant Secretary for Land and Minerals Management, Office of the Assistant Secretary for Policy Management and Budget, Office of Congressional and Legislative Affairs, Office of Public Affairs, Office of the Solicitor, Office of Hearings and Appeals, and the Office of the Inspector General, regarding the Skull Valley Band of Goshute Indians or the proposed Private Fuel Storage Facility which is the subject of a lease, which was approved by the Bureau of Indian Affairs on May 23, 1997.
B. The request in Paragraph B is for records of all such communications (1) with the Governor of Utah, any persons on his staff, or anyone communicating on his behalf, including communications from the Utah Department of Environmental Quality or the Office of the Utah Attorney General; (2) with current or former members of the Utah Congressional Delegation, or their staff, or anyone communicating on their behalf (3) with the White House or the Office of Management and Budget, or otherwise from the Executive Office of the President, including copies of communications between Utah state officials, the Utah Congressional Delegation, and the Executive Office of the President, which are in the custody of the Department of the Interior; (4) with the Department of Energy, including copies of communications between Utah state officials, the Utah Congressional Delegation, and the Department of Energy, which are in the



EXHIBIT 2

custody of the Department of the Interior; (5) with the Department of Defense, including the Department of the Air Force, and including copies of communications between Utah state officials, the Utah Congressional Delegation, and the Department of the Defense, which are in the custody of the Department of the Interior; and (6) with individual members of the Skull Valley Band, representatives of Ohngo Gaudadeh Devia (OGD), or attorneys representing either OGD or these individual members of the Band, including EchoHawk, LLC, Steadman & Shepley, and Randall Gaither."

On May 22, 2003, I acknowledged your request, advised you of your fee status under the FOIA, advised you that the Office of the Secretary would be responding to your request on behalf of the Department, and informed you that the Office of the Secretary was taking a ten-working day extension on behalf of the Department on the processing of your request.

On May 28, 2003, I denied your request for a fee waiver, and provided you with your appeal rights.

I am writing today to provide you with the first installment of our response to your request. Enclosed are copies of all responsive documents located in the Office of Hearings and Appeals and in the Office of the Solicitor. Twenty-five (25) documents total three hundred nine (309) pages.

**Portions of some of these documents have been deleted, pursuant to Exemption 5 of the FOIA (5 U.S.C. § 552 (b)(5)).**

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency."(5 U.S.C. § 552 (b)(5)). As such, the privilege "exempts] those documents . . . normally privileged in the civil discovery context." National Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132 (1975) (NLRB). The exemption incorporates several of these privileges from discovery in litigation, including the deliberative process privilege and the attorney work-product privilege. Id. at 149.

The deliberative process privilege "protect[s] the decisionmaking process of government agencies" and "encourage[s] the frank discussion of legal and policy issues" by ensuring that agencies are "not forced to operate in a fish bowl." Mapother v. United States Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (citing Wolfe v. United States Dep't of Health & Human Services, 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc)) (Mapother). Three policy purposes have been advanced by the courts as the bases for this privilege: (1) to encourage open, frank discussions on matters of policy between

subordinates and superiors; (2) to protect against premature disclosure of proposed policies before they are finally adopted; and (3) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. See, e.g., Russell v. United States Dep't of the Air Force, 682 F.2d 1045, 1048 (D.C. Cir. 1982) (Russell); Coastal States Gas Corp. v. United States Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980).

The deliberative process privilege protects materials that are both predecisional and deliberative. Mapother, 3 F.3d at 1537; Access Reports v. United States Dep't of Justice, 926 F.2d 1192, 1195 (D.C. Cir. 1991); Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). A "predecisional" document is one "prepared in order to assist an agency decisionmaker in arriving at his decision," and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Maricopa Audubon Society v. United States Forest Service, 108 F.3d 1089, 1093 (9th Cir. 1997). A predecisional document is part of the "deliberative process" if "the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Id.

The portions of the documents that have been withheld pursuant to Exemption 5 are both predecisional and deliberative. They contain recommendations, proposals, suggestions, and other subjective documents that reflect the personal opinions of their authors. They also contain some factual material which has been withheld when the use of selected facts constitutes an exercise of judgement by agency personnel and release of those facts would expose the agency's deliberative process. They do not contain or represent formal or informal agency policies or decisions. Public dissemination of this information would have a chilling effect on the agency's deliberative processes.

