**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, | ) | |
| Plaintiff, | ) | Electronically Filed May 13, 2005 |
| | ) | No. 00-169 L |
| v. | ) | Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**THE OSAGE NATION'S STATEMENT OF TRUST FUND MISMANAGEMENT CLAIMS FOR TRANCHE ONE**

Pursuant to the Order issued by Court on April 15, 2005, Plaintiff Osage Nation hereby submits its statement of trust fund mismanagement claims for tranche one of this case. In that Order, this Court decided that case will be tried in several tranches. Tranche one was defined as:

> those of plaintiff's trust fund mismanagement claims falling within the parameters described in *Shoshone Indian Tribe v. United States*, 364 F.3d 1339, 1350-51 (Fed. Cir. 2004), for five oil and gas leases for the following six months: January 1976, May 1979, November 1980, February 1986, July 1989, and October 1990.

April 15, 2005 Order, at 1. Tranche two consists of all other claims. *Id*.

During the week of April 25, 2005, the parties met several times at the Osage Agency of the Bureau of Indian Affairs ("BIA") to discuss the oil and gas leases in tranche one. Based on those discussions, the Osage Nation identified the five oil and gas leases in tranche one. Those leases are commonly known as the North Burbank Unit, North Avant Unit, Stanley Stringer Unit, Osage Hominy Unit, and the East Hardy Unit (collectively, the "Tranche One Leases"). As required by the April 15, 2005 Order, copies of the Tranche One Leases, as produced from the files of the Osage Agency, are attached to this pleading as Exhibits A through E.

Based on its review of the Tranche One Leases and other records produced by the United States in discovery to date, the Osage Nation identified two trust fund mismanagement claims within the parameters described in *Shoshone Tribe of Indians v. United States*, 364 F.3d 1339 (Fed. Cir. 2004), *cert. den.*, 125 U.S. 1824, 1826 (2005).[1] As detailed below, both claims seek recovery of money the United States, as trustee was required to collect on behalf of, and ultimately distribute to, the Osage Nation under contracts, including specifically the Tranche One Leases; the 1906 Act, as subsequently amended and modified;[2] the oil and gas regulations thereunder;[3] and 25 U.S.C. § § 155, 161b, and 162a. Specifically, the Osage Nation seeks the recovery of the funds described below that the United States, as trustee, should have collected with respect to the Tranche One Leases during the tranche one months and paid to the Osage Nation as provided by law:

1. Payments Due Under The Tranche One Leases For The Tranche One Months That The Trustee Failed To Collect

In the 1906 Act, Congress placed the entire mineral estate underlying the Osage Reservation in Oklahoma ("Osage Mineral Estate") in trust for the benefit of the Osage Nation and named the United States as trustee.[4] Under section 3 of the 1906 Act, the United States, as trustee, was authorized to lease the Osage Mineral Estate for the exploration and production of oil and gas

[1] By identifying these trust fund mismanagement claims for purposes of tranche one of this case, the Osage Nation does not waive any other claims it may have against the United States.

[2] Act of June 28, 1906, Chapter 3572, 34 Stat. 539 ("1906 Act"), as amended and modified by: Act of March 31, 1921, Chapter 120, 41 Stat. 1249; Act of March 2, 1929, Chapter 493, 45 Stat. 1478; Act of June 24, 1938, Chapter 645, 52 Stat. 1034; Act of July 25, 1947, Chapter 334, 61 Stat. 459; Act of October 6, 1964, 78 Stat. 1008; and Act of October 21, 1978, 92 Stat. 1660. The trust created by the 1906 Act was scheduled to terminate after a fixed period of time. However, pursuant to the amendments identified above, the duration of the trust was extended several times and now continues in perpetuity.

