RECEIVED
MAY 26 2000
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

DEPARTMENT OF JUSTICE
GENERAL LITIGATION
SECTION
00 MAY 30 PM 4:37

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 99-550 L
No. 00-169 L
Judge John P. Wiese

FILED MAY 26 2000

## DEFENDANT'S MOTION TO RECONSIDER CONSOLIDATION ORDER

Defendant respectfully moves the Court to reconsider its Order, dated May 5, 2000, consolidating the two captioned cases. In support of this motion, defendant states the following:

### STATEMENT OF THE TWO CONSOLIDATED CASES

*Docket No. 99-550 L.*

In Docket No. 99-550 L, filed on August 2, 1999, the Osage Nation ("the Osage" or "the Nation") is seeking money damages related to the collection by the Bureau of Indian Affairs of allegedly undervalued royalties on oil and gas income from plaintiff's mineral properties. The Osage also seek equitable and declaratory relief to challenge the validity and require the amendment of both federal statute and regulation governing defendant's royalty collection for plaintiff, as well as to reform other related administrative practices and procedures, and to mandate that defendant perform an accounting of Osage oil and gas revenues. Complaint, ¶¶ 15, 17, and 27-44. The Nations' complaint and their attorney's explanation at the March 2, 2000, status conference with the Court both emphasize that the central issue is defendant's

90-2-20-09634
RECORD DEPARTMENT OF JUSTICE RECEIVED
MAY 30 2000
(1) ENRD
Gen. Lit. Sec.

failure to collect royalty income based upon the highest possible price. Complaint, ¶¶ 12-14, 18, and 21-23; Transcript of Status Conference, March 2, 2000 ("Tr."), pp. 8-9.

Plaintiff's requested relief in Docket 99-550 L for monetary, declaratory, injunctive and accounting remedies is focused exclusively on *collection of oil and gas royalties*, that is, defendant's asserted *failure to bring into the Nation's trust fund accounts in the first place* the full value for tribal income-generating properties or interests

***Docket No. 00-169 L.***

The Osage Nation in this docket asks first and foremost for an accounting of *all moneys already received into its trust fund accounts*. Filed on March 31, 2000, following the March 2 status conference in Docket No. 99-550 L, this case alleges defendant mismanaged tribal trust funds *after they had been received* into plaintiff's accounts.[1]

**LEGAL STANDARDS REGARDING CONSOLIDATION**

A trial court has broad discretion in ordering consolidation of cases for trial, where there is a common question of law or fact. *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711 (10th Cir. 1950); *Rando v. Luckenbach Steamship Co.*, 155 F.Supp. 220 (E.D.N.Y.1957). Existence of common questions of law and fact, however, is *prerequisite* for any consolidation. *Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 209 U.S.P.Q. 1094 (N.D. Ill. 1980).

The Court of Federal Claims has its own rule respecting related cases for the purpose of

---

[1]To the extent that a limited portion of the Complaint in Docket No. 00-169 L can be read to allege federal failure to collect full value for tribal income-generating properties or interests, *e.g.*, ¶ 21, the charges appear to be duplicative of issues raised in the Nation's Docket No. 99-550 L Complaint.

contemplating the appropriateness of consolidating actions or not in the interests of judicial economy or other factors. RCFC 77(f), as amended in 1994 by General Order 36, deems cases related if they "(A) involve the same parties *and* are based on the same or similar claims; or (B) involve the same contract, property or patent." (Emphasis added.)

Although defendant is mindful that this Court has initially determined, based upon plaintiff's motion to amend or consolidate, to grant that request, the government respectfully suggests that this case does not involve common questions of law or of fact.[2] We further suggest that, while the two consolidated actions involve the same parties, they do not involve the same or even similar claims. Finally, defendant suggests that the two cases do not even ultimately involve the same property of plaintiff, even though both cases involve plaintiff's money. The property in Docket No. 99-550 L is oil and gas royalty income; the property in Docket No. 00-169 L is moneys received not only from oil and gas production but from other sources, as well.

**THE DIFFERENCES BETWEEN THE TWO CONSOLIDATED CASES**

Docket No. 99-550 L, being a royalty-collection case, and docket no. 00-169 L, being a trust fund management action, will necessarily and almost entirely involve different aspects of federal operations, different documents, different potential witnesses and, of special importance,

[2]It should be stressed that it was plaintiff's decision to file separately these two distinct actions, involving separate statutory and factual predicates. Defendants's attorney of record in Docket 99-550 L never consented to consolidation, nor does plaintiff's motion reflect that defense counsel agreed that consolidation had merit or that any motion to consolidate would not be opposed. When consulted on whether defendant would agree to an amended Docket 99-550 L Complaint, defendant's counsel indicated his opposition. He informed plaintiff's attorney that amendment would be inappropriate because the actions were separate claims involving separate factual and legal predicates. That is precisely the same basis on which defendant now opposes consolidation.

different statutory and regulatory authority. In essence, except for involving the same plaintiff and the same defendant, the two suits have nothing in common. This essential distinction is specifically acknowledged in plaintiff's own Motion to Amend and Consolidate and Brief in Support, filed herein on or about May 1, 2000, ¶¶ 1 and 2.[3]

***Differences in Controlling Statute and Regulation.***

Taking first the difference deemed the most significant, at least in defendant's view, the Court should consider the two separate statutory-regulatory schemes involved in a royalty-collection suit and in a trust funds management suit.

