**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE OSAGE NATION AND/OR TRIBE OF INDIANS OF OKLAHOMA, Plaintiff, | Electronically Filed: September 12, 2005 |
| v. | No. 00-169 L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, Defendant. | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR MODIFICATION OF APRIL 15, 2005 SCHEDULING ORDER**

Defendant submits this memorandum pursuant to the Court's September 1, 2005, Order[1/] and in opposition to Plaintiff's Motion for Modification of April 15, 2005, Scheduling Order ("Motion for Modification"). Despite efforts to meet and confer concerning Plaintiff's proposed modifications to the June 20, 2005, Scheduling Order, Plaintiff and Defendant were unable to agree on a revised schedule for submission to the Court.

As explained below, Plaintiff's proposal to extend the deadlines to file expert reports and complete expert discovery, without modifying any other discovery deadlines, will prejudice Defendant because it will not provide Defendant with adequate time to prepare for the meeting of counsel and to file Defendant's Memorandum of Contentions of Fact and Law. Further, good cause does not exist to grant an extension of the expert discovery schedule or to allow Plaintiff to depose Mr. Greg Chavarria[2/] for an additional day on September 1, 2005. On numerous occasions, Plaintiff

---

[1/] Although the Court has already considered Plaintiff's Motion, Defendant's oral opposition to Plaintiff's Motion, and has amended its June 20, 2005, Order, the Court directed Defendant to file a response to Plaintiff's Motion in order to memorialize representations made during a telephonic status conference held off the record on August 30, 2005.

[2/] Mr. Chavarria, a former employee and project manager at Arthur Andersen LLP, was designated by Defendant as an RCFC 30(b)(6) deponent in response to Plaintiff's Notice of Deposition, dated May 4, 2005, which requested that the Department of Interior designate a person to testify on its behalf concerning, in part, "the report prepared by Arthur Andersen LLP, entitled the 'U.S. Department of the Interior Bureau of Indian Affairs Tribal Trust Funds Reconciliation Project,' and (continued...)

and Plaintiff's counsel have received the Department of the Interior ("Interior") Tribal Trust Funds Reconciliation Project, Agreed Upon Procedures and Finding Report for Osage Nation of Oklahoma July 1, 1972 through September 30, 1992, prepared by Arthur Andersen LLP on behalf of Interior ("Reconciliation Report") and associated account statements and source documents. Plaintiff's counsel has already conducted extensive discovery relating to the Reconciliation Report, including a document inspection and a deposition in July 2002. In addition, Plaintiff did not receive documents from the parties' recent joint search at the American Indians Records Repository ("AIRR") from Defendant until August 2005 because Plaintiff did not provide Defendant with a list of missing tranche one documents until July 20, 2005, almost three weeks behind the schedule contemplated by the Court in the Court's June 20, 2005, Order.

## I. PLAINTIFF'S PROPOSED SCHEDULE WILL PREJUDICE DEFENDANT

Contrary to Plaintiff's assertions, Plaintiff's proposed schedule will prejudice Defendant because it will not provide Defendant with adequate time to prepare for the meeting of counsel and to file Defendant's Memorandum of Contentions of Fact and Law. Plaintiff has proposed to modify the expert discovery schedule as follows:

| | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiff's Expert Report | September 15, 2005 | October 6, 2005 |
| Defendant's Expert Report | October 20, 2005 | November 10, 2005 |
| Plaintiff's Rebuttal | November 10, 2005 | December 1, 2005 |
| Expert Discovery Cut Off | December 1, 2005 | December 22, 2005 |

Motion for Modification at 4.

As the Court is well aware, the meeting of counsel requires much time and planning by both

---

[2/](...continued)
relating to the period July 1, 1972 (fiscal year 1973) through September 30, 1992 (Fiscal Year 1992), including, but not limited to knowledge of any and all analysis, comments, discussions, or deliberations relating to this report."

parties. The meeting of counsel requires, in part, that the parties meet and accomplish the following: (a) exchange a list of all exhibits to be used in trial, including a description of the exhibits, and for summary exhibits, the sources for the items listed in the summary; (b) exchange a final witness list, including specific topics for each witness; (c) disclose the intention to file motions for leave to file deposition transcripts at trial; (d) disclose contentions as to fact and law; and (e) attempt to stipulate to facts and exhaust settlement options. *See* RCFC Appendix A ¶ 13.