The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. See Hickman v. Taylor, 329 U.S. 495, 509-10 (1947); Fed. R. Civ. P. 26(b)(3). Its purpose is to protect the adversarial trial process by insulating the attorney's preparation from scrutiny.

The portions of these documents that have been withheld pursuant to Exemption 5 under the attorney work-product privilege were all compiled in anticipation of litigation relating to issues associated with the activities of the Skull Valley Band of Goshute Indians. As such, they contain conclusions, opinions, and recommendations of agency attorneys. They also contain some factual material which has been withheld when the use of selected facts constitutes an exercise of judgement by agency attorneys and release of

those facts would expose the agency's litigation strategy. All portions of these documents that have been withheld under the attorney work-product privilege have been held confidential by the agency. Public dissemination of them would most certainly have a harmful effect on the agency's legal position vis-a-vis the issues in question.

Cindy Cafaro, Attorney-Advisor, in the Office of the Solicitor, was consulted in reaching these decisions. Sue Ellen Sloca, Office of the Secretary FOIA Officer, is responsible for making these decisions.

If you believe that these decisions are incorrect, you may file an FOIA appeal by writing to the FOIA Appeals Officer, Office of the Assistant Secretary - Policy, Management and Budget, U.S. Department of the Interior, 1849 C Street, NW, Mail Stop 5312, MIB, Washington, D.C. 20240. Your appeal letter must be received no later than 30 calendar days (excluding Saturdays, Sundays and legal holidays) after the date of our response (this letter.) Your appeal letter must be marked, both on its envelope and at the top of its first page, with the legend "FREEDOM OF INFORMATION APPEAL." Your appeal letter must be accompanied by a copy of your original FOIA request (a copy of which is enclosed with our response, for your convenience,) and a copy of this letter, along with a brief explanation of why you believe that these decisions are in error.

REDACTED

If you have any questions regarding this portion of our response to your request, or any of the issues discussed in this letter, you may contact me by phone at 202-208-6045, by fax at 202-219-2374, by e-mail at osfoia@nbc.gov, or by mail at U.S. Department of the Interior, MS 1413 MIB, Washington, D.C. 20240. Within the Office of the Secretary, we are committed to providing you, our customer, with the highest quality of service possible.

Sincerely,

Sue Ellen Sloca
Office of the Secretary
FOIA Officer

Enclosures

***PRIVACY ACT notice**: Before you choose to contact us, electronically, there are a few things you should know. The information you submit, including your electronic address, may be seen by various people. We will scan a copy of your request into our electronic OS FOIA administrative/image file. We will key the information that you provide to us into our electronic OS FOIA tracking file. We may share it with other individuals, both within and without the Department, involved in Freedom of Information Act administration. You may be contacted by any of these individuals. In other limited circumstances, including requests from Congress or private individuals, we may be required by law to disclose some of the information you submit. Also, e-mail is not necessarily secure against interception. If your communication is very sensitive, or includes personal information like your bank account, charge card, or social security number, you might want to send it by postal mail, instead.*

United States Department of the Interior

BUREAU OF INDIAN AFFAIRS
Washington, D.C. 20240

IN REPLY REFER TO:
Tribal Services - AR
BCCO 00626 FOIA (FU)

JUN 1 2000

Mr. Richard Reich
Office of the Quinault Attorney
Quinault Indian Nation
3010 77th Avenue SE #102
Mercer Island, Washington 98040

Dear Mr. Reich:

This letter is a continued partial response to your Freedom of Information Act (FOIA) request dated February 17, 2000, made pursuant to 5 U.S.C. § 552 for copies of "all records relating to the Cowlitz acknowledgment petition and determination, other than those previously provided to the Quinault Indian Nation in response to Requests for Production in *Quinault v Gover*, or which the Department has previously identified as exempt from disclosure."

Enclosed please find two boxes of copies of the materials relating to the Cowlitz Indian Tribe's petition and an inventory of these boxes, noting the number of pages redacted or withheld under FOIA exemptions. With this installment, which includes all materials except tapes of interviews, we are including a preliminary inventory of the materials being transmitted. The number of pages in the files within the scope of your FOIA is approximately 5,395. The number of pages released at this time is 2,581.