[3] 25 C.F.R., Part 183 (revised as of April 1, 1975) (in effect January, 1976); 25 C.F.R., Part 183: (revised as of April 1, 1979) (in effect May, 1979); 25 C.F.R., Part 183: (revised as of April 1, 1980) (in effect November, 1980); 25 C.F.R., Part 226 (revised as of April 1, 1985) (in effect February, 1986); 25 C.F.R., Part 226 (revised as of April 1, 1989) (in effect July, 1989); 25 C.F.R., Part 226 (revised as of April 1, 1989, as amended 55 Fed. Reg. 33,112-16 (Aug. 14, 1990)) (in effect October, 1990).

[4] 1906 Act at § 4.

and other minerals.[5] Any such leases, however, had to be in the "best interests" of the beneficiaries of that trust.[6] Under the 1906 Act, the royalty rate for such leases had to be determined by the President of the United States.[7]

The United States has generally delegated its trust duties under the 1906 Act to the United States Department of the Interior ("DOI") and the United States Department of the Treasury ("DOT"). The DOI has further delegated those trust duties to the Bureau of Indian Affairs ("BIA") and its subagency the Osage Agency, which is located in Pawhuska, Oklahoma on the Osage Reservation. In addition, the DOI has issued elaborate and comprehensive regulations governing the issuance and operation of oil and gas leases covering the Osage Mineral Estate.[8]

Each of the Tranche One Leases in tranche one was issued under the authority of the 1906 Act, as amended.[9] In addition, four of those leases indicate on their face that were approved by the DOI, or its delegatee.[10] Each of the Tranche One Leases also incorporated all DOI regulations implementing the 1906 Act that were in effect on the date the lease was approved by DOI.[11] Finally, each of the leases incorporated all subsequently enacted DOI regulations implementing the 1906 Act, except for regulations affecting the rate of royalty, the rental, or the term of the

---

[5] *Id.* at § 3.

[6] Under the 1906 Act, the beneficiaries of the trust were the members of the Osage Nation as shown on a roll of the tribe as compiled by the United States in 1906. 1906 Act at § 1. These members of the Osage Nation are also referred to "headright owners."

[7] *Id.* at § 3.

[8] 25 C.F.R., Part 226 (2004). Among other things, these regulations provide the terms and conditions, including royalty provisions, of oil and gas leases covering any portion of the Osage Mineral Estate. In addition, DOI has issued form oil and gas leases that it requires all lessees to use.

[9] *See, e.g.*, Exhibit A at p. 1. Four of the five leases consist of a blanket oil mining lease. Under that type of lease, the United States terminates a number of previously issued oil and gas leases and replaces them with a single lease, *i.e.*, the blanket lease, that covers some or all of the premises covered by the previously existing leases.

[10] *Id.* at p. 17. The Osage Nation believes that ongoing discovery will resolve whether or not the lease for the Osage Hominy Unit was also approved by the trustee or its delegate.

[11] *Id.* at pp. 16-17.

lease.[12] Regulations affecting the rate of royalty, rental, or term of the lease were incorporated only if approved by all parties.[13]

Each of the Tranche One Leases contains a royalty provision for crude oil produced from the leases. In general, the royalty payment is a percentage of the gross proceeds from the sale.[14] For royalty purposes, however, the value of the crude oil could not be less than the highest market price posted or offered for crude oil in a specified geographical area.[15]

One of the Tranche One Leases also contains a royalty provision requiring the payment of a royalty on all natural gas produced from the leased premises.[16] In general, the royalty payment is a percentage of the market value of natural gas at the well.[17]

All payments required by the Tranche One Leases, including royalty payments on crude oil and natural gas, must be made to the United States as trustee of the Osage Mineral Estate.[18] Royalty payments are generally due during the month following the month in which the crude oil and natural gas is produced.[19] If payment is not timely made on that date, the lessee is liable for a late payment charge equal to 1½ (one and one-half) percent for each month, or portion of a month, that the payment is late.[20]

The discovery that the Osage Nation has obtained to date indicates that the United States, as trustee, has failed to collect payments due under the Tranche One Leases for the tranche one months, including but not limited to, royalties on crude oil or natural gas that was produced by

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at pp. 3-5. In some cases, that percentage varied with the amount of production. *Id.*

[15] *Id.*

[16] Exhibit C at p.2.