On their faces, the two Complaints in these cases make clear the two operative sets of laws at issue in each. In the royalty-collection suit, the Osage refer to and focus the issues on the Indian Mineral Leasing Act of 1938, 25 U.S.C. §§ 396-396g, as well as cite various oil and gas laws (Complaint, ¶¶ 6-7) and to federal oil and gas leasing regulations contained in 25 C.F.R. Part 226 (Complaint ¶¶ 8-9 and 13) and 30 C.F.R. Part 206 (Complaint, ¶ 17) because they are the legal structure governing Indian oil and gas issues generally or Osage oil and gas issues specifically.

In the new trust funds accounting suit, the Osage refer to and focus the issues on the Indian Trust Funds Management Act of 1994, 25 U.S.C. § 4011 and, more generally, 25 U.S.C. § 162a(d) (Complaint, ¶ 8).

---

[3]The points at issue concerning consolidation will, of course, be discussed herein, *infra*. Of immediate and central disagreement, however, are plaintiff's assertion in its Motion that "the two cases are extremely interrelated" (¶ 4) and that "consolidation, in fact, will conserve the judicial resources of Defendant" (¶ 5) and that "Defendant's counsel suggested a Motion to Consolidate would be. . . appropriate" (¶ 7).

The two statutory-regulatory structures deal with different Secretarial responsibilities, obviously quite distinct from one another. So distinct in fact that by Congressional decision, the responsibilities are carried out by two separate offices of the Department of the Interior – the Superintendent, Osage Agency, Bureau of Indian Affairs, for minerals and minerals royalty matters (25 C.F.R. Part 226) and the Office of Trust Funds Management, Office of the Special Trustee for American Indians ("OST/OTFM") for handling moneys already received into tribal accounts (U.S. Department of the Interior Manual,110 DM 28 (copy attached hereto is located at http://elips.doi.gov/ELIPS/toc/ACT_MAN.htm); *see also, e.g.*, 25 C.F.R. Part 1200).

***Differences in Management of the Presently Consolidated Cases.***

For purposes of this litigation, these two sets of separate federal responsibilities translate directly into two distinct case management tasks for both parties and for the Court itself. Arising under two different structures, the royalty-accounting case and the trust funds management case will quickly and permanently involve two different sets of documents and exhibits. Those papers produced by the Superintendent, Osage Agency, will not relate at all to the papers produced by the OST/OTFM. Thus, whatever discovery takes place and whatever exhibits are prepared will proceed as they would with two different cases. For the same reasons, the personnel knowledgeable in the two areas will be entirely different groups of people. Thus, the witnesses that may be deposed or eventually called will not be the same people in each case.

Given this condition, there is no reason to think that the cases will necessarily proceed on the same schedule, unless the progress on one is artificially halted awaiting completion of the other. Defendant submits that consolidation is wholly adverse to the general interests of judicial economy and may be prejudicial to the efficient resolution of the separate actions that have

separate attorneys of record for the defendant. Docket No. 99-550 L is already in the discovery stage, while the defendant has yet to receive a litigation report, yet alone file an answer in Docket No. 00-169 L. Indeed, defendant foresees on the not-too-distant horizon the further complicating specter of plaintiff moving to amend the two complaints in an attempt to fuse together distinct claims that the Osage initially chose to keep separate. Even if such an effort does not materialize, the consolidation itself forces into one proceeding two stand-alone actions that were not pled together originally and that involve varying jurisdictional issues, such as different statute of limitations periods.

Defendant reminds the Court that during the May 9, 2000, telephone status conference among the parties to both cases and the Court, plaintiff's counsel stated that when he filed Docket No. 99-550 L, he had not then been authorized by the Osage Nation to file the claims now present in Docket No. 00-169 L. Clearly, plaintiff itself viewed the cases as entirely different ones to such a degree that it first withheld approval of proceeding on the more recent filing.

Finally, and of great significance, given the two different areas of trust responsibility law in play here and the two different factual situations that certainly exist between royalty supervision by BIA over third-party oil and gas companies, on the one hand, and OST/OTFM management of funds directly and solely within that agency's own responsibility, it is almost impossible to conceive that the Court would be making findings of fact or rulings of law that would overlap. Therefore, the chance of two different judges reaching conflicting findings or rulings is virtually non-existent.

**CONCLUSION**

For the foregoing reasons, the Court should vacate its Order of March 5, 2000, and separate Docket Nos. 99-550 L and 00-169 L into two individual cases.

Dated this 26th day of May, 2000.

Respectfully submitted,

EDWARD J. PASSARELLI
Attorney of Record for Defendant in Docket No. 99-550 L
Telephone: (202) 305-0468

R. ANTHONY ROGERS
Attorney of Record for Defendant in Docket No. 00-169 L
RENITA Y. FORD

General Litigation Section
Environment and Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D. C. 20044-0663
Telephone: (202) 305-0483
Fax: (202) 305-8273/0506

Of Counsel:

Stephen Simpson
Attorney
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
Washington, D. C. 20240
Telephone: (202) 219-1659
Fax: (202) 208-3490

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2000, I caused the foregoing **Defendant's Motion to Reconsider Consolidation Order** to be served upon the attorney of record for the plaintiff by placing a copy in the United States Mail, first-class postage prepaid, addressed to:

Bradley D. Brickell, Esquire
Richard J. Gore, Esquire
Mahaffey & Gore
Two Leadership Square, Suite 1100
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 236-0478
Fax: (405) 236-1520

R. Anthony Rogers

R. ANTHONY ROGERS