Plaintiff's proposed schedule clearly does not provide Defendant with adequate time to prepare for the meeting of counsel. Under the current schedule, Defendant has two weeks after the completion of expert depositions to prepare for the meeting of counsel. Under Plaintiff's proposed schedule, however, expert depositions will not be completed until a week after the meeting of counsel. Defendant will not be able to finalize its exhibit list, witness list, or stipulate to facts at the meeting of counsel while expert depositions are still on-going. In addition, the proposed schedule only provides Defendant with two weeks, as opposed to five weeks under the current schedule, after the completion of expert reports to prepare for the meeting of counsel. Two weeks is simply not enough time for Defendant and Defendant's experts and consultants to digest all of the expert reports, conduct any necessary follow-up, and finalize all the items required at the meeting of counsel.

Plaintiff's proposed schedule also does not provide Defendant with sufficient time to prepare Defendant's responsive Memorandum of Contentions of Fact and Law ("Defendant's Memo") in accordance with RCFC Appendix A ¶ 14. Under the current schedule, Defendant has eight weeks after the completion of expert discovery to prepare Defendant's Memo as opposed to five weeks under Plaintiff's proposed schedule. Once again, this proposed schedule will give Defendant and Defendant's experts and consultants significantly less time, three weeks, to digest all of the expert discovery in preparation for Defendant's Memo. As the Court is aware, Defendant's Memo must set out a full and concise statement of the facts and a statement of the issues of fact to be resolved by the Court. *See* RCFC Appendix A ¶ 14. Defendant expects that expert discovery will play a

critical role for both parties in setting out the facts and issues of fact because of the historical nature of Plaintiff's claims.

## II. PLAINTIFF HAS FAILED TO ESTABLISH GOOD CAUSE TO MODIFY THE COURT'S JUNE 20, 2005, SCHEDULING ORDER

Plaintiff has failed to establish good cause to extend the deadlines to file expert reports and complete expert discovery. Plaintiff claims that good cause exists to extend the expert discovery schedule, in part, because the current schedule "does not provide the Osage Nation's experts adequate time to review the nineteen volumes of accounting detail that were recently explained by Mr. Chavarria or the documents that were produced as a result of the parties' joint search at the AIRR." Motion for Modification at 3. Plaintiff notes that the nineteen volumes, which were exhibits at Mr. Chavarria's deposition on August 15 and 17, are voluminous and complex, and Defendant produced the documents from the parties' joint search at the AIRR on August 10, 2005, and August 24, 2005. Motion for Modification at 2.

Plaintiff's reliance on the recent production of documents from the parties' joint search at the AIRR is without merit. Per the Court's June 20, 2005, Order, the parties expected that Plaintiff would review documents previously produced by Defendant and, on or before July 1, 2005, Plaintiff would complete its review and identify missing documents relevant to tranche one ("tranche one documents"). Plaintiff, however, did not provide Defendant with a list of missing tranche one documents until July 20, 2005, almost three weeks behind the schedule contemplated by the parties and the Court. This list was the essential first step in the parties' joint search at the AIRR for additional tranche one documents. As a result, Plaintiff delayed the joint search at the AIRR for additional tranche one documents, and any production of those documents from Defendant to Plaintiff, by almost three weeks.[3/]

---

[3/] During a telephonic status conference on August 30, 2005, Defendant indicated that it was still conducting a search for additional tranche one documents at the AIRR. In response, Plaintiff stated, and the Court concurred, that Defendant should only be able to admit additional tranche one documents at trial that Defendant had identified and produced to Plaintiff by September 1, 2005. (continued...)

Plaintiff's claim that good cause exists to extend expert discovery because of the volume and complexity of the nineteen notebooks of accounting statements produced for Mr. Chavarria's deposition is also without merit. As set out below, Plaintiff and Plaintiff's counsel did not just recently receive the Reconciliation Report and associated account statements and source documents included in the nineteen notebooks (exhibits) at Mr. Chavarria's deposition on August 15 and August 17, 2005. Rather, Plaintiff and Plaintiff's counsel have received these documents on numerous occasions in the past and Plaintiff's counsel has already conducted extensive discovery on the Reconciliation Report, including a document inspection and a deposition in July 2002. Plaintiff's previous receipt of the Reconciliation Report and related documents and discovery is as follows:

> In March 1996, Interior served Plaintiff with the Reconciliation Report, accompanying account statements, and end of year financial summary and detail of trust funds report for Fiscal years 1993, 1994, and 1995.
>
> Shortly after the filing of the Complaint in this case on March 31, 2000, Defendant produced to Plaintiff two boxes of documents and Compact Disks ("CDs") containing the Reconciliation Report Plaintiff previously received in March 1996.
>
> On December 22, 2000, in response to Plaintiff's interrogatories, Defendant again produced the Reconciliation Report to Plaintiff.
>
> On November 14, 2001, Defendant produced to Plaintiff the Reconciliation Report and account statements on CDs.
>
> In July 2002, over 1,000 boxes of Arthur Andersen LLP work papers and electronic files associated with the Reconciliation Project were made available for Plaintiff's inspection at a storage facility in Phoenix, Arizona. Plaintiff's counsel subsequently arranged for copying of 30-40 of these boxes.
>
> On July 18 and 19, 2002, Plaintiff's counsel deposed Bradley Preber, a former partner at Arthur Andersen LLP who was involved with the Reconciliation Project that resulted in the

---

[3/](...continued)
Defendant notes that it is currently reviewing documents from the AIRR for additional tranche one documents. In the event Defendant locates and produces additional tranche one documents to Plaintiff by September 20, 2005, Defendant expects to file a motion with the Court requesting that the Court allow Defendant to rely on and admit said documents at trial. Essentially, Defendant would contend that it should not be penalized by Plaintiff's 19-day delay in providing Defendant with a list of additional tranche one documents, and, in fact, the Court should grant Defendant an extension of time to produce additional tranche one documents commensurate with Plaintiff's delay in providing Defendant with the list, i.e., until September 20, 2005.

Reconciliation Report.

On December 2 and 3, 2003, Mr. Chavarria, from the firm Chavarria, Dunne, & Lamey LLC, on behalf of Interior, gave a presentation to Plaintiff and Plaintiff's counsel, explaining in detail the Reconciliation Report, including basic reconciliation, investment analysis, and fill the gap procedures. Plaintiff's counsel extensively questioned Mr. Chavarria at the presentation so that the presentation, in part, essentially became the equivalent of an off the record deposition.

On May 12, 2003, Defendant again produced the Reconciliation Report to Plaintiff's counsel and also produced a follow-up Reconciliation Report prepared by Chavarria, Dunne, & Lamey LLC.

On January 18, 2005, Defendant produced inventories of Arthur Andersen work papers associated with the Reconciliation Project located at a storage facility in Phoenix, Arizona**.**

In late April 2005, during Defendant's inspection of Plaintiff's records in Pawhuska, Oklahoma, Plaintiff produced two boxes that contained account statements associated with the Reconciliation Report.

## III. PLAINTIFF HAS FAILED TO ESTABLISH GOOD CAUSE TO DEPOSE GREG CHAVARRIA FOR AN ADDITIONAL DAY ON SEPTEMBER 1, 2005

Plaintiff has also failed to establish good cause to depose Mr. Chavarria for an additional day, on September 1, 2005. Plaintiff's counsel did not adequately take advantage of his opportunity to depose Mr. Chavarria on August 15 and 17, 2005. First, as set out above, Plaintiff had most, if not all, of the documents associated with the Reconciliation Report, and had conducted previous discovery, including depositions, well in advance of Mr. Chavarria's deposition. Second, Mr. Chavarria was made available as a deponent for the entire day of August 15 and half of the day on August 17. Plaintiff's counsel, however, did not begin the deposition until 11 a.m. on the first day and spent a substantial amount of time on the first day asking Mr. Chavarria basic identification questions about the documents contained in the nineteen notebooks. Third, Mr. Chavarria indicated a willingness to push his flight back on August 17 in order to continue the deposition, however, Plaintiff's counsel indicated, in any event, he would need to continue the deposition to another day in order to further digest the documents contained in the notebooks.

For all the foregoing reasons, Defendant recommends that the Court deny Plaintiff's Motion for Modification.

Respectfully submitted this 12th day of September, 2005,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division

*s/ Brett D. Burton*
BRETT D. BURTON
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0212
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

Martin J. LaLonde
Kevin Webb
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663

Stephen Simpson
Brenda Riel
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
MS 6456
Washington, D. C. 20240

Teresa E. Dawson
Senior Counsel
Office of Chief Counsel
Financial Management Services
U.S. Department of the Treasury
401 14th Street, S.W.
Room 552A
Washington, D.C. 20227