The Department's policy is to release records to the greatest extent possible in keeping with the spirit and intent of FOIA. The Department will release all records, unless there is a sound ground for invoking the exemption and withholding the documents. (See, 43 CFR § 2.13 (a) and (d)). Acknowledgment files are somewhat unique in that there may be substantial personal information throughout the file. This information may properly be withheld under FOIA; moreover, its release could violate the rights of individuals protected by the Privacy Act.

Exemption 4 of the FOIA provides that documents containing "trade secrets and commercial or financial information obtained from a person which is privileged or confidential" may be withheld. The Bureau of Indian Affairs (BIA) made very few and sporadic redactions of the materials you requested under this exemption, and notations on the documents indicate where this exemption has been invoked.

Exemption 5 of the FOIA provides that records which are pre-decisional and part of the deliberative process may be withheld if release of these documents would inhibit the free discussion of government officials necessary to making informed decisions. A number of

documents, particularly e-mails and notes from peer review sessions, have been withheld under exemption 5. All e-mails between the BIA staff and the Solicitor's office have been withheld as they involve attorney-client communications.

Exemption 6 of the FOIA provides that records which are "personnel, medical, and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" may be withheld. Redactions were made under Exemption 6 throughout the materials we are sending to you. (See, 5 U.S.C. § 552 (b)(6)). We are withholding in their entirety 232 pages of various printouts from the genealogical data base, 1,433 pages of the 1998 Cowlitz Roll, 667 pages of a file labeled, "New Green Card Members 1994-1999", and 301 pages from the genealogist's files dealing with the current enrollment. Because factors pursuant to Exemption 6 are at stake, sound grounds exist for withholding portions of certain documents which contain genealogical and other information. These materials contained information on individuals of a highly personal nature such as their age, marital status, ancestry, health, birth date, address, telephone number, membership status, blood quantum and other vital information which are clearly protected under Exemption 6.

Once privacy interests are at stake, Exemption 6 requires that those interests be balanced against any general public interest in disclosure. The public interest in the disclosure must be significant to overcome legitimate privacy interests. We do not perceive, nor have you enunciated, any public interest that would be served in disclosing these data which would outweigh the privacy interest of the subject individuals. Your assertions of need based on being an "interested party" are not relevant in determining whether the release serves a public interest under the FOIA. *Department of Justice v. Reporters Committee*, 484 U.S. 749 (1989). Therefore, sound grounds exist for withholding the information under Exemption 6 of FOIA. (5 U.S.C. § 552 (b)(6)).

In your letter [redacted]

This installment includes only the written materials you have requested. You have a right to appeal this installment in writing to: The Freedom of Information Act Appeals Officer, Office of Information Resources Management, U.S. Department of the Interior, 1849 C Street, N.W., MS 5312-MIB, Washington, D.C. 20240. A copy of your initial request should accompany the appeal. The appeal should be marked "FREEDOM OF INFORMATION APPEAL" both on the envelope and the face of the letter, and it must be received no later than 20 workdays after the date of this letter.

The copies of tapes of interviews by the BIA anthropologist for the Final Determination have not been completed. The final installment of your FOIA request will provide you these tapes. The final installment of your FOIA request will provide you with your right to appeal the denial of any information on the tapes.

The agency personnel responsible for reviewing this portion of the requested record on the granting or denial of this request are: Branch Chief R. Lee Fleming and Cultural Anthropologist Holly Reckord, Branch of Acknowledgment and Research; Michael R. Smith, Acting Director, Office of Tribal Services; and Barbara Coen, Branch of Tribal Government & Alaska, Division of Indian Affairs, Office of the Solicitor, Department of the Interior.

In accordance with our letter of March 29, 2000, we will hold these materials for 48 hours, Monday through Friday, after this letter is signed and we have notified you by telephone. If your researcher does not pick them up within 48 hours of the date of this letter, we will ship them to you.

If you have any other questions please contact us again. We hope this information is helpful.

Sincerely,

/s/ DIANE MURTH

Acting Director, Office of Management
and Administration

Enclosures

cc: Surname;Chron;101A;Bureau RF;400;600;600-FOIA Coord;Hold
440B:HReckord x4686;5/18/00;K:\Share\BAR\Corresp\Holly\Cowlitz\BCCO626FOIA
K:\SHARE\BAR\CORRESP\HOLLY\CASE\COWLITZ\bcco626.FOIA.wpd

## Office of Historical Trust Accounting

The Office of Historical Trust Accounting (OHTA) was established by Secretary Norton on July 10, 2001, and charged with planning and conducting a historical accounting of Individual Indian Money (IIM) Accounts. The historical accounting will provide Indian beneficiaries with information on their IIM account balances and associated land assets.