[17] *Id.*

[18] Exhibit A at p. 3. In most cases, these payments are made to the Superintendent of the Osage Agency as the delegate of the trustee.

[19] *Id.* at p. 5.

[20] *See, e.g.*, 25 C.F.R. § 183.13, 39 Fed. Reg. 22254, 22256 (June 21, 1974).

those leases during those months and late payment fees. In the case of royalty payments, the United States, as trustee, failed to compute the royalty in the manner prescribed by the applicable lease provisions and regulations. In addition, the United States, as trustee, has failed to collect these payments in a timely manner as required by the terms of the leases and applicable regulations.

The failure of the United States, as trustee, to collect payments due under the Tranche One Leases relating to the tranche one months has damaged the Osage Nation, as beneficiary, by depriving it of income that is due the Osage Nation under the Tranche One Leases. Those failures have also damaged the Osage Nation by depriving it of late payment fees that are due under the Tranche One Leases and regulations for payments that were not collected in a timely manner. Those failures have further damaged the Osage Nation by depriving it of investment income on the payments due under the Tranche One Leases that the United States, as trustee, failed to collect.

The total amount of these damages cannot be determined at this time but will be determined in the future based on the review of documents and other information being produced by the United States in response to the ongoing discovery requests of the Osage Nation.

2. Investment Income From The Proceeds Of The Tranche One Leases During the Relevant Months That The United States Failed Earn As Required By Law

Under the 1906 Act and other statutes, the United States, as trustee, is required to invest the funds it holds in trust for the Osage Nation in a specified manner. For example, under the provisions of 25 U.S.C. § 161a, the United States, as trustee, is required to invest funds held in trust for the Osage Nation in certain public securities bearing interest at rates determined by the Secretary of the Treasury. *See also* 25 U.S.C. § § 155, 161b, and 162a.

The United States, as trustee, failed to invest the income that it did collect from the Tranche One Leases during the tranche one months in the manner prescribed by law. In some

instances, the United States failed to deposit funds in an interest bearing account within a reasonable time after it received the funds. In other instances, the United States failed to invest the funds as required by law. In still other instances, the United States failed to credit the Osage Nation with the full amount of investment income that the funds earned prior to the time the funds were disbursed to the beneficiaries of the trust.

As a result of the above failures, the Osage Nation has been damaged by not receiving the full amount of the investment income it was entitled to receive under applicable law. The total amount of these damages cannot be determined at this time but will be determined in the future based on documents and other information being produced by the United States in response to discovery requests of the Osage Nation.

The Osage Nation's discovery concerning the Tranche One Leases is not yet complete. The Osage Nation has a number of outstanding discovery requests to the United States where the response is not yet due. The Osage Nation also has noticed depositions of several employees or former employees of the Osage Agency that have not been taken. In addition, under the April 15, 2005 Order, fact discovery on tranche one claims continues until July 1, 2005. Under these

circumstances, the Osage Nation reserves its right to amend its statement trust fund mismanagement claims based on ongoing discovery.

Dated this May 13th, 2005

Respectfully submitted,

*s/Wilson K. Pipestem*

WILSON K. PIPESTEM
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931
wkpipestem@pipestemlaw.com

Attorney for Plaintiff
Osage Nation

# INDEX TO EXHIBITS

| Tab | Document |
|---|---|
| A | Blanket Oil Mining Lease<br>Contract No. 14-20-201 2679<br>(Stanley Stringer Unit) |
| B | Blanket Oil Mining Lease<br>Contract No. 14-20-G06 664<br>(East Hardy Unit) |
| C | Oil and Gas Mining Lease<br>Contract No. I 68 Ind. 3618<br>(Osage Hominy Unit) |
| D | Blanket Oil Mining Lease<br>Contract No. I 68 Ind. 7883<br>(North Avant Unit) |
| E | Blanket Oil Mining Lease<br>Contract No. I 68 Ind. 25667<br>(North Burbank Unit) |