On September 10, 2001, OHTA issued its "Blueprint for Developing the Comprehensive Historical Accounting Plan for Individual Indian Money Accounts." Please visit our Web site at http://www.doi.gov/ohta to view the "Blueprint" and for the current status of the historical accounting work being performed by OHTA. To contact us:


Leave a message at: 202-208-3406
Send a fax to: 202-219-1139
E-mail us at: OHTA@doi.gov




EXHIBIT 4

# Indian Tribal and Individual Mineral Owners

# *Quick Reference*

## Trust Management of Your Mineral Resources







The Department of the Interior is committed to assisting you in the development of your mineral resources, whether they be oil and gas, coal, sand and gravel, stone, or metallic ores. There are five agencies in my Department that are responsible for the "Trust Management" of your mineral resources. I am confident they will be responsive to any questions you may have concerning how the minerals can be leased, how they are valued, how they can be extracted in an environmentally sound and safe manner, and how the royalties are collected and paid to you. The Department must continue to work to ensure that Federally recognized tribes and individual Indian mineral owners of record receive the very best service from my Department in the trust management and accountability of Indian mineral resources.

Gale A Norton
Secretary of the Interior

*Five agencies in the Department of the Interior share responsibility for the trust management and protection of Indian mineral interests*

*How can we help you?*

# *How can you contact us?*

Please contact the
**Minerals Management Service (MMS)**
if you have questions about:

- Your oil and gas or solid minerals royalty payments
- When you should receive your royalty check
- An explanation of your oil and gas payment report
- Royalty issues regarding oil and gas or solid minerals

You may call MMS toll free at:

| | |
|---|---|
| Western Oklahoma area | 1-800-354-7015 |
| Eastern Oklahoma area | 1-800-238-1943 |
| All other areas of the U.S. | 1-800-982-3226 |
| For solid minerals questions | 1-888-201-6416 |

Please contact the
**Bureau of Indian Affairs (BIA)**
if you have questions about:

- Land ownership and lease status
- How lands are leased
- Status of lease applications
- Lease obligations
- Appeals

For BIA questions, please contact the BIA agency or tribal office having responsibility for your mineral properties.

Please contact the
**Bureau of Land Management (BLM)**
if you have questions about:

- Status of permit approvals to drill or extract a mineral resource
- Frequency of onsite lease inspections
- What happens in an inspection
- Results of onsite inspections
- Lease production volumes
- Variations in monthly production
- Wells and other ownership that may affect your production
- Proper plugging of wells
- Official surveys of Indian lands

You may call BLM toll free at 1-877-256-6263

Please contact the
**Office of Surface Mining (OSM)**
if you have questions about:

- Permitting and regulating the environmental effects of coal mining on Indian lands
- Inspecting active coal mines on Indian lands to ensure compliance with the Surface Mining Law, regulations, and permits
- Assuring that land mined for coal is reclaimed in accordance with approved plans
- Preventing offsite environmental damage from coal mining on Indian lands
- Assisting with regulatory activities or receiving grants to develop an Indian regulatory program
- Grants and technical assistance available for Indian tribes to reclaim abandoned mines

You may call OSM toll free at 1-877-274-4025

Please contact the
**Office of the Special Trustee for American Indians — Office of Trust Funds Management (OTFM)**
if you have questions about:

- How to access funds in your account
- Privacy of your financial trust account
- Why it is important to update your address
- If funds in your account earn interest
- Making direct deposits to your bank account

You may call OTFM toll free at:
Customer Service Line
1-888-678-6836, ext. 888
Division of Trust Funds Accounting
1-888-678-6836, ext. 384
Branch of Tribal Accounts Management
1-888-678-6836, ext. 389

The Farmington Indian Minerals Office (FIMO) is a "one-stop shop" for individual Navajo Indian oil and gas mineral owners. Staffed by personnel from BIA, BLM, and MMS, FIMO is designed not only as a traditional customer service office, but also one that issues oil and gas leases and provides inspections of lands that are leased. You may call FIMO toll free at 1-800-238-2839 or visit them at 1235 La Plata Highway, Farmington, New Mexico, 87401.

Due to Privacy Act restrictions, some information may not be disclosed unless owner's identification can be verified.